UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PB LEGACY, INC.,
and TB FOODS USA, LLC,

                Plaintiffs,

v.                                                                Case No. 2:17-cv-9-JES-NPM

AMERICAN PENAEID, INC. and
ROBIN PEARL,

                Defendants,

and AMERICAN MARICULTURE, INC.,

        Defendant/Counterclaimant,

v.

KENNETH GERVAIS,
RANDALL AUNGST, and
PB LEGACY, INC.,

          Counterclaim Defendants.

_____

**ORDER**

A jury trial in this nearly five-year-old, trade-secret-misappropriation action is specially set for November 1, 2021. (Doc. 354). And currently before the Court is Plaintiff TB Foods USA, LLC ("TB")'s motion to compel (Doc. 364), Defendants' response in opposition (Doc. 376), and TB's reply (Doc. 379). While TB filed this motion on September 27, 2021 (just five weeks before trial), it essentially complains

that Defendants failed to produce documents responsive to a first request for production served on **December 20, 2017**, a second request for production served on **February 22, 2019**, and a third request for production served on **May 22, 2019**, and that the Defendants also failed to provide updated information about their finances for use at trial.

Discovery in this action closed on September 3, 2019. (Doc. 204). And motions to compel filed after the discovery deadline are presumptively untimely. But because Defendants have agreed to provide updated information about their finances, and have no objection to providing certain board-meeting documents, TB's motion to compel is granted in part simply to set a deadline for the Defendants to produce these documents.

## I.   Procedural Background

The operative complaint in this action was filed on January 26, 2017. (Doc. 20). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, which directs the Court to issue an order limiting the time to complete discovery, the original case management and scheduling order (CMSO) set August 7, 2018, as the discovery deadline. (Doc. 75, p.1). In April 2018—four months after the service of TB's first request for production—the parties moved to amend the scheduling order. (Doc. 100). The motion represented that the parties were working cooperatively to resolve document production issues, but that witnesses in this dispute were scattered

throughout North America and Asia. Granting the motion, the Court pushed the discovery deadline back ten months to June 28, 2019. (Doc. 105).[1] Importantly, the Court's CMSOs expressly caution: "The Court may deny as untimely all motions to compel filed after the discovery deadline." (Doc. 75, p. 2; Doc. 105, p. 2).[2]

In April 2019—two months after the service of TB's second request for production—TB moved for a 30-day extension of its expert disclosure deadline from April 29, 2019, to May 29, 2019. Plaintiff sought the extension of time to allow for the review of genetic and breeding records concerning the shrimp at issue in this matter. (Doc. 170, p. 2). Opposing the motion, Defendants argued, among other things, that TB did not explain why it had failed to review the genetic and breeding records in the two years since the filing of the lawsuit. *Id*. Nevertheless, the Court granted the motion and pushed the discovery deadline back to July 22, 2019. (Doc. 170).

About one week after the service of TB's third request for production, the parties mediated on May 28, 2019. (Doc. 198). The next day, they jointly requested a 45-day extension of the discovery deadline. (Doc. 199). The parties explained that they had made substantial progress on their negotiations and that they wanted to

---

[1] The Court's May 24, 2018 scheduling order also explained that it wanted this action tried by December 2020; that is, within three years of its initiation. (Doc. 105, p.1).

[2] This same cautionary note is repeated verbatim in the parties' case management reports filed on February 24, 2017, April 30, 2018, and January 7, 2020. (Docs. 65, 104, 278).

capitalize on the good will and momentum by having their principals meet in Hong Kong in June 2019 to potentially resolve the matter. If that was unsuccessful, they would disclose and depose their respective experts during the summer of 2019, and discovery would close in early September. Granting the motion, the Court issued an amended CMSO providing for a discovery cutoff of September 3, 2019. (Doc. 204). The parties never requested, and the Court never provided another extension of this discovery deadline. So discovery closed more than two years ago.

Three months after the close of discovery, the parties filed a joint motion for status conference stating a "need to address several items that have arisen" and to "receive a determination from the Court as to whether the February [2020] trial cycle is still appropriate." (Doc. 264, p. 2). Notably missing from this joint motion is the mention of any outstanding document-production issues. (*See generally*, Doc. 264). At about the same time, a previously entered bankruptcy stay as to Counterclaim Defendant Randall Aungst was lifted (Doc. 267), so the Court directed the parties to confer and file a second amended case management report discussing any discovery issues and outlining a proposed schedule for future events in the case. (Doc. 268).

After the parties conferred, they jointly filed their second amended CMR on **January 7, 2020**. (Doc. 278). There, **the parties reported that discovery was complete**. (Doc. 278, p. 2). In fact, they reported that not only was their dispositive-motion practice complete, but that they had completed the process of meeting in

person to prepare their joint final pretrial statement. *Id.* Thus, according to the schedule proposed in the parties' second amended CMR, the only outstanding items as of January 7, 2020, were the filing of *Daubert* motions, other motions to exclude evidence, and the joint final pretrial statement; and then conducting the final pretrial conference.

Of particular relevance to resolving the instant motion, the parties' second amended CMR identified only two "[u]nresolved issues" for the Court to address: whether Aungst would be permitted to file a motion for summary judgment, and whether the trial should be reset for March or April of 2020 (Doc. 278, pp. 4-5). Given ample opportunity to do so and coming nearly eight months after the final request for production, no one raised any concerns in this CMR about any document-production issues. (Doc. 278, p. 4). In response to the CMR, the Court issued an order on January 8, 2020, resolving the two outstanding issues, providing deadlines for the unfinished tasks, and setting this action for trial in May 2020. (Doc. 279).

