UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PB LEGACY, INC.,
and TB FOODS USA, LLC,

          Plaintiffs,

v.                                                                                            Case No. 2:17-cv-9-JES-NPM

AMERICAN PENAEID, INC. and
ROBIN PEARL,

          Defendants,

and AMERICAN MARICULTURE,
INC.,

  Defendant/Counterclaimant,

v.

PB LEGACY, INC.,

    Counterclaim Defendant.
_____

# ORDER

      This nearly five-year-old, trade-secret-misappropriation action is specially set to be tried before a jury on November 1, 2021, with a final pretrial conference on October 26. (Docs. 354, 356). Eight days before the final pretrial conference, and more than four-and-a-half years after the filing of Defendants' answer (Doc. 81), Plaintiff TB Foods USA, LLC filed a motion to strike many of Defendants'

affirmative defenses (Doc. 388). Though in the final stages of trial preparation, Defendants expeditiously filed a response in opposition on Sunday, October 24 (Doc. 407).

The central thrust of Plaintiff's motion is that the Court's summary-judgment rulings nullified some of Defendants' affirmative defenses. The motion also takes issue with defenses that are more in the nature of denials, as well as Defendants' pleading of defenses that do not satisfy *Twiqbal*'s standard for pleading claims for relief. Notably, the presiding district judge in this matter squarely rejected the latter two objections less than two months ago in a case in which Plaintiff's counsel, Brian M. Gargano (who signed the motion here), is also counsel of record. *See American Mariculture, Inc. v. Syaqua Americas, Inc.*, Case No. 2:20-cv-711-JES-MRM, 2021 WL 3732915 (M.D. Fla. Aug. 24, 2021). And yet plaintiff counsel made no attempt to account for this ruling or distinguish the authorities on which it relied. Instead, it seems the preparation of the motion to strike included lifting passages from a similar motion filed in the Southern District of Florida because for these two points the motion cites only a handful of decisions from that district.

But the Court need not address the merits of Plaintiff's motion because it is untimely. Though the motion to strike cites Rule 12(f) of the Federal Rules of Civil Procedure, it turns a blind eye to the plain text of the rule, which expressly requires the filing of such a motion "within 21 days after being served with the pleading."

Fed. R. Civ. P. 12(f)(2). Defendants served their answer on April 6, 2017, and so Plaintiff had until April 27, 2017, to file this motion. It is more than four years late.

Nevertheless, Defendants state in their response that, "for housekeeping purposes, [they] withdraw affirmative defenses 13-26 and 95-107." (Doc. 407, p. 2). So to that extent, the motion is also moot. How the summary-judgment rulings shape the trial of the claims and defenses in this matter may otherwise be addressed during the final pretrial conference.

Accordingly, Plaintiff's motion to strike (Doc. 388) is **DENIED.**

**ORDERED** in Fort Myers, Florida on October 25, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE