```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

TB FOOD USA, LLC, a
Delaware Limited Liability
Company,

        Plaintiff,

v.                                   CASE NO.  2:17-cv-9-FtM-29NPM

AMERICAN MARICULTURE, INC.,
a Florida Corporation,
AMERICAN PENAEID, INC., a
Florida Corporation, and
ROBIN PEARL,

        Defendants.
_____

AMERICAN MARICULTURE, INC.,
a Florida Corporation,

        Counter-Plaintiff,
v.

PB LEGACY, INC., a Texas
Corporation, KENNETH GERVAIS,
and RANDALL AUNGST,

        Counter/Third-Party
        Defendants.
_____
```

## OPINION and ORDER

This matter comes before the Court on Plaintiff TB Food USA, LLC's Motion in Limine (Doc. #385) filed on October 14, 2021, and Counter/Third-Party Defendant PB Legacy, Inc.'s Motion in Limine (Doc. #387) filed on October 15, 2021. Defendants American Mariculture, American Penaeid, Inc., and Robin Pearl filed Responses (Docs. ##400, 401) to each motion on October 22, 2021.

The Motion by Plaintiff TB Food USA, LLC (TB Food) contains sixty-six requests in limine to prohibit defendants American Mariculture, American Penaeid, Inc., and Robin Pearl (collectively Defendants), and anyone associated with Defendants (i.e., counsel, witnesses, staff, or assistants), from mentioning or commenting to prospective or actual jurors about specified matters identified in the motion. (Doc. #385.) Counter/Third Defendant PB Legacy, Inc. (PB Legacy) submitted sixty-four such requests.[1] (Doc. #387).  In Response, Defendants set forth specific objections to TB Food and PB Legacy's requests, but also argue that many requests are better addressed by the Court on a case-by-case basis when, and if, any of issues come up during the trial and are met with contemporaneous objection. (Doc. #400, p. 3; Doc. #401, p. 3.)  The Court agrees with Defendants.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  These motions "are generally disfavored."

---

[1] According to TB Food, Defendants and PB Legacy are in agreement as to the requests made in motions numbered: 1-4, 6, 7, 12, 13, 16-18, 24, 52, and 66. (Doc. #385, pp. 2-20.) Similarly, PB Legacy identifies the following requests as ones that Defendants and TB Food are in agreement: (numbers) 1-4, 6, 7, 12, 13, 16, 17, 24, 51, and 64. (Doc. #387, pp. 2-17.) Defendants acknowledge that they have no real objection regarding these particular motions beyond their position that such issues would be better addressed at trial. (Doc. #400, p. 3; Doc. #401, p. 3.)

2

Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id. "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." McHale v. Crown Equip. Corp., No. 8:19-cv-707-VMC-SPF, 2021 U.S. Dist. LEXIS 194217, at *3 (M.D. Fla. Oct. 1, 2021) (citing LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)). Nor may "[a] party . . . use a motion in limine to sterilize the other party's presentation of the case." Johnson v. Gen. Mills Inc., 2012 U.S. Dist. LEXIS 199926, 2012 WL 13015023, *1 (C.D. Cal. May 7, 2012). Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence. See Campbell v. Briere, No. 6:17-cv-1036-Orl-TBS, 2018 U.S. Dist. LEXIS 136159, at *4 (M.D. Fla. Aug. 13, 2018).

 Upon careful review of TB Food and PB Legacy's motions, the Court finds there are numerous requests for which the Court cannot

reach a determination as to whether such evidence would be "inadmissible on all potential grounds." Acevedo, 317 F. Supp. 3d at 1192. Because motions in limine do "not lie to exclude broad categories of evidence" or "resolve substantive issues, test issues of law, or address or narrow the issues to be tried," the Court declines to make such evidentiary rulings at this time. Acad. of Motion Picture Arts & Scis. v. Godaddy.com, Inc., 2015 U.S. Dist. LEXIS 186633, 2015 WL 12697750, *2 (C.D. Cal. Apr. 10, 2015); McHale, 2021 U.S. Dist. LEXIS 194217, at *3; see, e.g., Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."); Wilkins v. K-Mart Corp., 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007) (Although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence.").  Thus, while the Court will deny the motions in limine, the Court makes no determination of the admissibility of any evidence or testimony, and the parties must raise objections at trial to any item they deem objectionable.

4

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff TB Food USA, LLC's Motion in Limine (Doc. #385) is **DENIED**.

2. Counter/Third-Party Defendant PB Legacy, Inc.'s Motion in Limine (Doc. #387) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of October, 2021.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record