```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

TB FOOD USA, LLC, a
Delaware Limited Liability
Company,

          Plaintiff,

v.                                Case No:  2:17-cv-9-FtM-29NPM

AMERICAN MARICULTURE, INC.,
a Florida Corporation,
AMERICAN PENAEID, INC., a
Florida Corporation, and
ROBIN PEARL,

          Defendants.
_____

AMERICAN MARICULTURE, INC.,
a Florida Corporation,

          Counter-Plaintiff,
v.

PB LEGACY, INC., a Texas
Corporation, KENNETH GERVAIS,
and RANDALL AUNGST,

          Counter/Third-Party
          Defendants.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of the defendants American Mariculture, Inc., American Penaeid, Inc., and Robin Pearl's Motion in Limine to Exclude Evidence of Speculative Damages (Doc. #383) filed on October 12, 2021. Plaintiff TB Food USA, LLC

filed a Response in Opposition (Doc. #406) on October 22, 2021. For the reasons set forth below, the motion is denied.

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). These motions "are generally disfavored." Acevedo v. NCL (Bah.) Ltd., 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). "Evidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." Id.

Additionally, as the Supreme Court has cautioned:

> The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.

Luce, 469 U.S. at 41-42. A denial of a motion in limine is not a ruling which affirmatively admits any particular evidence. See Campbell v. Briere, No. 6:17-cv-1036-Orl-TBS, 2018 U.S. Dist. LEXIS 136159, at *4 (M.D. Fla. Aug. 13, 2018). Thus, while a subject matter is not excluded, the Court makes no determination of the admissibility of any anticipated specific testimony from the witness.

Defendants American Mariculture, Inc., American Penaeid, Inc., and Robin Pearl (collectively Defendants) seek to exclude any evidence offered by plaintiff TB Food USA, LLC (Plaintiff) concerning "speculative damages." (Doc. #383.) Defendants note that in Count VII of the Amended Complaint, Plaintiff brings a Florida common law unfair competition claim that alleges Plaintiff suffered a "loss of profits" that unjustly enriched Defendants. (Id., p. 3; Doc. #20, ¶ 165.) Defendants, however, argue that because Plaintiff entered into an exclusive distributor agreement with the Haimao Group for the sale of Primo's broodstock into the China market, Plaintiff is not a competitor to AMI/API in China or anywhere else. (Doc. #383, pp. 4-5.) Thus, Defendant concludes that if AMI/API are selling to Haimao competitors, any loss claimed by Plaintiff is purely hypothetical. (Id., p. 5.)

Plaintiff responds that in Florida, anticipated profits of a business are generally considered speculative, but where a party can prove lost profits were the direct result of a defendant's actions and the amount of lost profits can be established with reasonable certainty, they may be recoverable. (Doc. #406, p. 3.) Plaintiff argues that determining lost profits is fact intensive and may only be properly determined by the factfinder at trial, upon a finding of liability and harm. (Id., p. 4.) Thus, Plaintiff argues that Defendants' motion is premature as it intends to

introduce evidence and testimony in support of its claim for lost profits at the upcoming trial. (Id.) The Court agrees with Plaintiff.

"In order for a business to recover lost prospective profits, it must prove not only that the defendant's action caused the damage but also that there is some standard by which the amount of damages may be adequately determined." KMS Rest. Corp. v. Wendy's Int'l, Inc., 194 F. App'x 591, 602 (11th Cir. 2006). Here, Defendants do not appear to take issue with there being some standard by which damages could be calculated, but rather dispute whether their action in this case caused damage to Plaintiff. Though Plaintiff may ultimately fail to prove lost profits to a reasonable certainty in light of its agreement with Haimao, the Court finds that it is premature to categorically disallow Plaintiff's evidence on this central issue. See Celler Law Org., Inc. v. Sony Pictures TV Inc., No. 13-61678-CIV, 2014 U.S. Dist. LEXIS 196539, at *4 (S.D. Fla. Apr. 12, 2014) (denying a motion in limine to exclude evidence of lost profit damages where the defendant claimed such damages were speculatory since Plaintiff was a new business and did not disclose expert testimony on the issue); see also Mehta v. Foskey, No. CV 510-001, 2013 U.S. Dist. LEXIS 67146, at *9 (S.D. Ga. May 10, 2013)(where defendants argued the plaintiff had an insufficient track record from which a jury

could base an award for lost profits, the court denied defendants' motion in limine and held that defendants were free to challenge sufficiency of such evidence at the trial).

Accordingly, Defendants' motion is denied. Because the Court makes no determination of the admissibility of any evidence or testimony, the parties must raise objections at trial to any item they deem objectionable.

Accordingly, it is hereby

**ORDERED:**

1. Defendants American Mariculture, Inc., American Penaeid, Inc., and Robin Pearl's Motion in Limine to Exclude Evidence of Speculative Damages (Doc. #383) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of October, 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record