# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware limited liability company,

Plaintiff,

v.   CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a Florida corporation, AMERICAN PENAEID, INC., a Florida corporation, and ROBIN PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a Florida corporation,

Counter-Plaintiff,

v.

PB LEGACY, INC., a Texas corporation.

Counter and Third-Party Defendant.
_____/

## PLAINTIFF TB FOOD USA, LLC'S OBJECTIONS TO DEFENDANTS' COUNTER-DESIGNATIONS OF TENG ZHOU'S DEPOSITION TESTIMONY DEFENDANTS' INTEND TO INTRODUCE AT TRIAL

Plaintiff, TB Food USA, LLC ("TB Food") respectfully files the following Objections to certain deposition testimony of Teng Zhou which Defendants intend in offer in counter to TB Food's deposition designations at trial in which commences on November 1, 2021:

| FROM | TO | OBJECTION |
|---|---|---|
| 15:18 | 15:20 | Erroneous translation. *See* 16:01 to 17:19. *See also* Interpreter's errata sheet attached hereto as Exhibit A. |
| 15:24 | 15:25 | The question was premised on an erroneous translation of the answer at 15:20 and the answer to this question was also erroneously translated at 16:20-16:21. *See also* Interpreter's errata sheet attached hereto as Exhibit A. |
| 16:20 | 16:21 | The answer was an erroneous translation and the question was premised on an erroneous translation of the answer at 15:20. *See also* Interpreter's errata sheet attached hereto as Exhibit A. |
| 37:19 | 37:24 | Lack of foundation, argumentative, assumes facts not in evidence as there is no literal translation in Mandarin of the English word "Primo". |
| 38:20 | 38:24 | Objection to the form of the question, as it misstates witness' prior testimony and answers. |
| 39:03 | 39:06, and 39:10 | Lack of foundation, lack of relevance, 39:10 lacks relevance. Outside the scope of direct. |
| 39:11 | 39:13, 39:17 | Lack of foundation, lack of relevance. Outside the scope of direct. |
| 39:18 | 39:23 | Lack of foundation, lack of relevance. Outside the scope of direct. |
| 40:02 | 40:17, 40:24 | Lack of foundation, lack of relevance, calls for speculation. Outside the scope of direct. |
| 40:25 | 40:25 | Lack of foundation, calls for speculation, and call for a legal conclusion. Outside the scope of direct. |
| 41:04 | 41:05, 41:09 | Lack of foundation, calls for speculation, and call for a legal conclusion. Outside the scope of direct. |
| 41:09 | 41:09 | Rule of optional completeness-needs to include 41:07-41:08. FED. R. EVID. 106. |
| 41:10 | 41:18 | Lack of foundation, calls for speculation, and call for a legal conclusion. Outside the scope of direct. |
| 41:19 | 41:25 | Lack of foundation, calls for speculation. Outside the scope of direct. Does not designate the answer to the question and as such the question by itself is not admissible as it will cause juror confusion. Rule of optional completeness-needs to include 41:04-41:08. FED. R. EVID. 106 |
| 42:16 | 42:18 | Lack of foundation, calls for speculation, argumentative, and counsel is testifying. |

|       |       |                                                                                                                                                                                                                                                                    |
|-------|-------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|       |       | Outside the scope of direct.                                                                                                                                                                                                                              |
| 42:21 | 42:25 | Lack of foundation, vague, calls for speculation, asked and answered and there is no pending question.                                                                                                                                                    |
| 43:01 | 43:09 | Lack of foundation, vague, calls for speculation, asked and answered.                                                                                                                                                                                     |
| 43:21 | 43:23 | Calls for speculation, mischaracterizes the witness's testimony. Does not designate the answer to the question and as such the question by itself is not admissible as it will cause juror confusion. Rule of optional completeness-needs to include 44:01. FED. R. EVID. 106. |
| 44:02 | 44:11 | Call for speculation, question was not directed to the attendees at the deposition and not the witness and is argumentative.                                                                                                                               |
| 44:12 | 45:01 | Question was not directed to the attendees at the deposition and not the witness and is argumentative.                                                                                                                                                    |

Respectfully submitted,

By: /s/ *Brian M. Gargano*
Brian M. Gargano
Nguyen and Chen LLP
11200 Westheimer Road, Suite 120
Houston, TX 77042
Phone: 832-767-0339
bgargano@nguyen-chen.com

and

Chené M. Thompson / FB# 541540
Pavese Law Firm
Post Office Box 1507
Fort Myers, Florida 33902-1507
Telephone No.: (239) 334-2195
Primary: CheneThompson@paveselaw.com
Secondary: KellyGermanis@paveselaw.com

*Counsel for Plaintiff TB Food USA, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 28th day of October, 2021 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

                                                                */s/ Brian M. Gargano*
                                                                  Brian M. Gargano