UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware
limited liability company,

Plaintiff,

v.                                            CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter-Plaintiff,

v.

PB LEGACY, INC., a Texas
corporation.

Counter and Third-Party Defendant.
_____/

**PLAINTIFF TB FOOD USA, LLC'S MOTION FOR JUDICIAL NOTICE, AND FOR THE COURT TO INSTRUCT THE JURY THAT IT MUST ACCEPT THE COURT'S FINDINGS OF FACT AND OF LAW SET FORTH IN THE COURT'S OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

By this motion, Plaintiff TB Food USA, LLC ("TB Food") asks this Court to take judicial notice of its findings of fact and statements made in its prior ruling in its Opinion and Order on Defendants Motion for Summary Judgment [Doc. # 306] ("the Summary Judgment Order"), so they can be introduced into evidence and shown to certain witnesses at trial. Moreover, TB Food

1

asks the Court to instruct the jury that it must accept and follow the Court's findings of fact and of law set forth in the Summary Judgment Order, and would show the Court as follows:

Rule 201 of the Federal Rules of Evidence allows the Court to "judicially notice a fact that is not subject to reasonable dispute because it [...] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* FED. R. EVID. 201(b)(2). Accordingly, courts may take judicial notice of public records including proceedings in its own docket. *See In re All American Semiconductor, Inc.*, 427 B.R. 559, 565 (S.D. Fla. 2010); *citing Universal Express, Inc. v. United States Sec. and Exch. Comm'n*, 177 Fed. Appx. 52, 2006 WL 1004381, at *2 (11th Cir. 2006).

Here, Plaintiff respectfully requests the Court to take judicial notice of its highly relevant findings of fact and statements made in its Summary Judgment Order, as these continue to govern the same issues in subsequent stages of this case, most notably the trial of this matter. *See Murphy v. F.D.I.C*, 208 F.3d 959, 966 (11th Cir. 2000). Specifically, Plaintiff intends to introduce the following findings of fact and statements from the Summary Judgment Order into evidence, and cite to and reference them when examining witnesses during the ongoing trial:

- "Since the NDA and the Grow-Out Agreement concern different subject matters, the Court finds that the Grow-Out Agreement does not supersede the NDA." [Doc. # 306, p. 22;

- "The form and substance of [the Term Sheet], however, are inconsistent with "the degree of formality attending similar contracts" intended to settle complex business disputes and litigation, and to terminate a contractual relationship involving hundreds of thousands of dollars." [*Id.,* p. 25];

- "It is clear that the contents of [the Term Sheet] fail to encompass all essential terms between Primo and AMI." [*Id.*, p. 26];

- "In addition, "the relationship of the parties" further demonstrates that the Term Sheet is lacking essential terms of a termination agreement." [*Id.*];

2

- "Yet [the Term Sheet] fails to state the legal consequences if Primo failed to remove its purported intellectual property from AMI's facility." [*Id.*, p. 27.];

- "The Court finds the Term Sheet is not an enforceable contract because it is lacking essential terms to the parties' alleged agreement." [*Id.*, p. 28.];

- "The Court finds no basis for concluding Defendants had a duty to inform potential Chinese customers in 2016 that only API was selling "real" Primo shrimp and that Primo was selling "fake" Primo shrimp." [*Id.,* p. 33].

Additionally, Plaintiff asks the Court to instruct the jury that it must accept and follow the same under the law of the case doctrine, especially given Defendants' brazen attempt to confuse the jury by referring to the Term Sheet as the Term Sheet agreement.

## LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Local Rule 3.01(g) Plaintiff's counsel, Brian M. Gargano certifies that he has conferred with Defendants' counsel Patrick O'Connor in person on November 4, 2021 in a good faith effort to resolve the issues raised by this motion. Defendants indicated that they have no issue to the Court's taking judicial notice of its findings in the Summary Judgment Order, but that Defendants' lodge an objection in order to preserve and avoid waiving their right to challenge any portion of the Summary Judgment Order on appeal.

DATED: November 4, 2021

Respectfully Submitted,

By: /s/ *Brian M. Gargano*
Brian M. Gargano (admitted *pro hac vice*)
Nguyen and Chen LLP
11200 Westheimer Road, Suite 120
Houston, TX 77042
Phone: 832-767-0339
bgargano@nguyen-chen.com

and

Chené M. Thompson / FB# 541540
Pavese Law Firm

> Post Office Box 1507
> Fort Myers, Florida 33902-1507
> Telephone No.: (239) 334-2195
> Primary: CheneThompson@paveselaw.com
> Secondary:  KellyGermanis@paveselaw.com
>
> *Counsel for Plaintiff TB Food USA, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document is being filed on this 4th day of November 2021 via electronic mail and/or the Court's CM/ECF filing system in accordance with Federal Rules of Civil Procedure and the Court's Local Rules, which will serve a copy electronically on all counsel of record.

> */s/ Brian M. Gargano*
> Brian M. Gargano

4