# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware
limited liability company,

Plaintiff,

v.                                                                CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida

corporation,

Counter Plaintiff,

v.

PB LEGACY, INC., a Texas
corporation.

Counter and Third-Party Defendant.
_____/

**PLAINTIFF TB FOOD USA, LLC'S BENCH BRIEF REGARDING DEFENDANTS' OBJECTIONS TO JURY INSTRUCTIONS BASED UPON ALLEGED INSUFFICIENCIES IN THE AMENDED COMPLAINT**

By this brief, Plaintiff TB Food USA, LLC ("TB Food") responds to Defendants' objections to jury instructions on the grounds that they were not pled in the Amended Complaint, and respectfully requests the Court overrule said objections for the following reasons:

Defendants object to numerous sections of the proposed jury instructions or to Plaintiff's proposed objections thereto solely on the grounds that they were purportedly not pled in the Amended Complaint. More specifically, Defendants' object to the inclusion of any reference to the underlying genetics to Primo's shrimp and to special damages, including lost profits as well as statutory damages including unjust enrichment and reasonable royalties, on the unavailing and disingenuous ground that they were not sufficiently stated in Plaintiff's Amended Complaint. Neither contention has merit.

    A. *The Amended Complaint Adequately Put Defendants on Notice of Its Claims*

To begin with, the Amended Complaint makes sufficiently states and references both shrimp genetics and damages. Turning first to damages, the Amended Complaint expressly included a cause of action for Unjust Enrichment based upon Defendants' misappropriation of Plaintiff's trade secrets. [Doc. # 20, at ¶¶ 172-175]. Moreover, following Defendants' motion for partial summary judgment, the Court found that this claim was pre-empted by Plaintiff's FUTSA claim, finding that it provided the "**exclusive remedy for the unjust enrichment caused by misappropriation of trade secrets**" under Florida law. [*See* Doc. # 135, at p. 10]. In addition, the Amended Complaint expressly included claims for lost profits and unjust enrichment on its unfair competition claim. [Doc. # 20, at ¶ 165].

As for genetics, the Amended Complaint is replete with references to the importance of the underlying genetics of its shrimp, including but not limited to:

- Primo has used the utmost care to preserve the confidentiality and proprietary nature of the genetic codes and cross-breeding strategies and outcomes for its unique families. Amended Complaint, [Doc. # 20, at ¶ 18].

- AMI breaches of the NDA and Grow-Out Agreement enabled it, through its wholly-owned subsidiary, API, to capitalize on the trade secrets embodied in Primo's genetically-superior broodshrimp and on the good name, reputation, and goodwill of Primo and its breeder shrimp. [*Id.* at ¶ 90].

- Defendants misappropriated numerous trade secrets belonging to Primo embodied in the genetic code of its living shrimp and the male and female breeder pairs of each shrimp broodstock family containing highly desirable production traits from different geographical areas that resulted in those broodstock animals having a high resistance to disease that are common in the shrimp brood community. [*Id.* at ¶ 129].

- Primo has used the utmost care to preserve the confidentiality and proprietary nature of the animals and genetic codes associated with Primo's premium broodstock. [*Id.* at ¶ 130].

- The breeder pairs shared with Pearl and AMI through the Grow-Out Agreement incorporated the confidential and proprietary genetic codes of the shrimp comprising Primo's premium broodstock developed over 15 years through hundreds of unique and carefully documented experimental cross-breedings from which the surviving brood was selected for further cross breedings. The genetic codes of the animals constituting Primo's proprietary broodstock cannot be naturally replicated. [*Id.* at ¶ 131].

- The breeder pairs of a single genetic family of shrimp constitute trade secrets of Primo. [*Id.* at ¶ 132].

- Defendants have misappropriated Primo's trade secrets following the termination of the Grow-Out Agreement on April 30, 2016 by acting in concert to effectuate a scheme involving [...] the aggressive breeding of hundreds of thousands of Primo's breeder shrimp from the initial genetic strains received by AMI under the Grow-Out Agreement. [*Id.* at ¶ 142].

As such, it is beyond reasonable dispute that the Amended Complaint more than adequately put Defendants on notice of Plaintiff's intention to have its claims encompass the genetics of its shrimp and of its damages theories.

B. *Rule 15(b)(2) Permits Trial of These Issues on Consent*

Even if, *arguendo*, this were not the case, Rule 15(b)(2) of the Federal Rules of Civil Procedure provides that that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Therefore, under Rule 15(b)(2), "a judgment may be based on an unpled issue as long as consent

to trial of the issue is evident." *Wizenberg v. Wizenberg (In re Wizenberg),* 849 F. App'x 775, 779-780 (11th Cir. 2021) (*citing Cioffe v. Morris*, 676 F.2d 539, 541 (11th Cir. 1982)).

To begin with, to the extent the issues to be tried are set forth in the Court's pre-trial order, they are deemed to have been tried on express consent. *Lanier Const. v. Carbone*, 253 F. App'x 861, 863 (11th Cir. 2007); *Regions Bank v. Hyman,* No. 8:09-CV-1841-T-17MAP, 2012 U.S. Dist. LEXIS 141577, at *9-12 (M.D. Fla. 2012).  Although a party's pleadings generally identify the dispute between two parties, "[t]he pre-trial order supersedes the pleadings and becomes the governing pattern of the lawsuit." *Kearney v. Auto-Owners Ins. Co.*, 422 F. App'x 812, 816 (11th Cir. 2011).  In addition, claims raised on summary judgment are considered to give sufficient notice to defendants for purposes of Rule 15(b)(2). *Wizenberg*, 849 F. App'x at 780. Here, Plaintiff's contention that it sought to assert claims based on Defendant's use of its shrimp genetics was expressly and repeatedly asserted both in its opposition to Defendant's summary judgment motion and in the pretrial statement.

For example, the parties' joint statement of uncontested issues of law as set forth in the pre-trial statement included findings that "***Primo's broodstock business was premised on knowledge of the underlying Primo shrimp genetics***, the manner in which its shrimp can be successfully bred for generations as broodstock, and the  manner in which "locked" pairs can be used to prevent customers from breeding such pairs as broodstock lines. The Court finds such information may qualify as being among the "all forms and types" of "business, scientific, technical, [and] economic [] information" under the Defend Trade Secrets Act. 18 U.S.C. § 1839(3),"The Court similarly finds such information to be a "method, technique, or process" that "[d]erives independent economic value . . . from not being generally known," as contemplated by the Florida Trade Secrets Act. Fla. Stat. § 688.002(4)," and "The Court held that "courts have

found 'goods' and underlying genetics to constitute trade secrets in analogous situations." [*See* Doc. # 405, pp. 20-21 (emphasis added). Similarly, issues regarding the underlying genetics of Primo shrimp and whether they can constitute a trade secret or other intellectually property was extensively briefed and decided by the Court in its decision on AMI's motion for summary judgment. [*See* Doc. # 306, pp. 36-38].

In addition, even if express consent was unavailable, which it is, Plaintiff's claims are still cognizable under Rule 15(b)(2) under the doctrine of implied consent. Implied consent will be found if the defendant had sufficient notice of the issue to give him a full opportunity on the issue and otherwise give him a fair opportunity to defend. *Wizenberg*, *supra*. Signficantly, there is no prejudice to the defendant if they are made aware of the issue before they present their case. *U.S. f/u/b/o Seminole Sheet Metal Co. v. SCI, Inc.*, 828 F.2d 671, 677 (11th Cir. 1987).

As Fed. R. Civ. P. 15(b)(2) allows trial of these issues they should be included in the jury instructions.

### C.  Plaintiff has Adequately Pled Damages

Special damages" are damages that are "unusual for the type of claim in question[, and] are not the natural damages associated with such a claim." *Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995). Moreover, lost profits are "normal" in contracts cases, and need not be specially pled. *Id; Eigles v. Kim, No.*, WDQ-07-2223, 2011 U.S. Dist. LEXIS 92075, at *33-34 (D. Md. 2011). Similarly in intellectual property infringement actions, particularly where the claims are statutory, lost profits, unjust enrichment, and reasonable royalty are not special damages but are one of the possible elements of "damages adequate to compensate for the infringement" *See Milgo Electronic Corp. v. United Business Communications, Inc.*, 623 F.2d 645, 663 (10th

Cir.) (per curiam), cert. denied, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980); *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

Even assuming said claimed damages were special damages, Courts have taken into consideration a parties' initial disclosures and subsequently produced discovery in determining whether there was a lack of notice and any actual prejudice has resulted from a lack of specificity in the complaint. *See, e.g., Mancil's Tractor Service, Inc. v. T&K Constr., LLC,* CASE NO. 15-80520-CIV-DIMITROULEAS/Snow, 2016 U.S. Dist. LEXIS 180891**5-6 (S.D.Fla. March 3, 2016); *Kafie v. Nw. Mut. Life Ins. Co.*, 834 F. Supp. 2d 1354, 1366 (S.D. Fla. 2011). Indeed, the court in *Leavitt v. Cole*, 291 F. Supp. 2d 1338 (M.D. Fla. 2003), emphasized that Rule 9(g) has been "perhaps the best means of ensuring that an unwitting defendant not be blindsided by claims for certain types of damages not explicitly pled," but that the requirement in Rule 26(a)(1)(C) on initial disclosures, including for damages, has nullified the purpose of Rule 9(g) somewhat. 291 F. Supp. 2d at 1344 n.6. As such, the Court must consider not only the allegations of damages in the pleadings, but also in the initial disclosures. *See Kafie*, 834 F. Supp. 2d 1354.

Here, Defendants have been readily placed on notice of Plaintiff's intent to seek damages, including special damages since the filing of the Rule 26 initial disclosures. *See* Plaintiff's Rule 26 initial and various supplemental disclosures, attached hereto as Ex. A. Moreover, Plaintiff also, as required by the local rules, set forth its damages theory in the Pretrial Statement, which explicitly stated its intention to seek damages for, *inter alia,* lost profits and unjust enrichment. [*See* Doc. # 405, at pp. 12-14].

Accordingly, damages, including special damages have been adequately pled and are properly included in the jury instructions.[1]

---

[1] In addition, should the Court find that these issues cannot be tried on consent, Plaintiff will move pursuant to Fed. R. Civ. P. 15(b)(1) to have the pleadings amended to conform to the evidence. Notably, given the ample notice that

Dated: November 13, 2021

                                        Respectfully submitted,

                                    By: /s/ *Brian M. Gargano*
                                          Brian M. Gargano
                                          NGUYEN AND CHEN LLP
                                          11200 Westheimer Road, Suite 120
                                          Houston, TX 77042
                                          Phone: 832-767-0339
                                          bgargano@nguyen-chen.com

                                          and
                                          Chené M. Thompson / FB# 541540
                                          PAVESE LAW FIRM
                                          Post Office Box 1507
                                          Fort Myers, Florida 33902-1507
                                          Telephone No.: (239) 334-2195
                                          Primary: CheneThompson@paveselaw.com
                                          Secondary: KellyGermanis@paveselaw.com

                                        *Counsel for Plaintiff TB Food USA, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 13th day of November, 2021 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

                                                          */s/ Brian M. Gargano*
                                                          Brian M. Gargano

---

Defendants are pursuing these claims, they would not be prejudiced by such an amendment. F*ive for Entm't S.A. v. Rodriguez*, No. 11-24142-CIV-SEITZ, 2014 U.S. Dist. LEXIS 113607 (S.D. Fla. Aug. 14, 2014)