UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

PRIMO BROODSTOCK, INC., a Texas
Corporation,

    Plaintiff,

v.                                                    CASE NO.: 2:17-cv-9-FtM-29CM

AMERICAN MARICULTURE, INC., a
Florida Corporation, AMERICAN PENAEID,
INC., a Florida Corporation, ADVANCED
HATCHERY TECHNOLOGY, INC., ROBIN
PEARL and CHARLES T. TUAN,

    Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida Corporation,

    Counter - Plaintiff,

v.

PRIMO BROODSTOCK, INC., a Texas
Corporation, KENNETH GERVAIS, and
RANDALL AUNGST,

    Counter- and Third-Party Defendants.
_____/

## PLAINTIFF'S RULE 26(a)(1)(A) INITIAL DISCLOSURES

    Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Primo Broodstock

("Plaintiff"), makes the following initial disclosures to the Defendants in this action.  These

disclosures are based upon the information reasonably available to the Plaintiff as of this date

and will be supplemented if further relevant information becomes available.  By making these

disclosures, Plaintiff does not represent that it is identifying every document, tangible thing, or

witness possibly relevant to this lawsuit.  Rather, Plaintiff has made a good faith effort to identify information subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(1)(A) as of the date these disclosures are made.  All of the disclosures set forth below are made subject to the above objections and qualifications.  Capitalized terms used herein and not otherwise defined shall have the meanings set forth in Plaintiff's Amended Complaint (Doc. #20).

Plaintiff's disclosures are made without in any way waiving: (1) its right to object to the use or admissibility of any information contained herein or any document or tangible thing on the grounds of competency, privilege, work-product doctrine, relevancy and materiality, hearsay, undue burden, or any other proper ground; (2) its right to object to the use or admissibility of any such information for any purpose, in whole or in part, at any subsequent stage or proceeding in this or any other action; and (3) its right to object on any and all grounds, at any time, to any other discovery request, involving or related to the subject matter of these disclosures.

1.      ***Rule 26(a)(1)(A)(i) Disclosures***.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), as presently advised and subject to further and ongoing discovery, the following individuals are likely to have discoverable information that the Plaintiff may use to support its claims or defenses:

a.      Mr. Randall Aungst
Address/Tel.:  c/o Plaintiff's counsel

Subjects of Information:  Plaintiff's broodstock lines and breeding history; actions and disputes by and among Plaintiff and American Mariculture, Inc. ("AMI"), relative to agreements between the parties, including the wind-down of grow-out operations between January and April 2016; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents undertaken in or after April 2016 in converting, misrepresenting, and marketing certain broodstock shrimp as the "real Primo" or as derivatives thereof.

b.      Mr. Kenneth B. Gervais
        Address/Tel.:  c/o Plaintiff's counsel

        <u>Subjects of Information</u>:  Plaintiff's broodstock lines and breeding and
        operating history; actions and disputes by and among Plaintiff and AMI
        relative to agreements between the parties and performance by the parties
        thereunder, including the wind-down of grow-out operations between
        January and April 2016.

c.      Mr. Roger Miller
        Address:   Farr, Farr, Emerich, Hackett, Carr &  Holmes, P.A.
                   99 Nesbit Street
                   Punta Gorda, Florida 33950
        Tel.:      941-639-1158

        <u>Subjects of Information</u>:  Actions and disputes by and among Plaintiff and
        Defendants relative to agreements between the parties, including litigation
        between the Plaintiff and AMI commencing in January 2016 and the
        wind-down of grow-out operations in after January 2016.

d.      Ms. Luting Wu
        Address/Tel.:  c/o Plaintiff's counsel

        <u>Subjects of Information</u>:  Plaintiff's broodstock lines and history;
        shipments of animals to AMI.

e.      Mr. Zhao Lei
        Address/Tel.:  c/o Plaintiff's counsel

        <u>Subjects of Information</u>:  The adverse impact on Plaintiff and its
        successor-in-interest of certain actions of Defendants and their agents in
        marketing certain broodstock shrimp in China as the "real Primo" or as
        derivatives thereof.

f.      Mr. Robin Pearl
        Address/Tel.:  c/o Defendants' counsel

        <u>Subjects of Information</u>:  Actions and disputes by and among Plaintiff and
        AMI relative to agreements between the parties and performance by the
        parties thereunder, including the wind-down of grow-out operations
        between January and April 2016; the adverse impact on Plaintiff or its
        successor-in-interest of certain actions of Defendants and their agents
        undertaken in or after April 2016 in converting, misrepresenting,
        marketing and selling certain broodstock shrimp as the "real Primo" or as
        derivatives thereof.

2. **_Rule 26(a)(1)(A)(ii) Disclosures_**.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), as presently advised and subject to further and ongoing discovery, the following is a description by category and location of all documents, electronically stored information, and tangible things that Plaintiff has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:

   a. _Document Category_:  Financial records and electronic communications relating to agreements between Plaintiff and AMI and performance by the parties thereunder.

   _Location_:  Kenneth Gervais, c/o Plaintiff's counsel; Randall Aungst, c/o Plaintiff's counsel

   b. _Document Category_:  Documents relating to Plaintiff's broodstock lines, including spawning records; shipping and animal records relating to business transactions by and between Plaintiff and AMI.

   _Location_:  Luting Wu, c/o Plaintiff's counsel.

   c. _Document Category_:  Documents relating to projected sales for Plaintiff or its successor-in-interest after April 30, 2016.

   _Location_:  Randall Aungst, c/o Plaintiff's counsel; Zhao Lei, c/o Plaintiff's counsel.

3. **_Rule 26(a)(1)(A)(iii) Disclosures_**.  Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), as presently advised and subject to further and ongoing discovery, the following is an initial computation of each category of damages claimed by Plaintiff.  The damage analysis by Plaintiff is ongoing and subject to expert evaluation:

   a. _Unjust Enrichment_:  Defendants were unjustly enriched as a result of the actions in converting, misrepresenting, marketing and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof.  These damages are calculated based on the revenues received by Defendants, which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter.

b.    _Lost Sales_:  The actions of Defendants and their agents in or after April 2016 in converting, misrepresenting, marketing and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof, unless enjoined, have caused and will cause Plaintiff or its successor-in-interest to lose broodstock sales.  Lost projected sales are projected as equivalent to the sales realized by Defendant American Penaeid, LLC, which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter unless the requested injunction is entered by the Court.

c.    _Other Damages_:  Losses were incurred by Plaintiff in connection with AMI's failure to provide optimum grow-out conditions as required by the Grow-Out Agreement, resulting in Plaintiff's inability to satisfy obligations under its sales contracts with third party buyers of Plaintiff's broodstock and leaving it vulnerable to potential damages in excess of $75,000.

d.    _Prejudgment Interest_:  Prejudgment interest is sought at the highest lawful legal rate allowed by law.

e.    _Punitive Damages_:  Punitive damages, including treble damages available under applicable law, are unliquidated, with such amounts to be determined by the trier of fact after all evidence has been presented.

f.    _Court Costs_:  These costs will be the actual court costs incurred, which costs will continue to accrue.

g.    _Reasonable Attorney's Fees_:  Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

h.    _Reasonable Expert Fees_:  Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

i.    _Equitable Relief_:  As may be appropriate and as determined by the court/trier of fact after presentation of evidence.

4.    **_Rule 26(a)(1)(A)(iv) Disclosures_**.  Not applicable.

[Remainder of Page Left Intentionally Blank]

Dated:  April 20, 2017                    By:   s/ Chené M. Thompson

                                                   Chené M. Thompson
                                                   Florida Bar No. 541540

Chené M. Thompson
Florida Bar No. 541540
PAVESE LAW FIRM
Post Office Drawer 1507
Fort Myers, Florida 33902-1507
Telephone  (239) 334-2195
Fax  (239) 332-2243
CheneThompson@PaveseLaw.com
KellyGermanis@PaveseLaw.com

-and-

By:   s/ Steve Jakubowski
Steve Jakubowski
Illinois Bar No. 6191960
Admitted *Pro Hac Vice*
Robert J. Trizna
Illinois Bar No. 3123760
Admitted *Pro Hac Vice*
ROBBINS, SALOMON & PATT, LTD.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
Telephone  (312) 456-0191
Fax  (312) 782-6690
sjakubowski@rsplaw.com
rtrizna@rsplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing **Plaintiff's Rule 26(a)(1) Disclosures** were served via email on Defendants' counsel of record on this 20th day of April, 2017.

s/ Steve Jakubowski

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware limited
liability company, and PB LEGACY, INC.,
a Texas corporation, Plaintiffs,

v.                                                    CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter-Plaintiff,

v.

PB LEGACY, INC., a Texas corporation,
KENNETH GERVAIS, and RANDALL
AUNGST.

Counter and Third-Party Defendants.
_____/

## PLAINTIFF'S RULE 26(a)(1)(A) INITIAL DISCLOSURES

Under Federal Rule of Civil Procedure 26(a)(1), Plaintiff PB Legacy, Inc. made its initial

disclosures to Defendants on April 20, 2017.  Plaintiff TB Food USA, LLC, ("TB Food") as a

successor in interest to certain assets of PB Legacy, Inc., through its undersigned counsel, makes

the following supplemental disclosures to Defendants in the above-referenced matter. These

disclosures are based on information presently known and reasonably available to TB Food and

which TB Food reasonably believes it may use in support of its claims and defenses.  Continuing

investigation and discovery may cause TB Food to amend these initial disclosures, including by

identifying other potential witnesses, documents and by disclosing other pertinent information. By providing these supplemental disclosures, TB Food does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without TB Food in any way waiving its rights to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by TB Food regarding any matter. Each and every disclosure set forth below is subject to the above qualifications and limitations.

> ***(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;***

1.      Corporate Representative of TB Food
        C/O Brian M. Gargano
        NGUYEN & CHEN, LLP
        11200 Westheimer Road
        Suite 120
        Houston, Texas 77042
        Tel: (832) 767-0339
        Fax: (832) 767-0669

        Susan K. Spurgeon
        PENNINGTON, P.A.
        2701 N. Rocky Point Drive, Suite 900
        Tampa, Florida 33607
        Tel: 813-639-9599

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial

information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

2.      Carlos Massad (Managing Director of Primo Broodstock USA LLC)
        C/O Brian M. Gargano
        NGUYEN & CHEN, LLP
        11200 Westheimer Road
        Suite 120
        Houston, Texas 77042
        Tel: (832) 767-0339
        Fax: (832) 767-0669

        Susan K. Spurgeon
        PENNINGTON, P.A.
        2701 N. Rocky Point Drive, Suite 900
        Tampa, Florida 33607
        Tel: 813-639-9599

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

3.      Robin Pearl (Defendant and CEO of AMI/API)
        C/O Melville G. Brinson III
        MELVILLE G. BRINSON III, P.A.
        8359 Stringfellow Road
        St. James City, Florida 33956
        Tel: (239) 282-0551
        Fax: (239) 282-0515

        Patrick J. O'Connor
        HARPER MEYER PEREZ HAGEN
        O'CONNOR ALBERT & DRIBIN LLP

201 South Biscayne Boulevard, Suite 800
Miami, Florida 33131
Tel: (305) 577-3443
Fax: (305) 577-9921

Knowledge as to the events and claims alleged in the Amended Complaint including but not limited to Defendants' conspiracy, scheme and actions to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad.

4.   Jerry Beck (Director of Defendant AMI and API)
     C/O Melville G. Brinson III
     MELVILLE G. BRINSON III, P.A.
     8359 Stringfellow Road
     St. James City, Florida 33956
     Tel: (239) 282-0551
     Fax: (239) 282-0515

     Patrick J. O'Connor
     HARPER MEYER PEREZ HAGEN
     O'CONNOR ALBERT & DRIBIN LLP
     201 South Biscayne Boulevard, Suite 800
     Miami, Florida 33131
     Tel: (305) 577-3443
     Fax: (305) 577-9921

Knowledge as to the events and claims alleged in Plaintiff's Complaint, including but not limited to: Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; the corporate decisions he made on Defendants' behalf; Defendants' business dealings with Primo; Defendants' business and corporate structure; Defendants' sales and marketing data; and communications with Defendants in furtherance of Defendants' scheme.

5.   Kenneth B. Gervais (Third Party Defendant and former Primo President)
     C/O Chené M. Thompson
     PAVESE LAW FIRM
     Post Office Drawer 1507
     Fort Myers, Florida 33902-1507
     Tel: (239) 334-2195
     Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants' counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and operating history; discussions with Defendants regarding any agreement or alleged

4

agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged agreements; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

6.      Randall Aungst (Third Party Defendant and former Primo VP)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants' counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and operating history; discussions with Defendants regarding any agreement or alleged agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged agreements; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

7.      Roger Miller (former counsel for PB Legacy Inc.)
        Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A.
        99 Nesbit Street
        Punta Gorda, Florida 33950
        Tel: 941-639-1158

Knowledge as to actions and disputes by and among Plaintiff and Defendants relative to agreements and discussion about potential agreements between the parties, including litigation between the Plaintiff and Defendants commencing in January 2016 and the wind-down of grow-out operations in late 2015 and early 2016.

8.      Charles Tuan (Agent of Pearl and API)
        1021 Crocker Ave,
        Daly City, CA 94104
        or
        623 Southgate Ave
        Daly City, CA 94105

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship

and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off'" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

9.   John Wu (Agent of Pearl and API and associate of Tuan)
     **China, but as it is believed he is an agent and/or employee of Defendants and the best contact information is:**
     C/O Melville G. Brinson III
     MELVILLE G. BRINSON III, P.A.
     8359 Stringfellow Road
     St. James City, Florida 33956
     Tel: (239) 282-0551
     Fax: (239) 282-0515

     Patrick J. O'Connor
     HARPER MEYER PEREZ HAGEN
     O'CONNOR ALBERT & DRIBIN LLP
     201 South Biscayne Boulevard, Suite 800
     Miami, Florida 33131
     Tel: (305) 577-3443
     Fax: (305) 577-9921

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off'" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

10.   Tim Morris (Biologist of API)
      C/O Melville G. Brinson III
      MELVILLE G. BRINSON III, P.A.
      8359 Stringfellow Road
      St. James City, Florida 33956
      Tel: (239) 282-0551
      Fax: (239) 282-0515

      Patrick J. O'Connor
      HARPER MEYER PEREZ HAGEN
      O'CONNOR ALBERT & DRIBIN LLP
      201 South Biscayne Boulevard, Suite 800
      Miami, Florida 33131
      Tel: (305) 577-3443
      Fax: (305) 577-9921

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

11.     Neil Gervais (former Employee of Primo Broodstock Inc.)
        Wilfort Inc
        1134 Shillington Dr.
        Katy, TX 77450
        Email: **ecneil2@yahoo.com**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

12.     John Michael Mogollon (Former CTO and Co-founder of AMI)
        Earthcare Aquaculture Inc
        4334 Fox Ridge Dr
        Weston, FL 33331
        Tel: 863-599-0603
        Email: jmmogollon@earthcareaquaculture.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal

Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

13.     Carlos Elizalde (Former Employee of Primo Broodstock Inc.)
        **TBD**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

14.     Franklin Perez
        General Manager
        ONELABT SA
        Avenida Tercera y Calle Tercera, Ballenita
        Santa Elena
        Ecuador
        Mobile: +(59) (399-2217-923)
        Office: +(59) (342-9531-87)
        Alt: +(011) (59) (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)
        franklin_perez_u@yahoo.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

15.     Mike Scott

8

Earthcare Aquaculture Inc
4334 Fox Ridge Dr
Weston, FL 33331
Tel: 863-599-0603

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

16.    Lu-Ting Wu
6619 Taylor Park Ln.
Katy, TX 77449
Email: animalsevolve@gmail.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

17.    Any and all persons initially designated by Defendants, or subsequently designated by Plaintiff or Defendants, to which reference is here made.

***(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;***

Responsive documents are being provided to Defendants under separate cover including but not limited via thumb-drive, email and/or other electronic means.  Plaintiff will supplement in accordance with the Federal and Local Rules.

***(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the***

*nature and extent of injuries suffered; and*

Plaintiff has suffered damages as a result of Defendants' unlawful conduct as described in the Amended Complaint.

a. *Lost Sales/Lost Economic Opportunities, ect.*: The actions of Defendants and their agents late 2015 and thereafter in converting, usurping, and misappropriating Plaintiff's or its successor-in-interest property, intellectual property and trade secrets as well as misrepresenting, marketing, trading off and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof causing and continuing to cause Plaintiff or its successor-in-interest to lose broodstock and PL sales, economic opportunities, as well as diminution of Primo's name and goodwill, and consequential damages.  Lost projected sales are estimated at minimum to be equivalent to the sales realized by Defendant American Penaeid, LLC, which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. Plaintiff should also receive disgorgement of the profits Defendants unlawfully received from their wrongdoings as well as their willful violation of the Preliminary Injunction.  Moreover, detailed calculation of the damages described above is not possible at this time as further discovery of Defendants' sales and profits are needed.  Additionally, expert analysis of the Chinese market must be conducted, and the precise calculation of damages will require expert analysis.  As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

b. *Trade Secret Misappropriation*: Defendants were unjustly enriched as a result of the actions in converting and misappropriating Plaintiff's trade secrets as well as Defendants' wrongful conduct in misrepresenting, marketing and selling certain  broodstock shrimp as the "real Primo" or as derivatives thereof.  Thus, the increased value of Defendants' company and assets which it achieved via the unlawful and unjust means stated herein is at minimum the amount Defendants were unjustly enriched due to their wrongdoing including but not limited to trade secret misappropriation. These damages are calculated based on the financials and valuation of Defendants, as well as Defendants' sales in China which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery of Defendants' financial statements and unlawful sales in China needs be conducted.  Additionally, the precise calculation of damages and valuation of Defendants' company will require expert analysis.  As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

c. *Other Damages*: Losses were incurred by Plaintiff in connection with AMI's failure to provide optimum grow-out conditions as required by the

Grow-Out Agreement, resulting in Plaintiff's inability to satisfy obligations under its sales contracts with third party buyers of Plaintiff's broodstock and leaving it vulnerable to potential damages in excess of $75,000. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery is needed and the precise calculation of damages will require expert analysis.  As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

d. *Prejudgment Interest*: Prejudgment interest is sought at the highest lawful legal rate allowed by law.

e. *Punitive Damages*: Punitive damages, including treble damages available under applicable law, are unliquidated, with such amounts to be determined by the trier of fact after all evidence has been presented.

f. *Court Costs*: These costs will be the actual court costs incurred, which costs will continue to accrue.

g. *Reasonable Attorney's Fees*: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

h. *Reasonable Expert Fees*: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

i. *Equitable Relief*: As may be appropriate and as determined by the court/trier of fact after presentation of evidence.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is not aware of any at this time.

Respectfully Submitted,

By: /s/ *Brian M. Gargano*
    Brian M. Gargano
    Nguyen and Chen LLP
    11200 Westheimer Road, Suite 120
    Houston, TX 77042
    Phone: 832-767-0339
    bgargano@nguyen-chen.com

    and

11

Susan K. Spurgeon
Florida Bar No. 0478229
Pennington, P.A.
2701 N. Rocky Point Drive, Suite 900
Tampa, Florida 33607
Phone: 813-639-9599
susan@penningtonlaw.com
playton@penningtonlaw.com
*Counsel for Plaintiff TB Food USA, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed and forwarded to counsel for all parties listed below in accordance with the Federal Rules of Civil Procedure and the District's ECF service rules on this 22nd day of April 2019.

MELVILLE G. BRINSON III
**MELVILLE G. BRINSON III, P.A.**
8359 Stringfellow Road
St. James City, Florida 33956
Telephone: (239) 282-0551
Facsimile: (239) 282-0515
brinson@afblaw.com

PATRICK J. O'CONNOR
**HARPER MEYER PEREZ HAGEN
O'CONNOR ALBERT & DRIBIN LLP**
201 South Biscayne Boulevard, Suite 800
Miami, Florida 33131
Telephone: (305) 577-3443
Facsimile: (305) 577-9921
clgroup@harpermeyer.com;
pjoconnor@harpermeyer.comsj

CHENÉ M. THOMPSON
**PAVESE LAW FIRM**
Post Office Drawer 1507
Fort Myers, Florida 33902-1507
Telephone: (239) 334-2195
Facsimile: (239) 332-2243
chenethompson@PaveseLaw.com
matthewroepstorff@pavese.com
kellygermanis@PaveseLaw.com

STEVE JAKUBOWSKI
Admitted *Pro Hac Vice*
**ROBBINS, SALOMON & PATT, LTD**.
180 North LaSalle, Suite 3300
Chicago, Illinois 60601
Telephone: (312) 456-0191
Facsimile: (312) 782-6690
sjakubowski@rsplaw.com

*/s/Brian M. Gargano*
Brian M. Gargano

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware limited
liability company, Plaintiff,

v.                                             CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter-Plaintiff,

v.

PB LEGACY, INC., a Texas corporation,

Counter and Third-Party Defendant.
_____/

### PLAINTIFF'S RULE 26(a)(1)(A) THIRD SUPPLEMENTAL DISCLOSURES

Plaintiff TB Food USA, LLC, ("TB Food") as a successor in interest to certain assets of PB

Legacy, Inc., through its undersigned counsel, makes the following second supplemental

disclosures to Defendants under Federal Rule of Civil Procedure 26(a)(1) in the above-referenced

matter.  These disclosures are based on information presently known and reasonably available to

TB Food and which TB Food reasonably believes it may use in support of its claims and defenses.

Continuing investigation and discovery may cause TB Food to amend these initial disclosures,

including by providing these supplemental disclosures, TB Food does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without TB Food in any way waiving its rights to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by TB Food regarding any matter. Each and every disclosure set forth below is subject to the above qualifications and limitations.

> *(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;*

1. Corporate Representative of TB Food
   C/O Brian M. Gargano
   NGUYEN & CHEN, LLP
   11200 Westheimer Road
   Suite 120
   Houston, Texas 77042
   Tel: (832) 767-0339
   Fax: (832) 767-0669

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial

information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

2.  Carlos Massad (Managing Director of Primo Broodstock USA LLC)
    C/O Brian M. Gargano
    NGUYEN & CHEN, LLP
    11200 Westheimer Road
    Suite 120
    Houston, Texas 77042
    Tel: (832) 767-0339
    Fax: (832) 767-0669

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

3.  Robin Pearl (Defendant and CEO of AMI/API)
    C/O Melville G. Brinson III
    MELVILLE G. BRINSON III, P.A.
    8359 Stringfellow Road
    St. James City, Florida 33956
    Tel: (239) 282-0551
    Fax: (239) 282-0515

    Patrick J. O'Connor
    **O'CONNOR HERNANDEZ &**
    **ASSOCIATES, P.A.**
    **999 Brickell Avenue, Suite 740**
    **Miami, Florida 33131**
    **Tel: (786) 628-7542**

Knowledge as to the events and claims alleged in the Amended Complaint including but not limited to Defendants' conspiracy, scheme and actions to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad.

4.      Jerry Beck (Director of Defendant AMI and API)
        C/O Melville G. Brinson III
        MELVILLE G. BRINSON III, P.A.
        8359 Stringfellow Road
        St. James City, Florida 33956
        Tel: (239) 282-0551
        Fax: (239) 282-0515

        Patrick J. O'Connor
        **O'CONNOR HERNANDEZ &**
        **ASSOCIATES, P.A.**
        **999 Brickell Avenue, Suite 740**
        **Miami, Florida 33131**
        **Tel: (786) 628-7542**


Knowledge as to the events and claims alleged in Plaintiff's Complaint, including but not limited to: Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; the corporate decisions he made on Defendants' behalf; Defendants' business dealings with Primo; Defendants' business and corporate structure; Defendants' sales and marketing data; and communications with Defendants in furtherance of Defendants' scheme.

4

5.      Kenneth B. Gervais (**Former** Third-Party Defendant and former Primo
        President)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants'
counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and
operating history; discussions with Defendants regarding any agreement or alleged
agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and
fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged
agreements; all actions and disputes by and among Plaintiff and Defendants including those
arising under any agreement between the parties and the performance by the parties
thereunder, including but not limited to the wind-down of grow-out operations between
December 2015 and April 2016.

6.      Randall Aungst (**Former** Third-Party Defendant and former
        Primo VP)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants'
counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and
operating history; discussions with Defendants regarding any agreement or alleged
agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and
fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged
agreements; all actions and disputes by and among Plaintiff and Defendants including those
arising under any agreement between the parties and the performance by the parties
thereunder, including but not limited to the wind-down of grow-out operations between
December 2015 and April 2016.

7.      Roger Miller (former counsel for PB Legacy Inc.)
        Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A.
        99 Nesbit Street
        Punta Gorda, Florida 33950
        Tel: 941-639-1158

Knowledge as to actions and disputes by and among Plaintiff and Defendants relative to agreements and discussion about potential agreements between the parties, including litigation between the Plaintiff and Defendants commencing in January 2016 and the wind-down of grow-out operations in late 2015 and early 2016.

8.   Charles Tuan (Agent of Pearl and API)
     1021 Crocker Ave,
     Daly City, CA 94104
     or
     623 Southgate Ave
     Daly City, CA 94105

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

9.   John Wu (Agent of Pearl and API and associate of Tuan)
     **China, but as it is believed he is an agent and/or employee of Defendants and
     the best contact information is:**
     C/O Melville G. Brinson III
     MELVILLE G. BRINSON III, P.A.
     8359 Stringfellow Road
     St. James City, Florida 33956
     Tel: (239) 282-0551
     Fax: (239) 282-0515

     Patrick J. O'Connor
     **O'CONNOR HERNANDEZ &
     ASSOCIATES, P.A.
     999 Brickell Avenue, Suite 740
     Miami, Florida 33131
     Tel: (786) 628-7542**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

6

10.     Tim Morris (Biologist of
        API) C/O Melville G. Brinson
        III
        MELVILLE G. BRINSON III, P.A.
        8359 Stringfellow Road
        St. James City, Florida 33956
        Tel: (239) 282-0551
        Fax: (239) 282-0515

        Patrick J. O'Connor
        **O'CONNOR HERNANDEZ &**
        **ASSOCIATES, P.A.**
        **999 Brickell Avenue, Suite 740**
        **Miami, Florida 33131**
        **Tel: (786) 628-7542**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

11.     Neil Gervais (former Employee of Primo Broodstock
        Inc.) Wilfort Inc
        1134 Shillington Dr.
        Katy, TX 77450
        Email: **ecneil2@yahoo.com**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including

those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

12.     John Michael Mogollon (Former CTO and Co-founder of
        AMI) Earthcare Aquaculture Inc
        4334 Fox Ridge Dr
        Weston, FL 33331
        Tel: 863-599-0603
        Email: jmmogollon@earthcareaquaculture.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

13.     Carlos Elizalde (Former Employee of Primo Broodstock Inc.)
        **TBD**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

14.   Franklin Perez
      General Manager
      ONELABT SA
      Avenida Tercera y Calle Tercera, Ballenita
      Santa Elena
      Ecuador
      Mobile: +(59) (399-2217-923)
      Office: +(59) (342-9531-87)
      Alt: +(011) (59) (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)
      franklin_perez_u@yahoo.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

15.   Mike Scott
      Earthcare Aquaculture Inc
      4334 Fox Ridge Dr.
      Weston, FL 33331
      Tel: 863-599-0603

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

16.   Lu-Ting Wu
      6619 Taylor Park
      Ln.
      Katy, TX 77449
      Email: animalsevolve@gmail.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the

AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

17.    Dr. Chunde ("Bill") Yan, Esq. (Primo Broodstock USA's outside counsel in China)
       Beijing Unitalen Attorneys at Law
       Address: 22 Jianguomen Outer St (Jian Wai Da Jie),
       Chaoyang District, Beijing, China, 100023
       Phone: +86 10 8511 3757
       Email: chunde.yan@unitalen.com

Knowledge as to the events and claims alleged in Defendants' response and sur-reply papers (along with the attendant exhibits and affidavits and declarations) submitted in opposition to Plaintiff's Motion for Order to Show Cause, including but not limited to the "Chinese Language Issues;" Plaintiffs, Haimao and Primo's name and reputation in the Chinese shrimp broodstock market; Defendants' actions in unfairly competing against Plaintiffs; Chinese trademark and unfair competition law; the Chinese legal proceedings and Primo Broodstock USA LLC's challenge to Wudi Tenafly Agriculture Co. Ltd.'s wrongfully and fraudulently filed and obtained trademark of "Pu Rui Mo" in China; Wudi Tenfly's improper grant of the right for Defendants' and Defendants' customers to use the "Pu Rui Mo" mark to market and associate Defendants' shrimp in China with the real Primo; and Defendants and Defendants' customers' action(s) and inaction(s), including but not limited to the marketing and associating of Defendants' shrimp with "Pu Rui Mo" as it is substantially similar to "Pu Li Mao" which has and continues to cause a high likelihood of confusion in the Chinese market as to which shrimp is the legendary and real Primo.

18.    Any and all persons initially designated by Defendants, or subsequently designated by Plaintiff, Defendants, or Third-Party Defendants to which reference is here made.

*(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;*

Responsive documents were provided to Defendants previously under separate cover in accordance with FRCP 26 and 34 including but not limited via thumb-drive, email and/or other electronic means.  **Moreover, Plaintiff hereby supplements and discloses the information and/or documents as follows:**

**http://www.primobroodstock.com/**

**https://penaeid.com/**

**https://shrimpinsights.com/**

**TBSUPP3000001 to TBSUPP3000054 via DB at**

https://www.dropbox.com/sh/gd3kvchv1ince9b/AABrCInfuqMvSaP5NEOd3Rmaa?dl=0

Plaintiff will supplement in accordance with the Federal and Local Rules.

>   *(iii)a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and*

Plaintiff has suffered damages as a result of Defendants' unlawful conduct as described in the Amended Complaint.

a.   *Lost Sales/Lost Economic Opportunities, ect.*: The actions of Defendants and their agents late 2015 and thereafter in converting, usurping, and misappropriating Plaintiff's or its successor-in-interest property, intellectual property and trade secrets, as well as misrepresenting, marketing, trading off and selling certain broodstock shrimp as the "real Primo" or as derivatives **all of which breached the NDA and GOA**, thereof causing and continuing to cause Plaintiff or its successor-in-interest to lose broodstock and PL sales, economic opportunities, as well as diminution of Primo's name and goodwill, and consequential damages. Lost projected sales are estimated at minimum to be equivalent to the sales realized by Defendant American Penaeid, LLC, which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. **However, Defendants have refused to supplement under FRCP 26 and 34, and Plaintiff will now have to move to compel production of AMI and API's updated financial data and records in order to update the calculation which as previously disclosed is based upon the sales realized from Defendant API and increased earnings and profit from AMI as a result of API's sales which based upon the financials provided from API from to 2016 to part of 2019 is around $15 million in sales. Thus, detailed calculation of the damages described above is not possible until Defendants supplement as required and produce sales and profits data and records.** Plaintiff should also receive disgorgement of the profits **and the amounts** Defendants unlawfully received from their wrongdoings as well as their willful violation of the Preliminary Injunction. Expert analysis of the Chinese market was accomplished by Dr. Gan his calculation of damages and lost market-share due to AMI/API's actions was previously disclosed in Dr. Gan's expert report.  Plaintiff shall continue to supplement its disclosure on damages under the Federal Rules of Civil Procedure as required.

b.   *Trade Secret Misappropriation*: Defendants were unjustly enriched as a result of the actions in converting and misappropriating Plaintiff's trade

secrets as well as Defendants' wrongful conduct in misrepresenting, marketing and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof. Thus, the increased value of Defendants' company and assets which it achieved via the unlawful and unjust means stated herein is at minimum the amount Defendants were unjustly enriched due to their wrongdoing including but not limited to trade secret misappropriation. These damages are calculated based on the financials and valuation of Defendants, as well as Defendants' sales in China which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. **Defendants have refused to supplement under FRCP 26 and 34, and Plaintiff will now have to move to compel production of AMI and API's updated financial data and records in order to update the calculation which as previously disclosed is based upon the sales realized from Defendant API and increased earnings and profit from AMI as a result of API's sales which based upon the financials provided from API from to 2016 to part of 2019 is around $15 million in sales. Thus, detailed calculation of the damages described above is not possible until Defendants supplement as required and produce sales and profits data and records. The valuation of Defendants' company is based upon Defendants' own records and valuation including their attempts to sell AMI/API to a buyer for around $50 million.** Plaintiff shall continue to supplement its disclosure on damages under the Federal Rules of Civil Procedure as required.

    **c.**    *Other Damages*: Losses were incurred by Plaintiff in connection with AMI's failure to provide optimum grow-out conditions as required by the Grow-Out Agreement, resulting in Plaintiff's inability to satisfy obligations under its sales contracts with third party buyers of Plaintiff's broodstock and leaving it vulnerable to potential damages in excess of $75,000. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery is needed and the precise calculation of damages will require expert analysis. As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

    **d.**    *Prejudgment Interest*: Prejudgment interest is sought at the highest lawful legal rate allowed by law.

    **e.**    *Punitive Damages*: Punitive damages, including treble damages available under applicable law, are unliquidated, with such amounts to be determined by the trier of fact after all evidence has been presented.

    **f.**    *Court Costs*: These costs will be the actual court costs incurred, which costs will continue to accrue.

    **g.**    *Reasonable Attorney's Fees*: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

**h.**    *Reasonable Expert Fees*: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

**i.**    *Equitable Relief*: As may be appropriate and as determined by the court/trier of fact after presentation of evidence **including but not limited to disgorgement of Defendants' profits, permanent injunction preventing Defendants and their agents from further violation of the NDA, GOA, federal and state unfair competition laws, and Primo/PB Legacy/TB Food's trade secrets rights.**

***(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.***

Plaintiff is not aware of any at this time.

Respectfully Submitted,

By: */s/ Brian M. Gargano*
Brian M. Gargano (admitted *pro hac vice*)
Nguyen and Chen LLP
11200 Westheimer Road, Suite 120
Houston, TX 77042
Phone: 832-767-0339
bgargano@nguyen-chen.com

and

Chené M. Thompson / FB# 541540
Pavese Law Firm
Post Office Box 1507
Fort Myers, Florida 33902-1507
Telephone No.: (239) 334-2195
Primary: CheneThompson@paveselaw.com
Secondary:  KellyGermanis@paveselaw.com

*Counsel for Plaintiff TB Food USA, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being served and forwarded to counsel for all parties in this matter electronically on this 8th day of September 2021.

*/s/ Brian M. Gargano*
Brian M. Gargano

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TB FOOD USA, LLC, a Delaware limited
liability company, Plaintiff,

v.                                    CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter-Plaintiff,

v.

PB LEGACY, INC., a Texas corporation,

Counter and Third-Party Defendant.
_____/

## PLAINTIFF'S RULE 26(a)(1)(A) FOURTH SUPPLEMENTAL DISCLOSURES

Plaintiff TB Food USA, LLC, ("TB Food") as a successor in interest to certain assets of PB

Legacy, Inc., through its undersigned counsel, makes the following second supplemental

disclosures to Defendants under Federal Rule of Civil Procedure 26(a)(1) in the above-referenced

matter.  These disclosures are based on information presently known and reasonably available to

TB Food and which TB Food reasonably believes it may use in support of its claims and defenses.

Continuing investigation and discovery may cause TB Food to amend these initial disclosures,

including by providing these supplemental disclosures, TB Food does not represent that it is

identifying every document, tangible thing or witness possibly relevant to this action. In addition,

these disclosures are made without TB Food in any way waiving its rights to object to any

discovery request or proceeding involving or relating to the subject matter of these disclosures on

any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden,

confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an

admission by TB Food regarding any matter. Each and every disclosure set forth below is subject

to the above qualifications and limitations.

> ***(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;***

1.    Corporate Representative(s) of TB
      Food
      **Lei Zhao[1];**
      **Yijun Zhang[2];**
      **Teng Zhou[3]; and/or**
      **Helen Guan[4]**

      C/O Brian M. Gargano
      NGUYEN & CHEN, LLP
      11200 Westheimer Road
      Suite 120
      Houston, Texas 77042
      Tel: (832) 767-0339
      Fax: (832) 767-0669

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary

---

[1] **Previously disclosed and deposed on August 21, 2019.**
[2] **Previously disclosed and known to the other parties in writing via Zhang's filed sworn affidavit. [*See* Doc. #21-4].**
[3] **Previously disclosed and known to the other parties in writing via Zhou's filed sworn affidavit. [*See* Doc. #21-5].**
[4] **Previously disclosed and known to the other parties in writing via Guan's filed sworn affidavit. [*See* Doc. #21-3].**

information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

2.      Carlos Massad (Managing Director of Primo Broodstock USA LLC)
        C/O Brian M. Gargano
        NGUYEN & CHEN, LLP
        11200 Westheimer Road
        Suite 120
        Houston, Texas 77042
        Tel: (832) 767-0339
        Fax: (832) 767-0669

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

3.      Robin Pearl (Defendant and CEO of AMI/API)
        C/O Melville G. Brinson III
        MELVILLE G. BRINSON III, P.A.
        8359 Stringfellow Road
        St. James City, Florida 33956
        Tel: (239) 282-0551
        Fax: (239) 282-0515

        Patrick J. O'Connor
        O'CONNOR HERNANDEZ &
        ASSOCIATES, P.A.
        999 Brickell Avenue, Suite 740
        Miami, Florida 33131

Tel: (786) 628-7542

Knowledge as to the events and claims alleged in the Amended Complaint including but not limited to Defendants' conspiracy, scheme and actions to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad.

4.      Jerry Beck (Director of Defendant AMI and API)
        C/O Melville G. Brinson III
        MELVILLE G. BRINSON III, P.A.
        8359 Stringfellow Road
        St. James City, Florida 33956
        Tel: (239) 282-0551
        Fax: (239) 282-0515

        Patrick J. O'Connor
        O'CONNOR HERNANDEZ &
        ASSOCIATES, P.A.
        999 Brickell Avenue, Suite 740
        Miami, Florida 33131
        Tel: (786) 628-7542

Knowledge as to the events and claims alleged in Plaintiff's Complaint, including but not limited to: Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; the corporate decisions he made on Defendants' behalf; Defendants' business dealings with Primo; Defendants' business and corporate structure; Defendants' sales and marketing data; and communications with Defendants in furtherance of Defendants' scheme.

5.      Kenneth B. Gervais (**Former** Third-Party Defendant and former Primo
        President)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants'
counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and
operating history; discussions with Defendants regarding any agreement or alleged
agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and
fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged
agreements; all actions and disputes by and among Plaintiff and Defendants including those
arising under any agreement between the parties and the performance by the parties
thereunder, including but not limited to the wind-down of grow-out operations between
December 2015 and April 2016.

6.      Randall Aungst (**Former** Third-Party Defendant and former
        Primo VP)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants'
counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and
operating history; discussions with Defendants regarding any agreement or alleged
agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and
fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged
agreements; all actions and disputes by and among Plaintiff and Defendants including those
arising under any agreement between the parties and the performance by the parties
thereunder, including but not limited to the wind-down of grow-out operations between
December 2015 and April 2016.

7.   Roger Miller (former counsel for PB Legacy Inc.)
     Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A.
     99 Nesbit Street
     Punta Gorda, Florida 33950
     Tel: 941-639-1158

Knowledge as to actions and disputes by and among Plaintiff and Defendants relative to agreements and discussion about potential agreements between the parties, including litigation between the Plaintiff and Defendants commencing in January 2016 and the wind-down of grow-out operations in late 2015 and early 2016.

8.  Charles Tuan (Agent of Pearl and API)
    1021 Crocker Ave,
    Daly City, CA 94104
    or
    623 Southgate Ave
    Daly City, CA 94105

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

9.  John Wu (Agent of Pearl and API and associate of Tuan)
    **China, but as it is believed he is an agent and/or employee of Defendants and the best contact information is:**
    C/O Melville G. Brinson III
    MELVILLE G. BRINSON III, P.A.
    8359 Stringfellow Road
    St. James City, Florida 33956
    Tel: (239) 282-0551
    Fax: (239) 282-0515

    Patrick J. O'Connor
    O'CONNOR HERNANDEZ &
    ASSOCIATES, P.A.
    999 Brickell Avenue, Suite 740
    Miami, Florida 33131
    Tel: (786) 628-7542

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

10.    Tim Morris (Biologist of API)
       C/O Melville G. Brinson III
       MELVILLE G. BRINSON III, P.A.
       8359 Stringfellow Road
       St. James City, Florida 33956
       Tel: (239) 282-0551
       Fax: (239) 282-0515

       Patrick J. O'Connor
       **O'CONNOR HERNANDEZ &**
       **ASSOCIATES, P.A.**
       **999 Brickell Avenue, Suite 740**
       **Miami, Florida 33131**
       **Tel: (786) 628-7542**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

11.    Neil Gervais (former Employee of Primo Broodstock Inc.)
       Wilfort Inc
       1134 Shillington Dr.
       Katy, TX 77450
       Email: ecneil2@yahoo.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between

December 2015 and April 2016.

12.    John Michael Mogollon (Former CTO and Co-founder of AMI)
       Earthcare Aquaculture Inc
       4334 Fox Ridge Dr
       Weston, FL 33331
       Tel: 863-599-0603
       Email: jmmogollon@earthcareaquaculture.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not
limited to: Defendants' business operations including Defendants' table shrimp business;
business relationship between Plaintiffs and Defendants; business relationship between
Defendants and Counter-Defendants; business relationship between AMI, API and Neil
Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal
Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as
Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create
Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and
operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by
and among Plaintiff and Defendants including those arising under any agreement between the
parties and the performance by the parties thereunder, including but not limited to the wind-
down of grow-out operations between December 2015 and April 2016.

13.    Carlos Elizalde (Former Employee of Primo Broodstock Inc.)
       **TBD**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not
limited to: Plaintiffs' trade secret and the development thereof; the methodology and science
behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences
between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival
statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's
brand name and reputation; business relationship between Primo, Inc and AMI; business
relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to
violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets,
aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp
and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad;
Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing
harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including
those arising under any agreement between the parties and the performance by the parties
thereunder, including but not limited to the wind-down of grow-out operations between
December 2015 and April 2016.

14.    Franklin Perez
       General Manager
       ONELABT SA
       Avenida Tercera y Calle Tercera, Ballenita
       Santa Elena
       Ecuador
       Mobile: +(59) (399-2217-923)

3

Office: +(59) (342-9531-87)
Alt: +(011) (59) (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)
franklin_perez_u@yahoo.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

15. Mike Scott
    Earthcare Aquaculture Inc
    4334 Fox Ridge Dr.
    Weston, FL 33331
    Tel: 863-599-0603

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

16. Lu-Ting Wu
    6619 Taylor Park Ln.
    Katy, TX 77449
    Email: animalsevolve@gmail.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

17. Dr. Chunde ("Bill") Yan, Esq. (Primo Broodstock USA's outside counsel in China)
    Beijing Unitalen Attorneys at Law
    Address: 22 Jianguomen Outer St (Jian Wai Da Jie),

4

Chaoyang District, Beijing, China, 100023
Phone: +86 10 8511 3757
Email: chunde.yan@unitalen.com

Knowledge as to the events and claims alleged in Defendants' response and sur-reply papers (along with the attendant exhibits and affidavits and declarations) submitted in opposition to Plaintiff's Motion for Order to Show Cause, including but not limited to the "Chinese Language Issues;" Plaintiffs, Haimao and Primo's name and reputation in the Chinese shrimp broodstock market; Defendants' actions in unfairly competing against Plaintiffs; Chinese trademark and unfair competition law; the Chinese legal proceedings and Primo Broodstock USA LLC's challenge to Wudi Tenafly Agriculture Co. Ltd.'s wrongfully and fraudulently filed and obtained trademark of "Pu Rui Mo" in China; Wudi Tenfly's improper grant of the right for Defendants' and Defendants' customers to use the "Pu Rui Mo" mark to market and associate Defendants' shrimp in China with the real Primo; and Defendants and Defendants' customers' action(s) and inaction(s), including but not limited to the marketing and associating of Defendants' shrimp with "Pu Rui Mo" as it is substantially similar to "Pu Li Mao" which has and continues to cause a high likelihood of confusion in the Chinese market as to which shrimp is the legendary and real Primo.

18.     Any and all persons initially designated by Defendants, or subsequently designated by Plaintiff, Defendants, or Third-Party Defendants to which reference is here made.

***(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;***

Responsive documents were provided to Defendants previously under separate cover in accordance with FRCP 26 (***see* previously served Initial Rule 26 Disclosures; 1st Supplemental Rule 26 Disclosures; 2nd Supplemental Rule 26 Disclosures; and 3rd Supplemental Rule 26 Disclosures**) and 34 including but not limited via thumb-drive, email and/or other electronic means.

**Documents and tangible things produced by Defendants and non-parties in discovery; and**

**Documents and tangible things identified by Defendants and non-parties in discovery including those identified in Defendants Rule 26 Disclosures.**

Plaintiff will supplement in accordance with the Federal and Local Rules.

***(iii)*** ***a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and***

Plaintiff has suffered damages as a result of Defendants' unlawful conduct as described in the Amended Complaint.

a.   *Lost Sales/Lost Economic Opportunities, ect.*: The actions of Defendants and their agents late 2015 and thereafter in converting, usurping, and misappropriating Plaintiff's or its successor-in-interest property, intellectual property and trade secrets, as well as misrepresenting, marketing, trading off and selling certain broodstock shrimp as the "real Primo" or as derivatives all of which breached the NDA and GOA, thereof causing and continuing to cause Plaintiff or its successor-in-interest to lose broodstock and PL sales, economic opportunities, as well as diminution of Primo's name and goodwill, and consequential damages. Lost projected sales are estimated at minimum to be equivalent to the sales realized by Defendant American Penaeid, LLC, which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. However, Defendants have refused to supplement under FRCP 26 and 34, and Plaintiff will now have to move to compel production of AMI and API's updated financial data and records in order to update the calculation which as previously disclosed is based upon the sales realized from Defendant API and increased earnings and profit from AMI as a result of API's sales which based upon the financials provided from API from to 2016 to part of 2019 is around $15 million in sales. Thus, detailed calculation of the damages described above is not possible until Defendants supplement as required and produce sales and profits data and records. Plaintiff should also receive disgorgement of the profits and the amounts Defendants unlawfully received from their wrongdoings as well as their willful violation of the Preliminary Injunction. Expert analysis of the Chinese market was accomplished by Dr. Gan his calculation of damages and lost market-share due to AMI/API's actions was previously disclosed in Dr. Gan's expert report.  Plaintiff shall continue to supplement its disclosure on damages under the Federal Rules of Civil Procedure as required.

b.   *Trade Secret Misappropriation*: Defendants were unjustly enriched as a result of the actions in converting and misappropriating Plaintiff's trade secrets as well as Defendants' wrongful conduct in misrepresenting, marketing and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof. Thus, the increased value of Defendants' company and assets which it achieved via the unlawful and unjust means stated herein is

6

at minimum the amount Defendants were unjustly enriched due to their wrongdoing including but not limited to trade secret misappropriation. These damages are calculated based on the financials and valuation of Defendants, as well as Defendants' sales in China which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. Defendants have refused to supplement under FRCP 26 and 34, and Plaintiff will now have to move to compel production of AMI and API's updated financial data and records in order to update the calculation which as previously disclosed is based upon the sales realized from Defendant API and increased earnings and profit from AMI as a result of API's sales which based upon the financials provided from API from to 2016 to part of 2019 is around $15 million in sales. Thus, detailed calculation of the damages described above is not possible until Defendants supplement as required and produce sales and profits data and records. The valuation of Defendants' company is based upon Defendants' own records and valuation including their attempts to sell AMI/API to a buyer for around $50 million. Plaintiff shall continue to supplement its disclosure on damages under the Federal Rules of Civil Procedure as required.

c.   _Other Damages_: Losses were incurred by Plaintiff in connection with AMI's failure to provide optimum grow-out conditions as required by the Grow-Out Agreement, resulting in Plaintiff's inability to satisfy obligations under its sales contracts with third party buyers of Plaintiff's broodstock and leaving it vulnerable to potential damages in excess of $75,000. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery is needed and the precise calculation of damages will require expert analysis. As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

d.   _Prejudgment Interest_: Prejudgment interest is sought at the highest lawful legal rate allowed by law.

e.   _Punitive Damages_: Punitive damages, including treble damages available under applicable law, are unliquidated, with such amounts to be determined by the trier of fact after all evidence has been presented.

f.   _Court Costs_: These costs will be the actual court costs incurred, which costs will continue to accrue.

g.   _Reasonable Attorney's Fees_: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

h.   _Reasonable Expert Fees_: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

    **i.**    <u>*Equitable Relief*</u>: As may be appropriate and as determined by the court/trier of fact after presentation of evidence including but not limited to disgorgement of Defendants' profits, permanent injunction preventing Defendants and their agents from further violation of the NDA, GOA, federal and state unfair competition laws, and Primo/PB Legacy/TB Food's trade secrets rights.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

    Plaintiff is not aware of any at this time.

        Respectfully Submitted,

        By: /s/ *Brian M. Gargano*
        Brian M. Gargano (admitted *pro hac vice*)
        Nguyen and Chen LLP
        11200 Westheimer Road, Suite 120
        Houston, TX 77042
        Phone: 832-767-0339
        bgargano@nguyen-chen.com

        and

        Chené M. Thompson / FB# 541540
        Pavese Law Firm
        Post Office Box 1507
        Fort Myers, Florida 33902-1507
        Telephone No.: (239) 334-2195
        Primary: CheneThompson@paveselaw.com
        Secondary:  KellyGermanis@paveselaw.com

        *Counsel for Plaintiff TB Food USA, LLC*

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being served and forwarded to counsel for all parties in this matter electronically on this 9th day of September 2021.

<u>/s/ Brian M. Gargano</u>

Brian M. Gargano

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware limited
liability company, and PB LEGACY, INC.,
a Texas corporation, Plaintiffs,

v.                                                    CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter-Plaintiff,

v.

PB LEGACY, INC., a Texas corporation,
KENNETH GERVAIS, and RANDALL
AUNGST.

Counter and Third-Party Defendants.
_____/

### PLAINTIFF'S RULE 26(a)(1)(A) SECOND SUPPLEMENTAL DISCLOSURES

Plaintiff TB Food USA, LLC, ("TB Food") as a successor in interest to certain assets of PB

Legacy, Inc., through its undersigned counsel, makes the following second supplemental

disclosures to Defendants under Federal Rule of Civil Procedure 26(a)(1) in the above-referenced

matter.  These disclosures are based on information presently known and reasonably available to

TB Food and which TB Food reasonably believes it may use in support of its claims and defenses.

Continuing investigation and discovery may cause TB Food to amend these initial disclosures,

including by providing these supplemental disclosures, TB Food does not represent that it is

identifying every document, tangible thing or witness possibly relevant to this action. In addition,

these disclosures are made without TB Food in any way waiving its rights to object to any

discovery request or proceeding involving or relating to the subject matter of these disclosures on

any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden,

confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an

admission by TB Food regarding any matter. Each and every disclosure set forth below is subject

to the above qualifications and limitations.

> *(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;*

1.  Corporate Representative of TB Food
    C/O Brian M. Gargano
    NGUYEN & CHEN, LLP
    11200 Westheimer Road
    Suite 120
    Houston, Texas 77042
    Tel: (832) 767-0339
    Fax: (832) 767-0669

    Susan K. Spurgeon
    PENNINGTON, P.A.
    2701 N. Rocky Point Drive, Suite 900
    Tampa, Florida 33607
    Tel: 813-639-9599

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial

information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

2.      Carlos Massad (Managing Director of Primo Broodstock USA LLC)
      C/O Brian M. Gargano
      NGUYEN & CHEN, LLP
      11200 Westheimer Road
      Suite 120
      Houston, Texas 77042
      Tel: (832) 767-0339
      Fax: (832) 767-0669

      Susan K. Spurgeon
      PENNINGTON, P.A.
      2701 N. Rocky Point Drive, Suite 900
      Tampa, Florida 33607
      Tel: 813-639-9599

Knowledge as to the events and claims alleged in the Amended Complaint. Knowledge as to Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; Defendants' breach of contract namely the NDA and Grow Out Agreement; Defendants' conversion of Plaintiffs' property, trade secrets and proprietary information; Defendants' actions violating the Lanham Act; Defendants' actions in unfairly competing against Plaintiff; Defendants' deceptive and fraudulent conduct; Plaintiff's business and hierarchy; Plaintiff's business dealings with Defendants; Plaintiff's financial information, market share, revenue and profits; Plaintiff's marketing and sales of Primo shrimp across the globe; the adverse impact on Plaintiff and its successor-in-interest of certain actions of Defendants and their agents in misappropriating trade secrets and Plaintiff's shrimp as well as Defendants' actions in marketing and selling certain broodstock shrimp around the world as the "real Primo" or as derivatives thereof.

3.      Robin Pearl (Defendant and CEO of AMI/API)
      C/O Melville G. Brinson III
      MELVILLE G. BRINSON III, P.A.
      8359 Stringfellow Road
      St. James City, Florida 33956
      Tel: (239) 282-0551
      Fax: (239) 282-0515

      Patrick J. O'Connor
      HARPER MEYER PEREZ HAGEN

3

O'CONNOR ALBERT & DRIBIN LLP
201 South Biscayne Boulevard, Suite 800
Miami, Florida 33131
Tel: (305) 577-3443
Fax: (305) 577-9921

Knowledge as to the events and claims alleged in the Amended Complaint including but not limited to Defendants' conspiracy, scheme and actions to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad.

4.    Jerry Beck (Director of Defendant AMI and API)
       C/O Melville G. Brinson III
       MELVILLE G. BRINSON III, P.A.
       8359 Stringfellow Road
       St. James City, Florida 33956
       Tel: (239) 282-0551
       Fax: (239) 282-0515

       Patrick J. O'Connor
       HARPER MEYER PEREZ HAGEN
       O'CONNOR ALBERT & DRIBIN LLP
       201 South Biscayne Boulevard, Suite 800
       Miami, Florida 33131
       Tel: (305) 577-3443
       Fax: (305) 577-9921

Knowledge as to the events and claims alleged in Plaintiff's Complaint, including but not limited to: Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; the corporate decisions he made on Defendants' behalf; Defendants' business dealings with Primo; Defendants' business and corporate structure; Defendants' sales and marketing data; and communications with Defendants in furtherance of Defendants' scheme.

5.      Kenneth B. Gervais (Third Party Defendant and former Primo President)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants' counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and operating history; discussions with Defendants regarding any agreement or alleged agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged agreements; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

6.      Randall Aungst (Third Party Defendant and former Primo VP)
        C/O Chené M. Thompson
        PAVESE LAW FIRM
        Post Office Drawer 1507
        Fort Myers, Florida 33902-1507
        Tel: (239) 334-2195
        Fax: (239) 332-2243

Knowledge as to the events and claims alleged in the Amended Complaint and Defendants' counterclaim, including but not limited to, Plaintiffs' broodstock lines and breeding and operating history; discussions with Defendants regarding any agreement or alleged agreement; Defendants actions in causing harm to Plaintiff; Defendants' deceptive and fraudulent conduct including Defendants' fraudulent inducement into agreements or alleged agreements; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

7.    Roger Miller (former counsel for PB Legacy Inc.)
      Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A.
      99 Nesbit Street
      Punta Gorda, Florida 33950
      Tel: 941-639-1158

Knowledge as to actions and disputes by and among Plaintiff and Defendants relative to agreements and discussion about potential agreements between the parties, including

litigation between the Plaintiff and Defendants commencing in January 2016 and the wind-down of grow-out operations in late 2015 and early 2016.

8.   Charles Tuan (Agent of Pearl and API)
     1021 Crocker Ave,
     Daly City, CA 94104
     or
     623 Southgate Ave
     Daly City, CA 94105

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

9.   John Wu (Agent of Pearl and API and associate of Tuan)
     **China, but as it is believed he is an agent and/or employee of Defendants and the best contact information is:**
     C/O Melville G. Brinson III
     MELVILLE G. BRINSON III, P.A.
     8359 Stringfellow Road
     St. James City, Florida 33956
     Tel: (239) 282-0551
     Fax: (239) 282-0515

     Patrick J. O'Connor
     HARPER MEYER PEREZ HAGEN
     O'CONNOR ALBERT & DRIBIN LLP
     201 South Biscayne Boulevard, Suite 800
     Miami, Florida 33131
     Tel: (305) 577-3443
     Fax: (305) 577-9921

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: discussions and communications with Defendants pertaining to Primo shrimp and Plaintiffs' trade secret and brand; relationship and association with Defendants; relationship and association with Defendants' customers; Defendants' marketing and sales in China; Defendants' sales practice in China to "pass off" API's shrimp broodstock as Primo; Defendants' unfair competition practices; and Defendants' violation of and/or aiding and abetting third parties to violate the Court's Preliminary Injunction Order.

10.    Tim Morris (Biologist of API)
       C/O Melville G. Brinson III
       MELVILLE G. BRINSON III, P.A.
       8359 Stringfellow Road
       St. James City, Florida 33956
       Tel: (239) 282-0551
       Fax: (239) 282-0515

       Patrick J. O'Connor
       HARPER MEYER PEREZ HAGEN
       O'CONNOR ALBERT & DRIBIN LLP
       201 South Biscayne Boulevard, Suite 800
       Miami, Florida 33131
       Tel: (305) 577-3443
       Fax: (305) 577-9921

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

11.    Neil Gervais (former Employee of Primo Broodstock Inc.)
       Wilfort Inc
       1134 Shillington Dr.
       Katy, TX 77450
       Email: **ecneil2@yahoo.com**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties

thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

12.   John Michael Mogollon (Former CTO and Co-founder of AMI)
      Earthcare Aquaculture Inc
      4334 Fox Ridge Dr
      Weston, FL 33331
      Tel: 863-599-0603
      Email: jmmogollon@earthcareaquaculture.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

13.   Carlos Elizalde (Former Employee of Primo Broodstock Inc.)
      **TBD**

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; Primo's brand name and reputation; business relationship between Primo, Inc and AMI; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder, including but not limited to the wind-down of grow-out operations between December 2015 and April 2016.

14.      Franklin Perez
General Manager
ONELABT SA
Avenida Tercera y Calle Tercera, Ballenita
Santa Elena
Ecuador
Mobile: +(59) (399-2217-923)
Office: +(59) (342-9531-87)
Alt: +(011) (59) (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)
franklin_perez_u@yahoo.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

15.      Mike Scott
Earthcare Aquaculture Inc
4334 Fox Ridge Dr.
Weston, FL 33331
Tel: 863-599-0603

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: Defendants' business operations including Defendants' table shrimp business; business relationship between Plaintiffs and Defendants; business relationship between Defendants and Counter-Defendants; business relationship between AMI, API and Neil Gervais; Defendants' conspiracy and scheme to violate the Grow Out Agreements, steal Plaintiff's intellectual property and trade secrets, aggressively market Defendants' shrimp as Primo shrimp abroad, and use the stolen shrimp and Plaintiff's trade secret to create Defendants' own "Primo" shrimp to sell abroad; Plaintiff's broodstock lines and breeding and operating history; Defendants actions in causing harm to Plaintiff; all actions and disputes by and among Plaintiff and Defendants including those arising under any agreement between the parties and the performance by the parties thereunder.

16.      Lu-Ting Wu
6619 Taylor Park Ln.
Katy, TX 77449
Email: animalsevolve@gmail.com

Knowledge as to the events and claims alleged in the Amended Complaint, including but not limited to: genetic testing of the broodstock shrimp sent to AMI by Primo, Inc.; development of the broodstock shrimp by Primo, Inc.; strategy for breeding and crossbreeding of the AMI/API shrimp; Plaintiffs' trade secret and the development thereof; the methodology and science behind Primo shrimp; the economic value and advantage of Primo shrimp, the

differences between Primo shrimp and other shrimp including but not limited to Primo shrimp's survival statistics compared to other breeders' shrimp; Plaintiffs' broodstock lines and history; and Primo's brand name and reputation.

17.     **Dr. Chunde ("Bill") Yan, Esq. (Primo Broodstock USA's outside counsel in China)**
**Beijing Unitalen Attorneys at Law**
**Address: 22 Jianguomen Outer St (Jian Wai Da Jie),**
**Chaoyang District, Beijing, China, 100023**
**Phone: +86 10 8511 3757**
**Email: chunde.yan@unitalen.com**

**Knowledge as to the events and claims alleged in Defendants' response and sur-reply papers (along with the attendant exhibits and affidavits and declarations) submitted in opposition to Plaintiff's Motion for Order to Show Cause, including but not limited to the "Chinese Language Issues;" Plaintiffs, Haimao and Primo's name and reputation in the Chinese shrimp broodstock market; Defendants' actions in unfairly competing against Plaintiffs; Chinese trademark and unfair competition law; the Chinese legal proceedings and Primo Broodstock USA LLC's challenge to Wudi Tenafly Agriculture Co. Ltd.'s wrongfully and fraudulently filed and obtained trademark of "Pu Rui Mo" in China; Wudi Tenfly's improper grant of the right for Defendants' and Defendants' customers to use the "Pu Rui Mo" mark to market and associate Defendants' shrimp in China with the real Primo; and Defendants and Defendants' customers' action(s) and inaction(s), including but not limited to the marketing and associating of Defendants' shrimp with "Pu Rui Mo" as it is substantially similar to "Pu Li Mao" which has and continues to cause a high likelihood of confusion in the Chinese market as to which shrimp is the legendary and real Primo.**

18.     Any and all persons initially designated by Defendants, or subsequently designated by Plaintiff, Defendants, or Third-Party Defendants to which reference is here made.

*(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;*

Responsive documents were provided to Defendants under separate cover including but not limited via thumb-drive, email and/or other electronic means.  **Moreover, Plaintiff hereby supplements and discloses the Asset Purchase Agreement between Primo and Ningbo Tech-Bank and associated documents (AEO):**
**See PRIMOAPA1 to 321 at**
**https://www.dropbox.com/s/8y5g93am3lo2yv9/APA%20AEO.pdf?dl=0**

Plaintiff will supplement in accordance with the Federal and Local Rules.

> **(iii)a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

Plaintiff has suffered damages as a result of Defendants' unlawful conduct as described in the Amended Complaint.

a. _Lost Sales/Lost Economic Opportunities, ect._: The actions of Defendants and their agents late 2015 and thereafter in converting, usurping, and misappropriating Plaintiff's or its successor-in-interest property, intellectual property and trade secrets as well as misrepresenting, marketing, trading off and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof causing and continuing to cause Plaintiff or its successor-in-interest to lose broodstock and PL sales, economic opportunities, as well as diminution of Primo's name and goodwill, and consequential damages. Lost projected sales are estimated at minimum to be equivalent to the sales realized by Defendant American Penaeid, LLC, which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. Plaintiff should also receive disgorgement of the profits Defendants unlawfully received from their wrongdoings as well as their willful violation of the Preliminary Injunction. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery of Defendants' sales and profits are needed. Additionally, expert analysis of the Chinese market must be conducted, and the precise calculation of damages will require expert analysis. As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

b. _Trade Secret Misappropriation_: Defendants were unjustly enriched as a result of the actions in converting and misappropriating Plaintiff's trade secrets as well as Defendants' wrongful conduct in misrepresenting, marketing and selling certain broodstock shrimp as the "real Primo" or as derivatives thereof. Thus, the increased value of Defendants' company and assets which it achieved via the unlawful and unjust means stated herein is at minimum the amount Defendants were unjustly enriched due to their wrongdoing including but not limited to trade secret misappropriation. These damages are calculated based on the financials and valuation of Defendants, as well as Defendants' sales in China which were stated by Defendants to be at least $1,118,755 for the nine months ending January 2017 and continue to accrue each month thereafter. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery of Defendants' financial statements and unlawful sales in

China needs be conducted. Additionally, the precise calculation of damages and valuation of Defendants' company will require expert analysis. As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

c.    *Other Damages*: Losses were incurred by Plaintiff in connection with AMI's failure to provide optimum grow-out conditions as required by the Grow-Out Agreement, resulting in Plaintiff's inability to satisfy obligations under its sales contracts with third party buyers of Plaintiff's broodstock and leaving it vulnerable to potential damages in excess of $75,000. Moreover, detailed calculation of the damages described above is not possible at this time as further discovery is needed and the precise calculation of damages will require expert analysis. As a result, Plaintiff will supplement its disclosure on damages under the Federal Rules of Civil Procedure.

d.    *Prejudgment Interest*: Prejudgment interest is sought at the highest lawful legal rate allowed by law.

e.    *Punitive Damages*: Punitive damages, including treble damages available under applicable law, are unliquidated, with such amounts to be determined by the trier of fact after all evidence has been presented.

f.    *Court Costs*: These costs will be the actual court costs incurred, which costs will continue to accrue.

g.    *Reasonable Attorney's Fees*: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

h.    *Reasonable Expert Fees*: Amount to be determined by the trier of fact after all evidence has been presented, which amount will continue to accrue.

i.    *Equitable Relief*: As may be appropriate and as determined by the court/trier of fact after presentation of evidence.

**(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiff is not aware of any at this time.

Respectfully Submitted,

By: */s/ Brian M. Gargano*
    Brian M. Gargano
    Nguyen and Chen LLP
    11200 Westheimer Road, Suite 120

12

Houston, TX 77042
Phone: 832-767-0339
bgargano@nguyen-chen.com

and

Susan K. Spurgeon
Florida Bar No. 0478229
Pennington, P.A.
2701 N. Rocky Point Drive, Suite 900
Tampa, Florida 33607
Phone: 813-639-9599
susan@penningtonlaw.com
playton@penningtonlaw.com
*Counsel for Plaintiff TB Food USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been filed and forwarded to counsel for all parties listed below in accordance with the Federal Rules of Civil Procedure and the District's ECF service rules on this 2nd day of April 2019.

MELVILLE G. BRINSON III
**MELVILLE G. BRINSON III, P.A.**
8359 Stringfellow Road
St. James City, Florida 33956
Telephone: (239) 282-0551
Facsimile: (239) 282-0515
brinson@afblaw.com

PATRICK J. O'CONNOR
**HARPER MEYER PEREZ HAGEN
O'CONNOR ALBERT & DRIBIN LLP**
201 South Biscayne Boulevard, Suite 800
Miami, Florida 33131
Telephone: (305) 577-3443
Facsimile: (305) 577-9921
clgroup@harpermeyer.com;
pjoconnor@harpermeyer.comsj

CHENÉ M. THOMPSON
**PAVESE LAW FIRM**
Post Office Drawer 1507
Fort Myers, Florida 33902-1507
Telephone: (239) 334-2195
Facsimile: (239) 332-2243
chenethompson@PaveseLaw.com
matthewroepstorff@pavese.com
kellygermanis@PaveseLaw.com

STEVE JAKUBOWSKI
Admitted *Pro Hac Vice*
**ROBBINS, SALOMON & PATT, LTD**.
180 North LaSalle, Suite 3300
Chicago, Illinois 60601
Telephone: (312) 456-0191
Facsimile: (312) 782-6690
sjakubowski@rsplaw.com

/s/*Brian M. Gargano*
Brian M. Gargano