```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TB FOOD USA, LLC, a
Delaware Limited Liability
Company,

      Plaintiff,

v.                                  CASE NO. 2:17-cv-9-FtM-29NPM

AMERICAN MARICULTURE, INC.,
a Florida Corporation,
AMERICAN PENAEID, INC., a
Florida Corporation, and
ROBIN PEARL,

      Defendants.
_____

AMERICAN MARICULTURE, INC.,
a Florida Corporation,

      Third-Party Plaintiff,

v.

PB LEGACY, INC. a Texas
Corporation,

      Third-Party Defendant.
_____

<u>**VERDICT FORM**</u>

**COUNT I: TB FOOD'S BREACH OF CONTRACT CLAIMS AGAINST AMI**

      We the jury find:

1. **TB Food USA, LLC (TB Food) has proven by a preponderance of the evidence its claim that American Mariculture, Inc. (AMI) breached the Nondisclosure Agreement (NDA).**

    Yes _____        No _____

2. **TB Food has proven by a preponderance of the evidence its claim that AMI breached the Grow-Out Agreement (GOA).**

    Yes _____        No _____

3. **AMI has proven by a preponderance of the evidence that the Grow-Out Agreement was modified by the handwritten document.**

    Yes _____        No _____

If you answered YES to <u>either</u> Question 1 or Question 2, and YES to Question 3, continue with Questions 4 through Question 13 to consider the affirmative defenses relating to the breach of contract claim. If you answered YES to <u>either</u> Question 1 or Question 2, and NO to Question 3, continue with Questions 9 through Question 11 to consider some of the affirmative defenses relating to the breach of contract claim. If you answered NO to <u>both</u> Question 1 and Question 2, your verdict is for AMI on this claim and you should skip Questions 4 through Question 13 and proceed to Question 14.

4. AMI has proven by a preponderance of the evidence that the modification terminated the contractual obligations under the Nondisclosure Agreement and the Grow-Out Agreement.

    Yes _____          No _____

5. AMI has proven by a preponderance of the evidence that the modification constituted an accord and satisfaction.

    Yes _____          No _____

6. AMI has proven by a preponderance of the evidence that the modification constituted a novation.

    Yes _____          No _____

7. AMI has proven by a preponderance of the evidence that the modification constituted a release.

    Yes _____          No _____

8. AMI has proven by a preponderance of the evidence that the modification constituted a waiver of the Primo rights at issue.

    Yes _____          No _____

9. AMI has proven by a preponderance of the evidence that TB Food is equitably estopped from bringing its claim because of the change of positions by Primo relating to whether the handwritten document terminated the Nondisclosure Agreement and the Grow-Out Agreement.

    Yes _____          No _____

10. **AMI has proven by a preponderance of the evidence that TB Food is equitably estopped from bringing its claim because of the change of positions by Primo relating to whether the handwritten document gave AMI the right to the shrimp left at its facility after April. 30, 2016.**

    **Yes _____                            No _____**

11. **AMI has proven by a preponderance of the evidence that the breach of contract claim is barred by the *in pari delicto* defense.**

    **Yes _____                            No _____**

If your answer to <u>any</u> of Questions 4 through Question 11 is YES, your verdict is for AMI on this claim, and you will proceed to Question 14.  If your answer to <u>each</u> of Question 4 through Question 11 that you were required to consider is NO, your verdict is for TB Food on this claim, and you will proceed to Question 12 and Question 13.

12. **TB Food has proven by a preponderance of the evidence that it suffered the following damages due to the breach of contract(s) found above:**

    **Compensatory Damages:    $_____**

    **Lost Profits:            $_____**

    **Other Special Damages:   $_____**

13. **AMI has proven by a preponderance of the evidence that**

**TB Food failed to mitigate its damages, thereby reducing the above damages by the following amounts:**

**Compensatory Damages:  $_____**

**Lost Profits:            $_____**

**Other Special Damages:  $_____**

**COUNT II:  TB FOOD'S DEFAMATION CLAIM AGAINST AMI, API, AND ROBIN PEARL**

We the jury find:

14. **TB Food has proven by a preponderance of the evidence its defamation claim against AMI.**

    Yes _____          No _____

15. **TB Food has proven by a preponderance of the evidence its defamation claim against API.**

    Yes _____          No _____

16. **TB Food has proven by a preponderance of the evidence its defamation claim against Robin Pearl.**

    Yes _____          No _____

If you answered YES to any of Questions 14 through Question 16, continue to Question 17 to consider the affirmative defense relating to the defamation claim.  If you answered NO to each of

5

Questions 14 through Question 16, your verdict is for the defendants on this claim and you should skip Questions 17 through Question 19.

If you answered Question 3 YES, you will answer Question 17. If you answered Question 3 NO, skip Question 17 and proceed to Question 18.

17. **Defendants have proven by a preponderance of the evidence that the modification constituted a release.**

    **Yes** _____            **No** _____

If your answer to Question 17 is YES, your verdict is for the defendants on this claim, and you should skip Question 18 and proceed to Question 19. If you have skipped Question 17 or your answer to Question 17 is NO, your verdict is for TB Food on this claim, and you should proceed to Question 18.

18. **TB Food has proven by a preponderance of the evidence that it suffered injury to its business or reputation in the past or to be experienced in the future in the following amount:**

    **Compensatory Damages:   $_____**

**Count IV:  TB FOOD's FEDERAL TRADE SECRET CLAIM AGAINST AMI, API, AND ROBIN PEARL**

We the jury find:

19. **TB Food has proven by a preponderance of the evidence its federal misappropriation of a trade secret claim against AMI.**

    **Yes _____                              No _____**

20. **TB Food has proven by a preponderance of the evidence its federal misappropriation of a trade secret claim against API.**

    **Yes _____                              No _____**

21. **TB Food has proven by a preponderance of the evidence its federal misappropriation of a trade secret claim against Robin Pearl.**

    **Yes _____                              No _____**

If you answered YES to <u>any</u> of Question 19 through Question 21, continue with Questions 22 through Question 26 to consider the affirmative defenses relating to the federal trade secrets claim. If you answered NO to <u>each</u> of Question 19 through Question 21, your verdict is for AMI on this claim, and you should skip Questions 22 to Question 30 and proceed to Question 31.

If you answered Question 3 YES, you will answer Questions 22 through Question 24. If you answered Question 3 NO, skip Question 22 through Question 24 and proceed to Question 25 through Question 26.

    **22. Defendants have proven by a preponderance of the evidence that the modification constituted a release.**

        **Yes _____                       No _____**

    **23. Defendants have proven by a preponderance of the evidence that the modification constituted a waiver.**

        **Yes _____                       No _____**

    **24. Defendants have proven by a preponderance of the evidence that the modification constituted a novation.**

        **Yes _____                       No _____**

    **25. AMI has proven by a preponderance of the evidence that TB Food is equitably estopped from bringing its claim because of the change of positions by Primo relating to whether it consented to AMI's possession and use of the shrimp.**

        **Yes _____                       No _____**

    **26. AMI has proven by a preponderance of the evidence that the breach of contract claim is barred by the *in pari delicto* defense.**

**Yes** _____                                              **No** _____

If you answered <u>any</u> of Questions 22 through Question 26 that you were required to consider YES, your verdict is for AMI on this claim, and you will proceed to Question 31. If your answer to <u>each</u> of Question 22 through Question 26 that you were required to consider is NO, your verdict is for TB Food on this claim, and you will proceed to Questions 27 through Question 30.

    **27. TB Food has proven by a preponderance of the evidence that it suffered the following damages due to the federal trade secret violation:**

    **Compensatory Damages: $_____**

    **28. Defendants has proven by a preponderance of the evidence that TB Food failed to mitigate its damages, thereby reducing the above damages by the following amounts:**

    **Compensatory Damages: $_____**

    **29. TB Foods has proven by a preponderance of the evidence that one or more Defendants willfully and maliciously misappropriated one or more of Primo's trade secrets?**

        **Robin Pearl:    Yes \_\_\_\_    No \_\_\_\_**

        **AMI:            Yes \_\_\_\_    No \_\_\_\_**

        **API:            Yes \_\_\_\_    No \_\_\_\_**

If you answered YES for any Defendant in Question 29, proceed to Question 30. If you answered NO for all Defendants, proceed to Question 31.

30. **What amount of exemplary damages do you award?**

   **Exemplary Damages: $_____**

**COUNT V: TB FOOD'S FLORIDA TRADE SECRET CLAIM AGAINST AMI, API, AND ROBIN PEARL**

We the jury find:

31. **TB Food has proven by a preponderance of the evidence its Florida misappropriation of a trade secret claim against AMI.**

   **Yes _____            No _____**

32. **TB Food has proven by a preponderance of the evidence its Florida misappropriation of a trade secret claim against API.**

   **Yes _____            No _____**

33. **TB Food has proven by a preponderance of the evidence its Florida misappropriation of a trade secret claim against Robin Pearl.**

   **Yes _____            No _____**

If you answered YES to <u>any</u> of Question 31 through Question 33, continue with Questions 34 through Question 38 to consider the

10

affirmative defenses relating to the Florida trade secrets claim. If you answered NO to <u>each</u> of Question 31 through Question 33, your verdict is for defendants on this claim, and you should skip Questions 34 through Question 40 and proceed to Question 41.

If you answered Question 3 YES, you will answer Question 34 through Question 36.  If you answered Question 3 NO, skip Question 34 through Question 36 and proceed to Question 37 through Question 38.

**34. Defendants have proven by a preponderance of the evidence that the modification constituted a release.**

Yes _____                    No _____

**35. Defendants have proven by a preponderance of the evidence that the modification constituted a waiver.**

Yes _____                    No _____

**36. Defendants have proven by a preponderance of the evidence that the modification constituted a novation.**

Yes _____                    No _____

**37. AMI has proven by a preponderance of the evidence that TB Food is equitably estopped from bringing its claim because of the change of positions by Primo relating to**

>   whether it consented to AMI's possession and use of the shrimp.
>
>   Yes _____             No _____
>
> 38. **AMI has proven by a preponderance of the evidence that the breach of contract claim is barred by the *in pari delicto* defense.**
>
>   Yes _____             No _____

If your answer <u>any</u> of Questions 34 through Question 38 is YES, your verdict is for defendants on this claim, and you will proceed to Question 41. If your answer to <u>each</u> of Question 34 through Question 38 that you were required to consider is NO, your verdict is for TB Food on this claim, and you will proceed to Question 39 through Question 40.

> 39. **TB Food has proven by a preponderance of the evidence that it suffered the following damages due to the Florida trade secret violation:**
>
>   **Compensatory Damages:   $_____**
>
>   **Exemplary Damages:      $_____**
>
> 40. **Defendants has proven by a preponderance of the evidence that TB Food failed to mitigate its damages, thereby reducing the above damages by the following amounts:**

12

        Compensatory Damages:  $_____

        Exemplary Damages: $_____

**COUNT VI:  TB FOOD'S FEDERAL FALSE ADVERTISING CLAIM AGAINST AMI, API AND ROBIN PEARL**

We the jury find:

**41.** TB Food has proven by a preponderance of the evidence its federal false advertising claim against AMI.

    Yes _____             No _____

**42.** TB Food has proven by a preponderance of the evidence its federal false advertising claim against API.

    Yes _____             No _____

**43.** TB Food has proven by a preponderance of the evidence its federal false advertising claim against Robin Pearl.

    Yes _____             No _____

If you answered YES to <u>any</u> of Question 41 through Question 43, continue with Questions 44 through Question 48 to consider the affirmative defenses relating to the federal false advertising claim. If you answered NO to <u>each</u> of Question 41 through Question 43, your verdict is for defendants on this claim, and you should skip Questions 44 through Question 48 and proceed to Question 51.

If you answered Question 3 YES, you will answer Question 44 through Question 46.  If you answered Question 3 NO, skip Question 44 through Question 46 and proceed to Question 47 through Question 48.

**44. Defendants have proven by a preponderance of the evidence that the modification constituted a release.**

Yes _____                             No _____

**45. Defendants have proven by a preponderance of the evidence that the modification constituted a waiver.**

Yes _____                             No _____

**46. Defendants have proven by a preponderance of the evidence that the modification constituted a novation.**

Yes _____                             No _____

**47. AMI has proven by a preponderance of the evidence that TB Food is equitably estopped from bringing its claim because of the change of positions by Primo relating to whether it consented to AMI's possession and use of the shrimp.**

Yes _____                             No _____

    48. AMI has proven by a preponderance of the evidence that the breach of contract claim is barred by the *in pari delicto* defense.

    Yes _____   No _____

If your answer to <u>any</u> of Questions 44 through Question 48 that you were required to consider is YES, your verdict is for defendants on this claim, and you will proceed to Question 51. If your answer to <u>each</u> of Questions 44 through Question 48 that you were required to answer is NO, your verdict is for TB Food on this claim, and you will proceed to Question 49 through Question 50.

    49. TB Food has proven by a preponderance of the evidence that it suffered the following damages due to the federal false advertising violation:

    Compensatory Damages:   $_____

    Exemplary Damages:   $_____

    50. Defendants has proven by a preponderance of the evidence that TB Food failed to mitigate its damages, thereby reducing the above damages by the following amounts:

    Compensatory Damages:   $_____

    Exemplary Damages: $_____

**COUNT VII AND VIII:  TB FOOD'S UNFAIR COMPETITION CLAIMS AGAINST AMI, API AND ROBIN PEARL**

We the jury find:

**51.  TB Food has proven by a preponderance of the evidence its unfair competition claims against AMI.**

    **Yes _____                    No _____**

**52.  TB Food has proven by a preponderance of the evidence its unfair competition claims against API.**

    **Yes _____                    No _____**

**53.  TB Food has proven by a preponderance of the evidence its unfair competition claims against Robin Pearl.**

    **Yes _____                    No _____**

If you answered YES to any of Question 51 through Question 53, continue with Questions 54 through Question 58 to consider the affirmative defenses relating to the federal and state unfair competition claims.  If you answered NO to each of Question 51 through Question 53, your verdict is for AMI on this claim, and you should skip Questions 54 to Question 58 and proceed to Question 61.

If you answered Question 3 YES, you will answer Question 54 through Question 56.  If you answered Question 3 NO, skip Question 54

16

through Question 56 and proceed to Questions 57 through Question 58.

54. **Defendants have proven by a preponderance of the evidence that the modification constituted a release.**

    Yes _____                    No _____

55. **Defendants have proven by a preponderance of the evidence that the modification constituted a waiver.**

    Yes _____                    No _____

56. **Defendants have proven by a preponderance of the evidence that the modification constituted a novation.**

    Yes _____                    No _____

57. **AMI has proven by a preponderance of the evidence that TB Food is equitably estopped from bringing its claim because of the change of positions by Primo relating to whether it consented to AMI's possession and use of the shrimp.**

    Yes _____                    No _____

58. **AMI has proven by a preponderance of the evidence that the breach of contract claim is barred by the *in pari delicto* defense.**

    Yes _____                    No _____

If your answer to any of Questions 54 through Question 58 that you were required to consider is YES, your verdict is for defendants on this claim, and you will proceed to Question 61.  If your answer to each of Question 54 through Question 58 that you were required to answer is NO, your verdict is for TB Food on this claim, and you will proceed to Question 61.

**59. TB Food has proven by a preponderance of the evidence that it suffered the following damages due to the federal unfair competition violation:**

  **Compensatory Damages:   $_____**

  **Exemplary Damages:      $_____**

**60. Defendants has proven by a preponderance of the evidence that TB Food failed to mitigate its damages, thereby reducing the above damages by the following amounts:**

  **Compensatory Damages:   $_____**

  **Exemplary Damages: $_____**

**THIRD-PARTY PLAINTIFF AMI'S BREACH OF CONTRACT CLAIM AGAINST PB LEGACY, INC.**

We the jury find:

61. **AMI has proven by a preponderance of the evidence that PB Legacy, Inc. breached the Grow-Out Agreement as originally entered or as modified by the handwritten document.**

    **Yes _____**                              **No _____**

If you answered Questions 61 is NO, your verdict is for PB Legacy on this claim, and you should go to the last page, sign and date the document, and return this form to the Court.  If you answered YES to Question 61, go to Questions 62 through Question 65.

62. **PB Legacy has proven by a preponderance of the evidence that AMI waived its right to require PB Legacy to perform under the GOA?**

    **Yes _____**                              **No _____**

63. **PB Legacy has proven by a preponderance of the evidence that AMI is equitably estopped from asserting its claim.**

    **Yes _____**                              **No _____**

64. **PB Legacy has proven by a preponderance of the evidence that AMI ratified PB Legacy's conduct.**

    **Yes _____**                              **No _____**

65. **PB Legacy has proven by a preponderance of the evidence that AMI and PB Legacy entered into an accord and satisfaction.**

    **Yes** _____          **No** _____

If you answered any of Questions 62 through Question 65 YES, your verdict is for PB Legacy on this claim. Go to the last page, sign and date the document, and return this form to the Court. If you answered all of Questions 62 through Question 65 NO, your verdict is for AMI on its third-party claim, and you will proceed to Question 66.

66. **AMI has proven by a preponderance of the evidence that it suffered the following damages due to the breach of contract.**

    **Compensatory Damages:   $**_____

SO SAY WE ALL.

_____
DATE

_____
JURY FOREPERSON