UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware
limited liability company,

Plaintiff,

v.                                                                    CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter Plaintiff,

v.

PB LEGACY, INC., a Texas
corporation.

Counter and Third-Party Defendant.
_____/

**PLAINTIFF TB FOOD USA, LLC'S AND THIRD-PARTY DEFENDANT PB LEGACY'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff TB Food USA, LLC ("TB" or "Plaintiff") and Third-Party Defendant PB Legacy, Inc. ("PB Legacy") in the above-styled cause of action having obtained a jury verdict against Defendants AMERICAN PENAEID, INC. ("API") and ROBIN PEARL ("Pearl") for willful and malicious misappropriation of TB/Primo's trade secrets under both federal and state law, for unfair competition under the Lanham Act, and defamation and against American Mariculture, Inc.

("AMI") for breach of contract and on PB Legacy's affirmative defense of ratification [Doc. # 465], files this Motion for entry of Final Judgment:

## ARGUMENT

On November 19, 2021, after a lengthy Jury trial, the Jury returned a unanimous verdict in favor of Plaintiff TB and Third-Party Defendant PB Legacy. As to TB, the jury specifically found for TB as follows:

Count I. Breach of Contract: Defendant AMI breached both the Non-Disclosure Agreement ("NDA") and Grow-Out Agreement ("GOA");[1]

Count II. Defamation: Defendants API and Pearl defamed Primo/TB under Florida law and awarded TB $500,000.00 in damages;

Count IV. Violation of Federal Trade Act: Defendants API and Pearl willfully and maliciously misappropriated Primo/TB's trade secrets under the DTSA and awarded TB $4,950,000.00 in damages;[2]

Count V. Violation of Florida Trade Secret Act: Defendants API and Pearl willfully and maliciously misappropriated Primo/TB's trade secrets under the FUTSA and awarded TB $4,950,000.00 in damages;[3] and

Count VI. Violation of Federal False Advertising / Lanham Act: Defendants API and Pearl violated the Lanham Act-False Advertising and awarded TB $100,000 in damages.

In total, the Jury unanimously awarded TB damages in the amount of $10,500,000.00.

As to Third-Party Defendant, PB Legacy, (which was Primo) the Jury returned a unanimous verdict in favor of PB Legacy awarding no damages to AMI.

---

[1] As previously stated at trial and set forth in several of TB's post-trial motions [Doc. #s 485 and 486] the Court is not bound by the jury's advisory verdict as to AMI's equitable defense of *in pari delicto* as to the breach of contract counts, and for the reasons set forth in aforementioned filings the Court should make its own independent findings of fact and conclusions of law that AMI's equitable defense fails.

[2] The Court found there was no ambiguity in the verdict form and the Jury's verdict in which the Jury awarded TB separately $4.95 million on Count IV and $4.95 million on Count V. *See* TRIAL TRANSCRIPT NOV. 19, 2021, at pp. 24:22-28:20.

[3] The Court found there was no ambiguity in the verdict form and the Jury's verdict in which the Jury awarded TB separately $4.95 million on Count IV and $4.95 million on Count V. *See* TRIAL TRANSCRIPT NOV. 19, 2021, at pp. 24:22-28:20.

As the Jury returned a lawful unanimous verdict on all issues submitted to them, the Court now should make its own independent findings of fact and conclusions of law that AMI's equitable defense of *in pari delicto* regarding TB's breach of contract claims as to either the NDA or GOA or both fails. In short, for the reasons articulated in TB's filings,[4] the Court should find that TB prevails on AMI's equitable defense of *in pari delicto* regarding TB's breach contract claims as to either the NDA or GOA or both.

Judgment in accordance with the Jury's unanimous verdict (along with the Court's finding in favor of TB regarding AMI's equitable defense of *in pari delicto* as to TB's breach of contract claims which TB has requested and prayed for) is now appropriate. FED. R. CIV. P. 58 (a). The Judgment should resolve the remaining issues in the case, including the entitlement to attorneys' fees and costs, granting of enhanced damages, pre and post-judgment interest, disgorgement and the entry of injunctive relief including a permanent injunction, and reserving jurisdiction to determine the amount of any attorneys' fees and costs that should be awarded in the case. Plaintiff respectfully requests and prays that the Judgment include the relief requested in its Motion for Permanent Injunction and Motion for Enhanced Damages, et. al. [*See* Doc. #s 485 and 488].

Accordingly, TB respectfully requests the Court should authorize entry of Judgment as follows:

1. As to Count II. Judgment against API and Pearl, who are jointly and severally liable, for defamation in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00);

2. As to Counts IV and V: Judgment against AMI, API and Pearl, who are jointly and severally liable, for willful and malicious misappropriation of Plaintiff's trade secrets in the amount of NINE MILLION NINE HUNDRED THOUSAND DOLLARS

---

[4] [*See* Doc. #s 485, at pp. 3-4, 10-12, 17-20; 486, at pp. 11-16].

($9,900,000.00) + [AMOUNT THE COURT AWARDS AS ENHANCED DAMAGES AND/OR DISGORGEMENT];

3. As to Count VI.  Judgment against AMI, API, and Pearl, who are jointly and severally liable, for violation of the Lanham Act in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) + [AMOUNT THE COURT AWARDS AS ENHANCED/EXEMPLARY DAMAGES];

4. As to Count I. Breach of Contract. Judgment against AMI for breach of the NDA or GOA, or both, in the amount of ONE DOLLAR ($1.00) + [AMOUNT THE COURT AWARDS AS COMPENSATORY DAMAGES];

5. Plaintiff shall recover from Defendants its costs of suit as taxed in this matter;[5]

6. The Judgment shall bear interest at the pre-judgment interest rate of 4.25% per annum until the date it is fully satisfied;

6. Entry of the requested injunctive relief including permanent injunction; and

7. Judgment in favor of Third-Party Defendant PB Legacy:

> Third-Party Plaintiff AMI takes nothing by its suit;
>
> Third-Party Plaintiff's action and claims are dismissed on the merits and with prejudice; and
>
> Third-Party Defendant PB Legacy may recover its costs of suit as taxed in this matter from Third-Party Plaintiff AMI.[6]

Alternatively, if the Court determines that Plaintiff's motions should be determined after the entry of final judgment in which final judgment shall be based solely at this time as to the Jury's findings along with the Court's findings regarding AMI's equitable defense of *in pari delicto* as to TB's breach of contract claims (which for the reasons set forth in the Plaintiff's

---

[5] Attorney's Fees and Costs to be determined by the Court.
[6] Attorney's Fees and Costs to be determined by the Court.

motions the Court should find in favor of Plaintiff) Plaintiff respectfully requests the Court first authorize entry of Final Judgment as follows, and then grant Plaintiff's pending motions and alter or amend the Final Judgment accordingly:

    1. Judgment against API and Pearl, who are jointly and severally liable, for willful and malicious misappropriation of Plaintiff's trade secrets in the amount of NINE MILLION NINE HUNDRED THOUSAND DOLLARS ($9,900,000.00);

    2. Judgment against API and Pearl, who are jointly and severally liable, for defamation in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00);

    3. Judgment against API and Pearl, who are jointly and severally liable, for violation of the Lanham Act in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00);

    4. Judgment against AMI for breach of the NDA or GOA, or both, in the amount of ONE DOLLAR ($1.00).[7]

    5. Plaintiff shall recover from Defendants its costs of suit as taxed in this matter;[8]

    6. The Judgment shall bear interest at the pre-judgment interest rate of 4.25% per annum until the date it is fully satisfied; and

    7. Judgment in favor of Third-Party Defendant PB Legacy:

        Third-Party Plaintiff AMI takes nothing by its suit;

        Third-Party Plaintiff's action and claims are dismissed on the merits and with prejudice; and

        Third-Party Defendant PB Legacy may recover its costs of suit as taxed in this matter from Third-Party Plaintiff AMI.[9]

---

[7] Attorney's Fees and Costs to be determined by the Court.
[8] Attorney's Fees and Costs to be determined by the Court.
[9] Attorney's Fees and Costs to be determined by the Court.

Under FRCP Rule 58(a) and (b), the Jury Verdict Form [Doc. # 465] dated November 19, 2021, and the Court's prayed for ruling and order as to AMI's equitable defense of *in pari delicto* as to TB's breach of contract claims, the clerk must prepare, sign, and enter the judgment, and on the date the judgment is entered, the clerk must serve on all parties a copy of the judgment and a notice of the date when the judgment was entered.

## **CONCLUSION**

For the reasons set forth above, TB and PB Legacy pray that the Court grant their motion in its entirety and grant all other relief that is just and proper.

Dated: January 6, 2021

> Respectfully submitted,
>
> By: /s/ *Brian M. Gargano*
> Brian M. Gargano (admitted *pro hac vice*)
> Theordore S. Geiger (admitted *pro hac vice*)
> Jiangang Ou (admitted *pro hac vice)*
> BOGC LEGAL PLLC
> 3040 Post Oak Blvd.
> Suite 1800-150
> Houston, TX 77056
> Phone: 713-970-1066
> Brian.Gargano@bogclegal.com
> James.Ou@bogclegal.com
> tgeiger@tedgeigerlaw.com
>
> and
>
> Chené M. Thompson / FB# 541540
> PAVESE LAW FIRM
> Post Office Box 1507
> Fort Myers, Florida 33902-1507
> Telephone No.: (239) 334-2195
> Primary: CheneThompson@paveselaw.com
> Secondary: KellyGermanis@paveselaw.com
>
> *Counsel for Plaintiff TB Food USA, LLC and Third-Party Defendant PB Legacy, Inc.*

## LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Local Rule 3.01(g) Plaintiff's counsel, Brian M. Gargano certifies that he has conferred with Defendants' counsel Mel Brinson via multiple email correspondences in a good faith effort to resolve the issues raised by this motion. Defendants oppose the relief sought.

*/s/ Brian M. Gargano*
Brian M. Gargano

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 6th day of January, 2022 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

*/s/ Brian M. Gargano*
Brian M. Gargano