UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TB FOOD USA, LLC, a
Delaware Limited Liability
Company,

    Plaintiff,

v.                           Case No:  2:17-cv-9-JES-NPM

AMERICAN MARICULTURE, INC.,
a Florida Corporation,
AMERICAN PENAEID, INC., a
Florida Corporation, and
ROBIN PEARL, an individual,

    Defendants.
_____

AMERICAN MARICULTURE,
INC., a Florida
Corporation,

  Third-Party Plaintiff,

v.

PB LEGACY, INC. a Texas
Corporation,

  Third-Party Defendant.
_____

**<u>OPINION AND ORDER</u>**

    Defendants made an oral motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a)(1) at the conclusion of the evidence presented by plaintiffs to the jury. (Doc. #479, p. 26.)

The Court took certain of the issues under advisement and reserved ruling on them. (Id., pp. 49-50.)  These reserved matters related to defendants' arguments as to the personal liability of defendant to Robin Pearl, the liability of American Mariculture, Inc. for acts committed outside the United States, the impact of "reverse engineering" on liability under the trade secrets claims, and the impact of sovereignty and extra-territorial jurisdiction on the federal false advertising claim. (Id., pp. 35-41, 44-49.)

A party is entitled to judgment as a matter of law "[i]f [an opposing] party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue." Fed. R. Civ. P. 50(a)(1); see also Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs, 162 F.3d 653, 659 (11th Cir. 1998) ("[I]n order to survive a defendant's motion for judgment as a matter of law, ... the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim.").  The Court reviews all the evidence then in the record, drawing all reasonable inferences in favor of the nonmoving party without making credibility determinations or weighing the evidence. Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192-93 (11th Cir. 2004) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 148-151 (2000)). Applying these principles to the remaining issues,

the Court denies the remaining portions of defendants' oral motion for judgment as a matter of law.

The Clerk of Court shall sign and docket judgment in the case in a form consistent with the attached Judgment in a Civil Case.

Accordingly,

**IT IS NOW ORDERED:**

1. The portions of defendants' oral motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a)(1) which had been taken under advisement are **DENIED.**

2. The Clerk of Court shall sign and docket judgment in the case in a form consistent with the attached Judgment in a Civil Case.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of January, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TB FOOD USA, LLC, a**
**Delaware Limited Liability**
**Company,**
                **Plaintiff,**

v.                                                         Case No: 2:17-cv-9-FtM-29NPM

**AMERICAN MARICULTURE, INC.,**
**a Florida Corporation,**
**AMERICAN PENAEID, INC., a**
**Florida Corporation, and**
**ROBIN PEARL,**

                **Defendants.**

---------------------------------------------

**AMERICAN MARICULTURE, INC.,**
**a Florida Corporation,**
                **Counter-Plaintiff,**

v.

**PB LEGACY, INC., a Texas**
**Corporation, KENNETH GERVAIS,**
**and RANDALL AUNGST,**

                **Counter/Third-Party Defendants.**

-------------------------------------------------

**JUDGMENT IN A CIVIL CASE**

**Non-Jury.**         On December 4, 2018, an Opinion and Order (Doc. #135) was entered granting summary judgment as to Count II and Count IX of the Amended Complaint (Doc. #20) in favor of defendants.

On April 10, 2020, an Opinion and Order (Doc. #306) was entered granting summary judgment as to PB Legacy, Inc., which was dismissed without prejudice as plaintiff in all counts in the Amended Complaint (Doc. #20).

On May 5, 2020, an Opinion and Order (Doc. #307) was entered granting summary judgment in favor of third-party defendants Kenneth Gervais and Randall Aungst as to all counts in the Amended Complaint (Doc. #20) against them.

**IT IS ORDERED AND ADJUDGED:**

(1) Pursuant to the prior Opinion and Orders of the Court, judgment is entered as follows:

    (a) Judgment is entered in favor of American Mariculture, Inc., American Penaeid, Inc. and Robin Pearl as to Count II and Count IX of the Amended Complaint (Doc. #20) and plaintiff TB Food USA, LLC shall take nothing as to these counts.

    (b) Judgment is entered dismissing without prejudice PB Legacy, Inc. as plaintiff in all counts in the Amended Complaint (Doc. #20).

    (c) Judgment is entered in favor of Kenneth Gervais and Randall Aungst as to all counts against them in the Amended Complaint (Doc. #20), and plaintiff TB Food USA, LLC shall take nothing as to these defendants.

**Jury Verdict.**         The Amended Complaint (Doc. #20) came before the Court for a trial by jury as to the remaining parties and claims. The issues have been tried and the jury rendered its verdict on **November 19, 2021**.

**IT IS FURTHER ORDERED AND ADJUDGED:**

(2) Pursuant to the verdict of the jury after trial, judgment is entered as follows:

    (a) As to the Amended Complaint (Doc. #20):

**Count I:** Judgment is entered in favor of American Mariculture, Inc. as to the breach of contract claim relating to the Nondisclosure Agreement and the Grow-Out Agreement based on the jury findings that while American Mariculture Inc. had breached the contracts, American Mariculture, Inc. had proven that the breach of contract claim was

barred by the *in pari delicto* defense. TB Food USA, LLC. shall take nothing as to this claim.

**Count III:** Judgment in the amount of $500,000.00 is entered in favor of Plaintiff TB Food USA, LLC and against Defendants American Penaeid, Inc. and Robin Pearl for defamation. Judgment is entered in favor of American Mariculture, Inc. and against TB Food USA, LLC as to the defamation claim, and TB Food USA, LLC shall take nothing from American Mariculture, Inc. as to this claim.

**Count IV:** Judgment in the amount of $4,950,000.00 compensatory damages and $0.00 in exemplary damages is entered in favor of Plaintiff, TB Food USA, LLC and against Defendants American Penaeid, Inc. and Robin Pearl for violation of the federal Defend Trade Secrets Act. Judgment is entered in favor of American Mariculture, Inc. and against TB Food USA, LLC as to the federal Defend Trade Secrets Act claim, and TB Food USA, LLC shall take nothing from American Mariculture, Inc. as to the Defend Trade Secrets Act claim.

**Count V:** Judgment in the amount of $4,950,000.00 compensatory damages and $0.00 in exemplary damages is entered in favor of Plaintiff, TB Food USA, LLC and against Defendants American Penaeid, Inc. and Robin Pearl for violation of the Florida Trade Secrets Act. Judgment is entered in favor of American Mariculture, Inc. and against TB Food USA, LLC as to the Florida Trade Secrets Act claim, and TB Food USA, LLC shall take nothing from American Mariculture, Inc. as to the Florida Trade Secrets Act claim.

**Count VI:** Judgment in the amount of $100,000.00 compensatory damages and $0.00 in exemplary damages is entered in favor of Plaintiff, TB Food USA, LLC, against

Defendants American Penaeid, Inc. and Robin Pearl as to the federal unfair competition claim. Judgment is entered in favor of American Mariculture, Inc. and against TB Food USA, LLC as to the federal unfair competition claim, and TB Food USA, LLC shall take nothing from American Mariculture, Inc. as to this claim.

**Counts VII and VIII:** Judgment is entered in favor of Defendants American Mariculture, Inc., American Penaeid, Inc. and Robin Pearl, and TB Food USA, LLC shall take noting on these claims.

(b) As to the Counterclaim/Third-Party Complaint (Doc. #80):

**Breach of Contract Claim:** Judgment is entered in favor of PB Legacy, Inc. and American Mariculture, Inc. shall take nothing based on the jury finding that PB Legacy had proven its defenses that American Mariculture, Inc. was estopped from asserting this claim and that American Mariculture, Inc. had ratified PB Legacy's conduct.

January    , 2022

                              ELIZABETH M. WARREN,
                              CLERK

                              s/AH, Deputy Clerk