UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware
limited liability company,

Plaintiff,

v.  CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter Plaintiff,

v.

PB LEGACY, INC., a Texas
corporation.

Counter and Third-Party Defendant.
_____/

**PLAINTIFF TB FOOD USA, LLC'S OBJECTIONS TO ROBIN PEARL'S POST-TRIAL AFFIDAVIT AND HENRY UY'S POST-TRIAL DECLARATION SUBMITTED IN SUPPORT OF DEFENDANTS' RULE 59(a) MOTION**

Plaintiff TB Food USA, LLC ("TB" or "Plaintiff") respectfully files its Objections to Robin Pearl's ("Pearl") Post-Trial Affidavit [Doc. # 483-2] and Henry Uy's ("Uy") Post-Trial Declaration [Doc. # 483-4] submitted in support of Defendants' Motion for New Trial under Rule 59(a) of the Federal Rules of Civil Procedure [Doc. # 483], and would respectfully show the Court as follows:

## TB'S OBJECTIONS

Plaintiff objects to Defendants' untimely and irrelevant submission and use of Pearl's Post-Trial affidavit and Uy's declaration as well as the contents set forth therein, and requests that the Court not consider either. It is well established that when witnesses are not subject to cross examination, the Court cannot assess their credibility. *Polymers, Inc. v. Ultra Flo Filtration Sys.*, 33 F. Supp. 2d 1008 (M.D. Fla. 1998) (Further holding conclusory allegations in an affidavit is of almost no use to the Court); *see also United Subcontractors, Inc. v. Godwin,* No. 11-81329-Civ, 2012 U.S. Dist. LEXIS 67061 (S.D. Fla. 2012). As such, an affidavit has little value when it is not and cannot be subject to cross-examination as to its contents. *See generally Herrera v. Collins*, 506 U.S. 390, 417 (1993).

As the Court has no way to test the veracity of either Pearl's new testimony in his affidavit or Uy's testimony in his declaration and ascertain their credibility, neither "sworn statement" has any value.

It is well-settled that hearsay is defined as a statement that is made outside of "the current trial or hearing" that "a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). It is beyond dispute Pearl's affidavit and Uy's declaration are hearsay. As neither the Court nor Plaintiff can cross-examine as to the contents of Pearl's and Uy's respective sworn statements, both lack the requisite sufficient guarantee of trustworthiness. As such, Pearl's affidavit and Uy's declaration are inadmissible hearsay which should not and cannot be considered. The statement at the end of Paragraph three and all of Paragraph four of Pearl's affidavit is conclusory, lacks foundation-there are insufficient facts to establish the basis for said testimony, and is predicated on inadmissible hearsay. Indeed, Uy's declaration fails to even speak to any of Feedmix's discussion with Pearl while he was on the stand. As such, it begs

the question as to whom contacted whom and who initiated the discussion about Primo while Pearl was on the stand.  Uy's testimony is conclusory, lacks foundation-there are insufficient facts to establish the basis for said testimony, and is predicated on inadmissible hearsay. (Paragraphs four, five, six, nine, and eleven are either directly or predicated on inadmissible hearsay; Paragraphs ten, twelve, and fourteen are speculative, conclusory, lack foundation, and are violative of the best evidence rule; Paragraphs seven, eight, thirteen, and fourteen violate the best evidence rule).

Additionally, Defendants during their turn and case in-chief had the opportunity to present Uy as a witness (including via videoconference just like Plaintiff did with its witnesses that were abroad) and chose not to do so.  Likewise, Defendants also could have recalled Pearl back to the stand and chose not to do so.  Having chosen not to do so, Defendants have waived their right to present the submitted testimony as it is undeniably untimely.

Lastly, as shall be amply demonstrated in Plaintiff's Response to Defendants' Motion for a New Trial under Rule 59, the testimony is irrelevant and of no consequence as to the issue of whether Plaintiff possessed a trade secret under Florida law and/or owned a trade secret under Federal law.

## CONCLUSION

For the reasons set forth above, TB prays that the Court sustain its objections.

Dated: January 7, 2021

Respectfully submitted,

By: /s/ *Brian M. Gargano*
  Brian M. Gargano (admitted *pro hac vice*)
  BOGC Legal PLLC
  3040 Post Oak Blvd.
  Suite 1800-150
  Houston, TX 77056
  Phone: 713-970-1066
  Brian.Gargano@bogclegal.com

and

Chené M. Thompson / FB# 541540
PAVESE LAW FIRM
Post Office Box 1507
Fort Myers, Florida 33902-1507
Telephone No.: (239) 334-2195
Primary: CheneThompson@paveselaw.com
Secondary: KellyGermanis@paveselaw.com

*Counsel for Plaintiff TB Food USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 7th day of January, 2022 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

*/s/ Brian M. Gargano*
Brian M. Gargano