UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

TB FOOD USA, LLC, a Delaware Limited
Liability Company, and PB LEGACY, INC.,
a Texas Corporation,

   Plaintiffs,

v.                                CASE NO.: 2:17-cv-9-FtM-29CM

AMERICAN MARICULTURE, INC., a
Florida Corporation, AMERICAN PENAEID,
INC., a Florida Corporation, and ROBIN
PEARL,

   Defendants.

_____/

### TB FOOD USA, LLC'S RESPONSE TO AMERICAN MARICULTURE, INC.'S FIRST REQUEST FOR PRODUCTION DIRECTED TO TB FOOD USA, LLC

Plaintiff, TB FOOD USA, LLC ("TB Food") pursuant to Federal Rule of Civil Procedure 34 hereby responds and objects to Defendant and Counter-Plaintiff AMERICAN MARICULTURE, INC.'S ("AMI") First Request for Production Directed to TB Food USA, LLC ("Request for Production").

### GENERAL OBJECTIONS

1.     TB Food objects to the definitions and instructions section of the Request for Production to the extent that the definitions and instructions purport to alter, expand or otherwise modify the obligations and requirements imposed by the Federal Rules of Civil Procedure, the Local Rules and the guidelines and parameters outlined in the Case Management and Scheduling Order (Doc. 105) dated May 24, 2018.

2.     TB Food has not yet completed its investigation of all of the facts related to the issues in this case and has not completed its preparation for any trial that may be held in this action.

Accordingly, any responses to the Request for Production are based upon information currently known to TB Food and are given without prejudice to its right to produce evidence of any subsequently discovered information.

3.      Each document produced is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of the document or any statements contained therein if the document were sought to be admitted in evidence. All objections and grounds to exclude any document produced are expressly reserved and may be interposed at the time of any hearing or trial.

4.      TB Food's responses shall not be deemed to constitute admissions that any particular document or thing exists, is relevant, is non-privileged, non-confidential, or admissible in evidence.

5.      TB Food objects to each and every Request for Production to the extent that it seeks discovery of information protected by the attorney-client privilege, the work product privilege, or any other applicable privilege or immunity, including, but not limited to, information or documents containing the mental impression, conclusions, opinions, or legal theories of TB Food's attorneys concerning the pending litigation.  In responding to the Requests for Production, TB Food will exclude from any response, on a blanket basis, all communications with counsel in this litigation and will not identify any such documents on their privilege log.

## OBJECTION TO THE FORM OF PRODUCTION

The "Definitions" promulgated by AMI, at item "M" seeks to require the production of all electronically stored information in its native form.  Further, the "Instructions", at item "C", seeks to require: 1) that any document that exists in electronic form must be produced in its native format;

2) if a document exists in both hardcopy and electronic form it must be produced in both forms; and, 3) documents stored electronically must be produced in electronic format in standard production format including a load file with optical character recognition and single page TIFF files.

The required form of production for documents that exist in electronic form is inconsistent between the Definitions, item "M" and the Instructions, item "C". Further, the Instructions, item "C" is internally inconsistent demanding production in both native format and in standard production format including a load file with optical character recognition and single page TIFF files.

TB Food USA, LLC ("TB Food") will produce all electronically stored documents in standard production format including a load file with optical character recognition and single page TIFF files. In addition, any electronically stored Excel spreadsheet will be produced in native format along with a TIFF image placeholder stating the document was produced in native format and a file containing the document extracted text (which is the text pulled from the native file ). If the Excel file needs be redacted, then TIFF images instead of the native will be provided along with OCR files ( which is text rendered from the TIFF images ).

TB Food objects to the Instruction, item "C 2" that if a document exists in both hardcopy and electronic form it must be produced in both forms. Federal Rule of Civil Procedure 34(2)(E)(iii) provides that a party need not produce the same electronically stored information in more than one form. TB Food will produce all documents in electronic form as set forth above.

## OBJECTION TO THE INSTRUCTION REQUIRING A PRODUCTION LOG

The Instructions, at item "B", seeks to require that the documents be produced as they are kept in the usual course of business or organized and labeled according to the number of the

document request.  The production of documents with metadata and the ability to systematically

retrieve files based on that metadata is the production of documents as they are kept in the usual

course of business. *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274 at *11 (M.D. Fla.

2013).  Therefore, TB Food will not provide a production log.

## OBJECTION TO THE INSTRUCTION REGARDING DOCUMENTS AVAILABLE THROUGH ANOTHER SOURCE

The Instructions, at item "D", seeks to require the production of documents without

limitation by the fact that the document is available through another source. Many of the

documents which are responsive to these Requests for Production are in the possession, custody

or control of TB Food because they were produced to TB Food by AMI.  TB Food objects and will

not produce documents back to AMI which came into its possession, custody or control by

production from AMI.

Production back to AMI of documents deemed to be responsive by TB Food would invade

the attorney work-product privilege as to the selection of documents produced by AMI thought by

TB Food's counsel to be relevant.

## NOTE AS TO THE TIME LIMITATION CONTAINED IN THE INSTRUCTIONS

The Instructions, at item "G" limits the Requests to responsive documents generated on or

after January 1, 2013.  The Responses and documents produced will be so limited.

## PRODUCTION OF DOCUMENTS WILL BE MADE UPON AGREEMENT AS TO SEARCH TERMS TO USE IN TB FOOD'S EDISCOVERY DATA BASE

All of the documents which TB Food has in its possession, custody or control are uploaded

to its eDiscovery data base.  TB Food has, on several occasions prior to this Response, asked AMI

to provide a "seed set" of search terms as set forth in *The Sedona Conference Best Practices*

*Commentary on the Use of Search & Information Retrieval Methods in E–Discovery*, 8 Sedona Conf. J. 189, 194–95, 201–02 (2008).

TB Food offers to work cooperatively with AMI and with TB Food's eDiscovery vendor to craft the search terms as to each Request to which it has not posed an Objection; to test the search terms and to attempt to reach agreement as to appropriate search terms. Where agreement is reached, TB FOOD will then screen the "hits" for privilege and will produce all non-privileged documents. *L-3 Communications Corp. v. Sparton Corp.*, 313 F.R.D. 661, 666 – 668 (M.D. Fla. 2015).

## TB FOOD USA, LLC'S RESPONSE TO AMERICAN MARICULTURE, INC.'S FIRST REQUEST FOR PRODUCTION

1. All Documents relating to AMI's or PEARL's learning of or knowledge of PRIMO or PRIMO SHRIMP in 2013 or 2014.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

2. All Documents created relating to PRIMO or PRIMO SHRIMP.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 2 in TB Food's First Set of Requests for Production Directed to All Defendants ("TB Food's 1st Requests") which sought production from AMI of: "All Documents created before December 11, 2014, related to Primo or Primo Shrimp."

In the Amended Complaint, TB Food alleges:
- That it conducted a field study in Mexico of Primo Shrimp which demonstrated the high survival rate of Primo shrimp.
- That the reports of the Mexican field study were widely disseminated.

- That AMI entered into the NDA and the Grow Out Agreement ("GOA")[1] with Primo to develop a more sustainable business model for AMI's business.

Thus, TB Food's Request # 2 is relevant to the claims in the litigation.

However, this mirrored Request which in effect requests all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo or Primo shrimp would encompass virtually every document in TB Food's possession, custody control as the production and sale of Primo shrimp is its business. This Request is not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional to the needs of the case and no documents will be produced in response to this Request.

3.     All Documents relating to PRIMO's entering into the NDA, including all business or financial plans, models, or projections related thereto.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

4.     All Documents relating to PRIMO's entering into the Grow-Out Agreement, including all business or financial plans, models, or projections related thereto.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

5.     All Documents relating to any alleged breaches by Primo of the Grow-Out Agreement.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

6.     All Documents relating to the genetic program referenced in the second recital of the Grow-Out Agreement.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable

---

[1] The defined terms found in "Definitions" of the Request for Production have the same meaning when used herein.

information to that which is proportional to the needs of the case.

TB Food notes that this Request is a mirror of Request # 6 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to the genetic program referenced in the 2nd recital of the Grow-Out Agreement."

The second recital of the GOA states: "Primo desires to offer a development of a genetic program for the AMI production and the grow-out of broodstock for Primo production."

In the Amended Complaint, TB Food alleges:
- That AMI and API used the proprietary genetic program developed by Primo for the production and grow-out of Primo shrimp, hybrid shrimp and Primo derivatives in violation of the GOA.

Thus, TB Food's Request # 6 is relevant to the claims in the litigation.

This mirrored Request encompasses the use by Primo of its proprietary genetic program developed by Primo for the production and grow-out of Primo shrimp which is not relevant to the claims or defenses in this litigation and is not proportional.

Further, the genetics program established by Primo is a trade secret. Pursuant to Fed. R. Civ. P. 26(c)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Since some of the counts in the Amended Complaint depend on diversity jurisdiction, Florida state law applies to TB Food's assertion of trade secret.

Florida Statutes § 90.506 provides a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or otherwise work injustice. *US Connect, LLC v. Capital Solutions Bancorp LLC,* 2014 WL 12616970 (M.D. FtM Fla. 2014) (*citing Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001)).

To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law. The Confidentiality Protective Order entered in this case (Doc. 102) would not provide sufficient protection in that, even if designated "Attorneys Eyes Only", the trade secret information could be disclosed to Dr. Franklin Perez, who acts as a genetic selection expert for Defendants and is expected to testify as an expert at the trial in this matter.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional, and no documents will be produced in response to this Request. To the extent that

the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law and will withhold any responsive documents from production.

      7.     All Documents relating to the genetic testing program referenced in the fourth recital of the Grow-Out Agreement.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is a mirror of Request # 7 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to the genetic testing program referenced in the fourth recital of the Grow-Out Agreement." "

The fourth recital of the GOA states: "Primo will perform genetic tests of growth and survival for hyper intensive systems."

In the Amended Complaint, TB Food alleges:
- That AMI and API used the proprietary genetic program developed by Primo for the production and grow-out of Primo shrimp, hybrid shrimp and Primo derivatives in violation of the GOA.

Thus, TB Food's Request # 7 is relevant to the claims in the litigation.

This mirrored Request encompasses the use by Primo of its proprietary genetic program developed by Primo for the production and grow-out of Primo shrimp which is not relevant to the claims or defenses in this litigation and is not proportional.

Further, the genetics program established by Primo is a trade secret. Pursuant to Fed. R. Civ. P. 26(c)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Since some of the counts in the Amended Complaint depend on diversity jurisdiction, Florida state law applies to TB Food's assertion of trade secret.

Florida Statutes § 90.506 provides a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or otherwise work injustice. *US Connect, LLC*

*v. Capital Solutions Bancorp LLC,* 2014 WL 12616970 (M.D. FtM Fla. 2014) (*citing Del Monte Fresh Produce Co. v. Dole Food Co.,* 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001)).

To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law.  The Confidentiality Protective Order entered in this case (Doc. 102) would not provide sufficient protection in that, even if designated "Attorneys Eyes Only", the trade secret information could be disclosed to Dr. Franklin Perez, who acts as a genetic selection expert for Defendants and is expected to testify as an expert at the trial in this matter.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional, and no documents will be produced in response to this Request.  To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law and will withhold any responsive documents from production.

8.     All Documents relating to the receipt, use, grow-out, sale, or other disposition by AMI after January 1, 2015, of shrimp that were or were claimed by any Person to be PRIMO Shrimp or Hybrid Shrimp.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

9.     All Documents relating to the receipt, use, grow-out, sale, or other disposition of shrimp received by or delivered to any of the Defendants from or on behalf of Primo.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is a mirror of Request # 9 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to the receipt, use, grow-out, sale, or other disposition of shrimp received by or delivered to any of the Defendants from or on behalf of Primo."

In the Amended Complaint, TB Food alleges:
- That once Primo ceased operations at the AMI facility on April 30, 2016, AMI wrongfully transferred all of Primo's shrimp left at the AMI facility to its wholly-owned subsidiary, API.
- That the Defendants then wrongfully used, sold and otherwise disposed of the Primo shrimp left at the AMI facility as live shrimp broodstock.

Thus, TB Food's Request # 9 is relevant to the claims in the litigation.

However, this mirrored Request would also encompass all documents relating to Primo shrimp which were received by or delivered to any of the Defendants from or on behalf of Primo and then were removed from the AMI facility during the operation of the NDA and GOA and sold to third parties. As stated, this Request is overbroad and not relevant to the claims or defenses in this litigation.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that relate to the receipt, use, grow-out, sale, or other disposition of shrimp received by or delivered to any of the Defendants from or on behalf of Primo *other than those removed from the AMI facility by Primo during the operation of the Production Premises under the GOA.*

10.     All Documents relating to the termination or wind-down of the business relationship between PRIMO and AMI.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 10 in TB Food's 1st Requests which sought production from AMI of: "All Documents *after December 1, 2015,* relating to the termination or wind-down of the business relationship between PRIMO and AMI." (emphasis supplied) However, this Request is not date limited.

In the Amended Complaint, TB Food alleges:
- During the wind down of the business relationship between Primo and AMI, Defendants took steps to wrongfully retain, use and sell the Primo shrimp left at the AMI facility after April 30, 2016, and their offspring and derivatives for Defendants' own profit, causing damages to Primo.

Thus, TB Food's Request # 10 is relevant to the claims in the litigation.

However, this mirrored Request would also encompass all documents relating to Primo's operation of its business in light of the termination and wind down of the business relationship with AMI. This Request is overbroad and not relevant to the claims or defenses in this litigation.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control relating to the termination or wind-down of the business relationship between PRIMO and AMI *which are relevant to the claims raised in this litigation.*

11.     All Documents relating to any offers, negotiations, or agreements by any of the Defendants for the sale of Primo Shrimp or Hybrid Shrimp that were located at AMI's facility on April 30, 2016.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

12.     All Documents relating to the Florida Injunction Litigation.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

13.     All Documents relating to the Texas Injunction Litigation.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

14.     All Documents relating to any Chinese Litigation.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is a mirror of Request # 14 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to any Chinese Litigation."

The Definitions define Chinese Litigation" as: "[A]ny action pending in any court in the People's Republic of China relating to (i) the sale, use, grow-out or other disposition of Primo Shrimp or Hybrid Shrimp, (ii) purported contractual arrangements involving Primo, or (iii) use of the tradename "Primo".

When posed by TB Food this Request encompasses a finite number of documents all of which are related to the issues raised in the Amended Complaint.   It is thus relevant and proportional to this litigation.

Posed as a mirrored request, it would encompass any action pending in any court in the People's Republic of China relating to Primo's business.   It is therefore not relevant and proportional.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control relating to any Chinese Litigation *which relates to any of the Defendants or their agents or business affiliates.*

15. All Documents relating to the execution of the Termination agreement.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

16. All Documents relating to the alleged obligations of Primo or AMI under the Termination Agreement, including all Documents relating to any actions of Primo and AMI alleged to have been undertaken relating to the Termination Agreement.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

17. All Documents relating to the meaning or interpretation of the Termination Agreement.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

18. All Documents relating to the receipt, use, grow-out, sale, or other disposition of all Primo Shrimp shipped or delivered by or on behalf of Primo to AMI between December 11, 2014, and the present.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is a mirror of Request # 18 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to the receipt, use, grow-out, sale, or other disposition of all Primo Shrimp shipped or delivered by or on behalf of Primo to AMI between December 11, 2014, and the present."

In the Amended Complaint, TB Food alleges:
- That once Primo ceased operations at the AMI facility on April 30, 2016, AMI wrongfully transferred all of Primo's shrimp left at the AMI facility to its wholly-

owned subsidiary, API.
- That the Defendants then wrongfully used, sold and otherwise disposed of the Primo shrimp left at the AMI facility as live shrimp broodstock.

Thus, TB Food's Request # 18 is relevant to the claims in the litigation.

However, this mirrored Request would also encompass all documents relating to Primo shrimp which were received by or delivered to any of the Defendants from or on behalf of Primo and then were removed from the AMI facility during the operation of the NDA and GOA and sold to third parties. As stated, this Request is overbroad and not relevant to the claims or defenses in this litigation.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that relate to the receipt, use, grow-out, sale, or other disposition of shrimp received by or delivered to any of the Defendants from or on behalf of Primo *other than those removed from the AMI facility by Primo during the operation of the Production Premises under the GOA.*

19.     All Documents relating to the use, grow-out, sale, or other disposition by AMI or API of all Hybrid Shrimp.

**RESPONSE:**   TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

20.     All Documents related to the establishment by PRIMO of any genetics program for shrimp broodstock.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 20 in TB Food's 1st Requests which sought production from AMI of: "All Documents related to the establishment by AMI or API of any genetics program for shrimp broodstock."

In the Amended Complaint, TB Food alleges:
- That AMI and API used Primo shrimp, in violation of the GOA, to establish API's genetics program for shrimp broodstock.

Thus, TB Food's Request # 20 is relevant to the claims in the litigation.

However, this mirrored Request encompasses the establishment by Primo of its genetic program for shrimp broodstock, which is not relevant to the claims or defenses in this litigation and is not proportional.

Further, the genetics program established by Primo is a trade secret. Pursuant to Fed. R. Civ. P. 26(c)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Since some of the counts in the Amended Complaint depend on diversity jurisdiction, Florida state law applies to TB Food's assertion of trade secret.

Florida Statutes § 90.506 provides a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or otherwise work injustice. *US Connect, LLC v. Capital Solutions Bancorp LLC*, 2014 WL 12616970 (M.D. FtM Fla. 2014) (*citing Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001)).

To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law. The Confidentiality Protective Order entered in this case (Doc. 102) would not provide sufficient protection in that, even if designated "Attorneys Eyes Only", the trade secret information could be disclosed to Dr. Franklin Perez, who acts as a genetic selection expert for Defendants and is expected to testify as an expert at the trial in this matter.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request. To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law and will withhold any responsive documents from production.

21.     All Documents relating to the use by PRIMO of Primo Shrimp or Hybrid Shrimp in any genetic program.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 21 in TB Food's 1st

Requests which sought production from AMI of: "All Documents relating to the use by AMI or API of Primo Shrimp or Hybrid Shrimp in any genetic program."

> In the Amended Complaint, TB Food alleges:
> - That AMI and API used Primo shrimp, in violation of the GOA, to establish API's genetics program for shrimp broodstock.

> Thus, TB Food's Request # 21 is relevant to the claims in the litigation.

However, this mirrored Request encompasses all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's business of using its shrimp in its genetic programs, which is not relevant to the claims or defenses in this litigation and is not proportional.

Further, the genetics program established by Primo is a trade secret. Pursuant to Fed. R. Civ. P. 26(c)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Since some of the counts in the Amended Complaint depend on diversity jurisdiction, Florida state law applies to TB Food's assertion of trade secret.

Florida Statutes § 90.506 provides a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or otherwise work injustice. *US Connect, LLC v. Capital Solutions Bancorp LLC,* 2014 WL 12616970 (M.D. FtM Fla. 2014) (*citing Del Monte Fresh Produce Co. v. Dole Food Co.,* 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001)).

To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law. The Confidentiality Protective Order entered in this case (Doc. 102) would not provide sufficient protection in that, even if designated "Attorneys Eyes Only", the trade secret information could be disclosed to Dr. Franklin Perez, who acts as a genetic selection expert for Defendants and is expected to testify as an expert at the trial in this matter.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request. To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law and will withhold any responsive documents from production.

22.     All Documents relating to any development, grow-out, sale, or other disposition of any product by AMI or API that in any way used or claimed to use Primo Shrimp or Hybrid

Shrimp.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

23.     All Documents related to any communications with any person relating to the use, grow-out, sale, or other disposition of Primo Shrimp or of Hybrid Shrimp after January 1, 2016.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is a mirror of Request # 23 in TB Food's 1st Requests which sought production from AMI of: "All Documents related to any communications with any person relating to the use, grow-out, sale, or other disposition of Primo Shrimp or of Hybrid Shrimp after January 1, 2016."

In the Amended Complaint, TB Food alleges:
- That once Primo ceased operations at the AMI facility on April 30, 2016, AMI wrongfully transferred all of Primo's shrimp left at the AMI facility to its wholly-owned subsidiary, API.
- That the Defendants then wrongfully used, sold and otherwise disposed of the Primo shrimp left at the AMI facility as live shrimp broodstock.

Thus, TB Food's Request # 23 is relevant to the claims in the litigation.

However, this mirrored Request would also encompass all documents relating to Primo's use, grow-out, sale or other disposition of its own Primo Shrimp from January 1, 2016 to the present.  As stated, this Request is overbroad and not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.

24.     All Documents relating to any foreign *(i.e.,* non-US) based distributor, joint venturer, marketer, researcher, seller, or shipper (or any of their respective agents, customers, or prospective customers) regarding the sale, distribution, grow-out, or other disposition of shrimp broodstock developed by PRIMO that in any way used or claimed by any Person to use Primo Shrimp or Hybrid Shrimp.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1)

limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 24 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to any foreign (*i.e.,* non-US) based distributor, joint venturer, marketer, researcher, seller, or shipper (or any of their respective agents, customers, or prospective customers) regarding the sale, distribution, grow-out, or other disposition of shrimp broodstock developed by AMI or API that in any way used or claimed by any Person to use Primo Shrimp or Primo Derivatives, (including without limitation, Primo (China) Broodstock Co., Ltd., Hainan Dingda Agriculture Company, Ltd., Tangshan Jun Zheng Hatchery, and Advanced Hatchery Technology, Inc., and Franklin Perez).

In the Amended Complaint, TB Food alleges that AMI and API developed broodstock which were claimed to be Primo Shrimp or Primo Derivatives and marketed and distributed these shrimp in foreign markets.

Thus, TB Food's Request # 24 is relevant to the claims in the litigation.

However, this mirrored Request which in effect requests all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's foreign marketing and distribution of its Primo shrimp is not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional to the needs of the case and no documents will be produced in response to this Request.

25.       All Documents relating to any foreign *(i.e.,* non-US)  based distributor, joint venturer, marketer, researcher, seller, or shipper (or any of their respective agents, customers, or prospective customers) regarding the sale, distribution, grow-out, or other disposition of shrimp broodstock developed by PRIMO that in any way made any statements as to the survival rate of the shrimp (including without limitation, Primo (China) Broodstock Co., Ltd., Hainan Dingda Agriculture Company, Ltd., Tangshan Jun Zheng Hatchery, and Advanced Hatchery Technology, Inc., and Franklin Perez).

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 25 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to any foreign (*i.e.*, non-US) based distributor, joint venturer, marketer, researcher, seller, or shipper (or any of their respective agents, customers, or prospective customers) regarding the sale, distribution, grow-out, or other disposition of shrimp broodstock developed by AMI or API that in any way made any statements as to the survival rate of the shrimp (including without limitation, Primo (China) Broodstock Co., Ltd., Hainan Dingda Agriculture Company, Ltd., Tangshan Jun Zheng Hatchery, and Advanced Hatchery Technology, Inc., and Franklin Perez)."

In the Amended Complaint, TB Food alleges that AMI and API developed broodstock which were claimed to have high survival rates unique to Primo Shrimp and marketed and distributed these shrimp in foreign markets.

Thus, TB Food's Request # 25 is relevant to the claims in the litigation.

However, this mirrored Request which in effect requests all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's foreign marketing and distribution of its Primo shrimp is not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional to the needs of the case and no documents will be produced in response to this Request.

26.    All Documents relating to any foreign (*i.e.,* non-US) based distributor, joint venturer, marketer, researcher, seller, or shipper (or any of their respective agents, customers, or prospective customers) regarding the sale, distribution, grow-out, or other disposition of shrimp broodstock developed by AMI or API that in any way made any statements as to resistance of the shrimp to disease or pathogens.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 26 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to any foreign (*i.e.*, non-US) based distributor, joint venturer, marketer, researcher, seller, or shipper (or any of their respective agents, customers, or prospective customers) regarding the sale, distribution, grow-out, or other disposition of shrimp broodstock developed by AMI or API that in any way made any statements as to resistance of the shrimp to disease or pathogens (including without limitation, Primo (China) Broodstock Co., Ltd., Hainan Dingda Agriculture Company, Ltd., Tangshan Jun Zheng Hatchery, and Advanced Hatchery Technology, Inc., and Franklin Perez).

In the Amended Complaint, TB Food alleges that AMI and API developed broodstock which were claimed to have the high resistance to disease or pathogens unique to Primo Shrimp and marketed and distributed these shrimp in foreign markets.

Thus, TB Food's Request # 26 is relevant to the claims in the litigation.

However, this mirrored Request which in effect requests all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's foreign marketing and distribution of its Primo shrimp is not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional to the needs of the case and no documents will be produced in response to this Request.

27.    All Documents relating to the entry by PRIMO into the business of developing mature shrimp breeders for shipment, grow-out, sale, or other disposition.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 27 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to the entry by any of the Defendants into the business of developing mature shrimp breeders for shipment, grow-out, sale, or other disposition, including the establishment of API for any such purposes."

In the Amended Complaint, TB Food alleges:

- That prior to entering the GOA with Primo, AMI was in the business of selling fresh or frozen (dead) shrimp for table food.
- That AMI entered the business of developing mature shrimp breeders for shipment, grow-out, sale, or other disposition when it wrongly used Primo shrimp in violation of the GOA.
- That API was formed for the purpose of conducting the business of developing mature shrimp breeders for shipment, grow-out, sale, or other disposition.

Thus, TB Food's Request # 27 is relevant to the claims in the litigation.

However, this mirrored Request which in effect requests all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's entry into the business of developing mature shrimp breeders for shipment, grow-out, sale, or other disposition is not

relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and not proportional to the needs of the case and no documents will be produced in response to this Request.

28.     All Documents relating to the application of PRIMO to obtain any Federal Fish and Wildlife Permit issued in favor of API and dated on or about January 20, 2016.

**RESPONSE:** No responsive documents exist.  Primo did not make application for a Federal Fish and Wildlife Permit to be issued in favor of API.

29.     All Documents relating to the origins, breeding records, family logs, and spawn, post-larvae, and breeder production records maintained at any time by any of the Defendants of all breeder shrimp that were or were claimed by any Person to be derived in whole or part from Primo Shrimp or from Hybrid Shrimp.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that were maintained at any time by any of the Defendants and are thus within the scope of this Request.

30.     All Documents relating to the origins, breeding records, family logs, and spawn, post-larvae, and breeder production records maintained after January 1, 2015, by any of the Defendants of all breeder shrimp as to which any Defendant made claims as to the resistance of the shrimp to disease or pathogens.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that maintained at any time by any of the Defendants and are thus within the scope of this Request.

31.     All breeding reports or genetic testing reports relating to any Primo Shrimp or to any Hybrid Shrimp.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request encompasses all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's business of breeding Primo shrimp and

using genetic testing in the production.  This Request is not relevant to the claims or defenses in this litigation and is not proportional.

Further, the genetics program established by Primo is a trade secret.  Pursuant to Fed. R. Civ. P. 26(c)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Since some of the counts in the Amended Complaint depend on diversity jurisdiction, Florida state law applies to TB Food's assertion of trade secret.

Florida Statutes § 90.506 provides a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or otherwise work injustice.  *US Connect, LLC v. Capital Solutions Bancorp LLC,* 2014 WL 12616970 (M.D. FtM Fla. 2014) (*citing Del Monte Fresh Produce Co. v. Dole Food Co.,* 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001)).

To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law.  The Confidentiality Protective Order entered in this case (Doc. 102) would not provide sufficient protection in that, even if designated "Attorneys Eyes Only", the trade secret information could be disclosed to Dr. Franklin Perez, who acts as a genetic selection expert for Defendants and is expected to testify as an expert at the trial in this matter.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.  To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law and will withhold any responsive documents from production.

32.    All Communications after January 1, 2016, between or among any of the parties to this litigation and any of the following persons or entities (including any of their agents, representatives, translators, or Affiliates) relating to any of the allegations in your Complaint:

a.    Charles Tuan;
b.    Neil Gervais;
c.    Kenneth Gervais;
d.    Randall Aungst;
e.    Luting Wu;
f.    Tzachi Samocha;
g.    Roger Miller;
h.    Franklin Perez;
i.    Fusheng Huang;
j.    Mr. Liang Dingmin;

k.  John Wu;
l.  Nick Carpenter;
m.  Jorge Tamayo
n.  Carlos Elizade;
o.  C. Dix. Harrell;
p.  Dr. Katharine Starzel;
q.  Irina Maskaykina;
r.  Daniel Gruenberg;
s.  Linda Thornton;
t.  Kathy Tang-Nelson;
u.  Tim Morris;
v.  Hainan Dingda Agriculture Company, Ltd.;
w.  Tangshan Jun Zheng Hatchery;
x.  Tangshan Li Feng Hatchery;
y.  Primo (China) Broodstock Company, Ltd
z.  Advanced Hatchery Technology, Inc.
aa.  John E. Lyhus - Primo Trademark registration attorney
bb.  Christine C. Martin - Primo Trademark registration attorney
cc.  Gary Woods - Woods shrimp Arizona
dd.  Su Li Rong or Su Lirong - VP of Tianbang
ee.  Daniel Yu Zhang - Ningbo Tech Bank VP of mergers and acquisitions
ff.  Paul Jeffer - Lead person of LWBJ M&A firm did the original Primo Tianbang
M&A company
gg.  Chen Guoliang - chairman of Haimao
hh.  Yingwei Zhao Lei GM of Tianbang Dynamics and Conservation
ii.  Bill Johnson - Registered agent of Primo Broodstock incorporation
jj.  Wu Jiajun - General marketing manager of Tianbang Stock feeds
kk.  Leslie Knoesen - operator of new Primo facility in Fellsmere Florida
ll.  Tianbang
mm.  LWBJ - M&A firm
nn.  Ningbo Tech Bank
oo.  Hainan Enterprise
pp.  Guangdong Haimao Industrial Oc., Ltd. Aka Haimao Industrial
qq.  Zhanjiang Haimao Aquaculture Technology Co.,Ltd.
rr.  Guangdong Haimao Aquatic Seed Industry Technology Oc., Ltd.
ss.  Guangdong Golden Cape Aquatic Seed Industry Technology Co., Ltd.
tt.  Zhanjiang Haimao Aquatic Feed Co., Ltd.

**RESPONSE:**  This Request is limited to communications which relate to "any of the allegations in your Complaint." (emphasis supplied).  The Definitions, at item AA defines "Your" as referring to each of the Defendants, ..."  As stated, TB Food has no responsive documents in its possession, custody or control.

Assuming that this Request is intended to request communications which relate to the allegations in the Amended Complaint, TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

33.     All Documents relating to any sales, marketing, or informational materials issued by PRIMO or any agent, distributor, or customer of PRIMO relating to the development, testing, grow-out, sale, or other disposition of shrimp broodstock developed by PRIMO.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request would encompass all documents relating to Primo's development, testing, grow-out, sale, or other disposition of its own Primo Shrimp from January 1, 2016 to the present. As stated, this Request is overbroad and not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.

34.     All Documents comparing actual to projected performance by PRIMO from January 1, 2013, through the present.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request does not identify the projected performance records sought. Further, this Request is not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.

35.     All Documents relating to investment related presentations, circulars, or offering memoranda issued by PRIMO continuing through the present that were distributed to AMI's or API's existing or prospective investors, managers, lenders, or shareholders, members, or board of directors.

**OBJECTION** – This Request does not identify "AMI's or API's existing or prospective investors, managers, lenders, or shareholders, members, or board of directors" making it impossible for TB Food to identify whether any responsive documents exist.

Further, the 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

TB Food notes that this Request is virtually a mirror of Request # 50 in TB Food's 1st Requests which sought production from AMI of: "All Documents relating to investment related presentations, circulars, or offering memoranda issued by AMI or API on or after January 1, 2013, and continuing through the present that were distributed to AMI's or API's existing or prospective investors, managers, lenders, or shareholders, members, or board of directors."

In the Amended Complaint, TB Food alleges
- That AMI entered into the NDA and the GOA with Primo to develop a more sustainable business model for AMI's business.
- That AMI hatched a scheme to force Primo to abandon its intellectual property rights in the Primo broodstock at the AMI facility when AMI learned Primo would not be meeting AMI's expectation of a broader partnership with Primo.

Thus, TB Food's Request # 50 is relevant to the claims in the litigation.

However, this mirrored Request which requests presentations, circulars, or offering memoranda issued by PRIMO is not relevant to the claims or defenses in this litigation.

**RESPONSE:** For the reasons set forth above, TB Food cannot respond to this Request and this Request is not relevant and no documents will be produced in response to this Request.


36.     All Documents relating to research, development, testing, marketing, or sale of shrimp broodstock by or on behalf of PRIMO that in any way were or were claimed by any Person to RESULT Primo Shrimp or Hybrid Shrimp.

**OBJECTION –**
TB Food cannot identify whether any responsive documents exist for this Request.

**RESPONSE:** For the reason set forth above, no documents will be produced in response to this Request.


37.     All Documents that may be offered as exhibits at trial or in any deposition.

**RESPONSE:** TB Food has not yet identified any documents it intends to offer as an exhibit at trial or in any deposition.  No documents will be produced in response to this Request.

38.     All resumes over the past five (5) years relating to each person whom you expect to call as an expert witness at trial.

**RESPONSE:** TB Food has not yet identified any experts whom it expects to call as an expert witness at trial.  No documents will be produced in response to this Request.

39.     All transcripts of any expert witness who testified as a witness at trial or by deposition in the preceding five years.

**RESPONSE:** TB Food has not yet identified any experts whom it expects to call as an expert witness at trial.  No documents will be produced in response to this Request.

40.     All Documents concerning any expert witness's retention or compensation.

**RESPONSE:** TB Food has not yet retained any expert witnesses.  No documents will be produced in response to this Request.

41.     All Documents concerning any interviews of, or statements by, any person concerning the subject matter of the Complaint or the subject matter of the Counterclaims.

**OBJECTION** – Any documents concerning any interviews of any persons concerning the subject matter of the Amended Complaint which may have been conducted would have been conducted by Counsel or at Counsel's direction and constitute work product privileged documents.

**RESPONSE:** No documents will be produced in response to this Request.

42.     All publications, papers, and treatises authored by each person whom you expect to call as an expert witness at trial.

**RESPONSE:** TB Food has not yet identified any experts whom it expects to call as an expert witness at trial.  No documents will be produced in response to this Request.

43.     Any and all Documents any Defendant intends to introduce into evidence or otherwise use at intend to use at trial or rely upon with introduction into evidence.

**RESPONSE:** TB Food cannot identify any Documents "any Defendant" intends to introduce or use at trial.  Further, TB Food has not yet identified any documents it intends to introduce into evidence or otherwise use at intend to use at trial or rely upon with introduction into evidence.  No documents will be produced in response to this Request.

44.     All Documents, records, reports, analyses, and any other item of any nature or type evidencing the development process you described in the General Allegations of your Complaint.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request encompasses all documents in TB Food's possession, custody or control, generated after January 1, 2013, which relate to Primo's business of developing its unique Primo shrimp. This Request is not relevant to the claims or defenses in this litigation and is not proportional.

Further, the development program established by Primo is a trade secret. Pursuant to Fed. R. Civ. P. 26(c)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: ... (G) requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way."

Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Since some of the counts in the Amended Complaint depend on diversity jurisdiction, Florida state law applies to TB Food's assertion of trade secret.

Florida Statutes § 90.506 provides a privilege to refuse to disclose a trade secret if the allowance of the privilege will not conceal fraud or otherwise work injustice. *US Connect, LLC v. Capital Solutions Bancorp LLC,* 2014 WL 12616970 (M.D. FtM Fla. 2014) (*citing Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001)).

To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law. The Confidentiality Protective Order entered in this case (Doc. 102) would not provide sufficient protection in that, even if designated "Attorneys Eyes Only", the trade secret information could be disclosed to Dr. Franklin Perez, who acts as an expert for Defendants in their own development program and is expected to testify as an expert at the trial in this matter.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request. To the extent that the requested documents may be deemed relevant and proportional to the claims or defenses in this litigation, TB Food asserts the Trade Secret Privilege afforded it under Florida Law and will withhold any responsive documents from production.

45.     Each and every document including but not limited to bill of sale, cancelled check, contract, correspondence, or any other writing of any nature or type including but not limited to evidence of payment or receipt of payment for the sale described in Plaintiff's Unopposed <u>Motion for Amendment of Pleadings I To Reflect Plaintiff's Name Change to PB Legacy. Inc. and II to Add TB Foods USA, LLC as an Additional Plaintiff</u>, Document 86, Page 2 of 4.

**OBJECTION –** The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

"Each and every document" relating to the sale of assets described in Plaintiff's Unopposed Motion for Amendment of Pleadings (I) to Reflect Plaintiff's Name Change to PB Legacy, Inc. and (II) to Add TB Foods USA, LLC as an Additional Plaintiff (Doc. 86) is not relevant to the claims in this litigation. In particular, no documents evidencing payment or the receipt of payment for the sale are relevant to the claims in this litigation.

**RESPONSE:** TB Food will produce a copy of the Asset Purchase Agreement between Primo Broodstock, Inc. as Seller and Ningbo Tech-Bank Co., Ltd. as Buyer, and any amendments thereto.

46.     With respect to that certain sale described in Plaintiff's <u>Unopposed Motion for Amendment of Pleadings 1 to Reflect Plaintiff's Name Change to PB Legacy, Inc., and II to Add TB Foods USA, LLC as an Additional Plaintiff</u>, Document #86, Pages 2 and 4, produce any document evidencing any assets retained by PB LEGACY INC. including hard assets, causes of action or rights to causes of action, and any other intellectual property assets or other assets which may be described including but not limited to those described or listed on Page 2 of said Document #86. If any of the assets were sold to any person or entity other than TB FOODS, specifically identify the person or entity, the asset sold, and whether the sale constituted exclusive ownership or use rights or shared ownership or use rights.  If ownership or use rights were shared, produce any documents specifically identifying with whom and the percentage or arrangement.

**OBJECTION:**
This Request is compound, and, in part, is in the nature of an interrogatory.

The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

The potential ownership of assets of Primo by any other person or entity is not relevant to

the claims or defenses in this litigation.

**RESPONSE:** TB Food will produce a copy of the Asset Purchase Agreement between Primo Broodstock, Inc. as Seller and Ningbo Tech-Bank Co., Ltd. as Buyer, and any amendments thereto.

47.     Produce any documents reflecting whether any party other than TB FOODS or PB LEGACY owns any assets formerly owned by PRIMO.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request encompasses any sale or other disposition of any asset formerly owned by Primo, which would include each sale of shrimp broodstock or other transaction conducted by Primo in the ordinary course of its business. This Request is not relevant to the claims in this litigation and is not proportional.

**RESPONSE:** TB Food will produce a copy of the Asset Purchase Agreement between Primo Broodstock, Inc. as Seller and Ningbo Tech-Bank Co., Ltd. as Buyer, and any amendments thereto. No other responsive documents will be produced.

48.     Any and all documents purported to be or referencing any offers or proposals made to ROBIN PEARL by RANDALL AUNGST on behalf of PRIMO or any other person or entity relating to the GOA.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

49.     Produce all disease testing documents from the date of the signing of the GOA through the end of May 2016.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request would encompass all documents relating to Primo's testing of any of its

animals, for any reason, from January 1, 2015 through the end of May 2016. This Request is overbroad and not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.

50.    Produce all endorsed export health certificates and/or USDA and Fish and Wildlife certificates held between the signing of the GOA and the end of May 2016.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request would encompass all documents relating to Primo's endorsed export health certificates and/or USDA and Fish and Wildlife certificates from January 1, 2015 through the end of May 2016. This Request is overbroad and not relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.

51.    Produce all documents relating to shipping in any way, shape or form for all shipments to AMI and from AMI to PRIMO between the date of the signing of the GOA and the end of May 2016.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request is duplicative of documents requested in earlier Requests and is not limited to documents which are relevant to the claims or defenses in this litigation and is not proportional.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and is not proportional, and no documents will be produced in response to this Request.

52.    Produce any and all records reflecting production data during the period of time in

which the GOA was in effect between its initial execution and the date of the signing of the Termination Agreement.

**OBJECTION** – The 2000 Amendments to the scope of discovery under Rule 26(b)(1) limits the scope of discoverable information to those matters which are relevant to a claim or defense in the litigation. *Henderson v. Holiday CVS, LLC,* 269 F.R.D. 682, 685 (S.D. Fla. 2012)

The 2015 Amendments to the scope of discovery under Rule 26(b)(1) limits discoverable information to that which is proportional to the needs of the case.

This Request does not identify the production data sought.  Further, this Request is not relevant to the claims or defenses in this litigation.

**RESPONSE:** For the reasons set forth above, this Request is not relevant and no documents will be produced in response to this Request.

53.     Produce any Nondisclosure Agreement entered into between TB FOOD USA, LLC, PB LEGACY, INC., or PRIMO with any employees or former employees of any of these three companies, with any customer or customers of any of these three companies and with any contractors or sub-contractors providing services to any of these three companies.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

54.     Any and all documents purporting to be or referencing any offers or proposals made to ROBIN PEARL by RANDALL AUNGST on behalf of PRIMO, or any other person or entity, relating to the GOA.

**OBJECTION:** This Request is a duplicate of Request # 48.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

55.     Any and all documents which discussed possible terms and conditions for what eventually became the GOA. This includes any initial drafts, proposals, counterproposals, or documents discussing the GOA prior to its execution.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

56.     Any documents referencing any shipment of shrimp breeders to AMI facilities and any documents purporting to representing a breeding program for AMI and its facilities. In addition, any documents relating to request for payments, payment of any type for any reason from

AMI and any evidence of payments made to AMI. Also include the documents including shipping records of any shrimp breeders provided to AMI by PRIMO.

**OBJECTION:** This Request is duplicative of earlier requests and is compound. TB Food's response is made to the earlier requests.

**RESPONSE:** See earlier duplicative requests.

57.     Any documents indicating any intent by AMI to harvest and sell shrimp brood stock and any documents from PRIMO to AMI either authorizing or denying authorization to do so.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

58.     Any documents, records, notes, or any other tangible item in any way relating to the January 6, 2016 meeting between Mr. Pearl, Mr. Gervais, and Mr. Aungst, specifically but not limited to any such documents regarding claims of breaches of the GOA by PRIMO and AMI's intent to harvest the shrimp brook stock as permitted thereunder, which said meeting occurred on Pine Island, Florida.

**RESPONSE:**  TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

59.     Any and all documents or records purporting to document any representation made to Mr. Pearl at the above-referenced meeting purporting to indicate the amount for each animal shipped in accordance with the alleged or claimed contract for the sale of 100,000 animals of shrimp broodstock to a Chinese company, to be shipped from AMI facilities with payment to AMI pursuant to the terms of the GOA.

**OBJECTION:** This Request is unclear and uses undefined terms.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that relate to any meeting which purportedly took place on January 6, 2016 on Pine Island, Florida.

60.     Any notice thereafter by AMI to PRIMO or any of the parties herein of any attempt to harvest shrimp broodstock.

**OBJECTION:** It is unclear what is intended by "any notice thereafter".  Further, this Request is duplicative of Request # 57.

**RESPONSE:** See the response to Request # 57.

Page 31 of 32

61.     Any response to any such notice made by PRIMO, Mr. Gervais, Mr. Aungst, particularly any such documentation demanding that AMI refrain from harvesting said shrimp broodstock.

**OBJECTION**: It is unclear what is intended by "any such notice ". Further, this Request is duplicative of Request # 57.

**RESPONSE:** See the response to Request # 57.

62.     Any notes, memos, memoranda, or other item of tangible nature or type relating in any way to the meeting on or about January 29, 2016 discussing a resolution to the suit filed by PRIMO in Circuit Court, In and For Lee County, Florida. This includes any proposals, counterproposals, or discussions relating to the resolution of said lawsuit or any aspect of said lawsuit. Also produce a copy of the Settlement Agreement reached and any other documents you contend in any way modify or revise this Settlement Agreement. If none, so state.

**RESPONSE:** TB Food will produce any non-privileged documents in its possession, custody or control that are within the scope of this Request.

S:\Susan\Clients\Primo Broodstock\Pleadings\Discovery\_6_AMI First RFP to TB Foods\6 A TB FOOD Response to AMI 1st RFP 8-31-18.docx