The Court conducted multiple status conferences in the nearly two years since, and due to the COVID-19 pandemic and for other reasons, the Court entered several orders resetting the trial term. (Docs. 298, 299, 322, 325, 337, 338, 352, 355). After all of that, TB now presents the Court with a motion to compel documents responsive to the requests it served in 2017 and 2019, and to compel the Defendants to

supplement their prior production with documents that have been created since, such as recent balance sheets and income statements.

## II.     TB's Three Requests for Production and the Current Motion to Compel

By TB's account, the Defendants produced tens of thousands of pages of documents in response to the first request for production. (Doc. 106, pp. 4-5). Mostly displeased with the form of production, TB filed a motion to compel in July 2018 (Doc. 106), and an amended motion in September 2018 (Doc. 124). Following conferences between the parties and additional productions by the Defendants, TB advised the Court on October 5, 2018, that it would file a second amended motion to compel if necessary. (Doc. 127). The Court gave TB until December 14, 2018, to do so (Doc. 129), but no motion was filed. Apparently, the parties had reached an accord (Doc. 364, p. 3), and TB believes the Defendants failed to fully honor it. But TB does not explain why any purported failure to abide by the accord could not have been presented to the Court prior to the September 2019 discovery deadline.

As for TB's second request for documents, the Defendants responded on March 25, 2019, and stated in part that certain responsive documents had been produced in response to TB's first request for documents. (Doc. 364, p. 4). TB claims this statement was false. But TB would have known this back in March 2019, and it makes no attempt to explain why it could not have presented this issue to the Court before the September 2019 discovery deadline.

And as for TB's third request for documents, the Defendants responded on August 9, 2019, and again, they stated in part that certain responsive documents had been produced in response to TB's first request. (Doc. 364, p. 4). TB claims this statement was false too. But TB would have known this in August 2019, and as with its other requests, it makes no attempt to explain why it could not have presented this issue to the Court before the September 2019 discovery deadline.

Apart from seeking the production of documents that TB could have moved to compel prior to the September 2019 discovery cutoff, the motion to compel also seeks the production of agendas and minutes for Defendants' board meetings held since that time, and Defendants' recent financial statements, such as balance sheets and income statements for their most recent fiscal year that ended on July 31, 2021.

Supported by a declaration from Robin Pearl—who is both an individual defendant in this action and a representative of the other two defendants, American Mariculture, Inc. ("AMI") and American Penaeid, Inc. ("API")—Defendants state that all responsive documents in their possession, custody, control have been produced; that no additional agendas or minutes for board meetings after 2019 exist because formal meetings were not held and such documents were not created; and that they have no objection to producing updated financial statements, but that the statements for their most recent fiscal year ending July 31 were not yet available as of October 5, 2021.

### III.   Legal Analysis

District courts have broad discretion when managing their cases to ensure a timely and orderly resolution. *Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). And the discovery deadline means what it suggests; namely, all discovery must be completed by that date. MIDDLE DISTRICT CIVIL DISCOVERY HANDBOOK at § I(F).

Suggesting that Defendants' initial disclosures served on April 20, 2017, are not consistent with Defendants' discovery responses served in 2018 and 2019, TB seeks to compel the production of documents responsive to its requests for breeding and genetic records concerning the shrimp at issue in this action, including DNA work conducted by a Dr. Perez, as well as documents responsive to its requests for records concerning the disposition of Plaintiff PB Legacy's shrimp (which led to the filing of this suit in January 2017). But TB could have presented these issues to the Court by December 14, 2018, as previously ordered (Doc. 129).[3] And while TB was aware in August 2019 of the purported shortcomings in Defendants' document production that it now complains of, it let the September 2019 discovery deadline pass without mentioning them to the Court. To the contrary, in January 2020, TB represented that discovery was complete. (Doc. 278). So with respect to documents

---

[3] While TB's second and third sets of requests for production were served in 2019, the subsequent requests for disposition, breeding, and genetic records share much in common with the requests contained in the first set.

like these, the motion to compel is exceedingly untimely (and inappropriately disruptive) and must be denied. *See Eli Research, LLC v. Must Have Info. Inc*. No. 2:13–cv–695–FtM–38CM, *1-2 (M.D. Fla. Aug. 6, 2015) (denying motion to compel filed three days after the discovery deadline; reasoning: "it is irrelevant whether the motion is filed three days or three weeks after the deadline. The motion is untimely.").

As for the agendas and minutes for board meetings, TB states it does not have any responsive documents for any meetings held after May 2019. The Defendants respond that "there are no board meeting minutes or agenda from post-2019 to produce." (Doc. 376-1, p. 4). This appears to leave a gap for any meetings held from June to December 2019, and Defendants interpose no objection to TB's request for them. So to the extent any such documents exist, the Defendants shall produce them.

Likewise, Defendants state they will "produce additional financial documents when they become available." (Doc 376, p. 8). Since their fiscal years end on July 31 each year, they must provide their financial statements for the 2019-2020 fiscal year if not already provided, and their financial statements for the 2020-2021 fiscal year as well.

Accordingly, TB Food's motion to compel is **GRANTED IN PART.** By **October 29, 2021**, the Defendants shall produce the agendas and minutes for any

board meetings conducted from June to December 2019, and the financial statements

for their 2019-2020 and 2020-2021 fiscal years ending July 31.

    **ORDERED** in Fort Myers, Florida on October 22, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE