UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware
limited liability company,

Plaintiff,

v.   CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter Plaintiff,

v.

PB LEGACY, INC., a Texas
corporation.

Counter and Third-Party Defendant.
_____/

**PLAINTIFF TB FOOD USA, LLC'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW**

Plaintiff TB Food USA, LLC ("TB" or "Plaintiff") files this Reply to Defendants' Response to Plaintiff's Renewed Motion for Judgment as a Matter of Law, and would show as follows:

**ARGUMENT**

**A. THE ALTER-EGO ISSUE WAS ADEQUATELY AND TIMELY RAISED**

In their opposition, Defendants raise three procedural objections to TB's request for FRCP 50(b) relief on their alter ego claim: 1) TB purportedly did not raise this issue at trial; 2) TB purportedly did not raise this issue as part of its FRCP 50(a) motion at trial; and 3) TB's motion is untimely since it was not raised within 28 days after the jury was discharged. None of these arguments have merit and contrary to Defendants' claim TB raised the issue in its pleadings and in the Joint Pretrial Statement.[1]

First, Plaintiff readily raised the issue at trial as Plaintiff's cross-examination of Robin Pearl and Jerry Beck amply demonstrate. Indeed, Defendants in their closing argument repeatedly acknowledge that AMI and API are one and the same.[2] Thus, Defendants' argument lacks merit.

Second, TB directly raised this issue during its FRCP 50(a) motion as it requested judgment as a matter of law on all of its claims in this matter. TRIAL TRANSCRIPT NOV. 16, 2021, at p. 30. As made clear in TB's response to Defendants' FRCP 50(a) motion, this included an alter ego claim holding that AMI and API were one and the same. TRIAL TRANSCRIPT NOV. 15, 2021, at pp. 45-48. Moreover, the issue was raised at the charge conference. TRIAL TRANSCRIPT NOV. 16, 2021, at pp. 6-8. Given the Eleventh Circuit's liberal view of FRCP 50 motions, this is more than sufficient to put as Defendants on notice of this argument and thereby preserve TB's FRCP 50 rights. *See, e.g., Nat. Industries, Inc. v. Sharon Steel Corp.*, 781 F.2d 1545, 1549 (11th Cir. 1986); *Registe v. LinkAmerica Express, Inc.,* No. 3:12-cv-1110-HES-JRK, 2015 U.S. Dist. LEXIS 35288, at *9-11 (M.D. Fla. 2015).

---

[1] [*See* Doc. #s 20, at ¶¶ 90, 142; 405, at pp. 38-39; and 444-Plaintiff's Bench Brief addressing the notice issue].
[2] *See* TRIAL TRANSCRIPT NOV. 15, 2021, at pp. 212:23-25, 223:2-4 ("Genetic program is what AMI does, which is what allows them to be so successful today"), 223:15-16 ("Now, let's talk about the witnesses that you heard from on the side of AMI."), 225:24-226:4, 231:14-17 (admits AMI took the shrimp and used it), and 261:15-262:8. Moreover, Plaintiff during its closing also told the Jury AMI and API are one and the same. *See* TRIAL TRANSCRIPT NOV. 15, 2021, at pp. 181:4-24, 183:4-6, 186:21-23, and 191:20-193:5.

Third, Defendants apply the wrong time limit for a FRCP 50(b) motion. Under FRCP 50(b), only a motion seeking judgment as a matter of law on "a jury issue not decided by a verdict" must be submitted within 28 days of the jury's discharge, while FRCP 50(b) motions relating to all other issues must be submitted within 28 days after the entry of judgment.³ As the Advisory Committee's notes on FRCP 50 make clear, the 28-day deadline based on the jury's discharge, rather than on the entry of judgment, applies only 'when the trial ends without a verdict or with a verdict that does not dispose of all issues suitable for resolution by verdict." *See* FED R. CIV. P. 50 ADV. COMM. NOTES 2006. Here, not only did the jury unquestionably enter a verdict, but that verdict disposed of all issues before it. The record in this case makes clear that the alter ego issue was among those before the jury. Specifically, as the Court ruled during the charge conference held in this case, the jury instructions and verdict form were sufficient to cover the alter ego issue. TRIAL TRANSCRIPT NOV. 16, 2021, at pp. 6-8. As such, it necessarily follows that since this issue was covered by the verdict form, it was decided by the jury's entry of verdict.⁴ Accordingly, the relevant date for purposes of Rule 50(b) on the alter ego issue is Rule 50(b), making this motion clearly timely.

Alternatively, even if this were not the case, piercing the corporate veil on an alter ego theory is an equitable remedy. *See, e.g., Barineau v. Barineau,* 662 So. 2d 1008, 1009 (Fla. 1st Dist. Ct. App. 1995); *Dealer Specialities Int'l, Inc. v. Car Data 24/7, Inc.,* No. 6:18-mc-58-Orl-41LRH, 2020 U.S. Dist. LEXIS 76292, at *7-8 (M.D. Fla. 2020). Thus, as with *in pari delicto*, FRCP 39 provides that a jury's decision on this point is purely advisory unless tried on consent which Defendants did not give. *See, e.g., Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1347 (11th

---

³ Judgment was entered in this case on January 6, 2022, after the filing of this motion. [Doc. # 500].
⁴ *See Nelson v. City of Albuquerque*, 283 F. Supp. 3d 1048, 1088 n. 20 (D.N.M. 2017) rev'd on other grounds, 921 F.3d 925 (10th Cir. 2019); *Kaneka Corp. v. SKC Kolon PI, Inc.*, 198 F. Supp. 3d 1089, 1099 (C.D. Cal. 2016).

Cir. 2017); *Banco Industrial de Venezuela, C.A. v. Credit Suisse*, 99 F.3d 1045, 1049 (11th Cir. 1996); *AT & T Sickness and Acc. Disability Benefit Plan v. Bricker*, 151 F.R.D. 433, 435 (M.D. Fla. 1993). That being the case, since the Jury's verdict was not the final word on the alter ego issue, its discharge did not trigger Rule 50(b)'s 28-day limit.

B. **THE JURY'S VERDICT AS TO THE ISSUE OF *IN PARI DELICTO* IS ADVISORY AND NOT BINDING ON THE COURT**

Defendants do not dispute that FRCP 39(c) governs whether the Jury's verdict as to Defendants' *in pari delicto* defense is binding on or advisory to the Court. It is beyond dispute that Plaintiff objected and did not consent to the Jury deciding and rendering a binding verdict on the *in pari delicto* issue.[5] Thus, under FRCP 39(c), the Court could only allow the Jury to render an advisory verdict on the issue. The Court in its discretion decided to do so and instructed the Jury on the issue over Plaintiff's objections. While Defendants do not and cannot dispute that the finding of facts by the advisory jury is not binding on the Court (as the Court is free to adopt advisory jury's findings in whole or in part or to disregard them altogether),[6] Defendants erroneously cite to the *Renta* case for the proposition that a jury's determination as to the *in pari delicto* issue here is appropriate and warranted. Indeed, the Eleventh Circuit only stated that the adverse interest exception, not the *in pari delicto*, was appropriate and is typically presented to a jury. *See Liquidation Comm'n of Banco Intercontinental, S.A. v. Alvarez Renta*, 530 F.3d 1339, 1355 (11th Cir. 2008) ("The adverse interest exception addresses this question, and it typically presents a jury question.").

In any event, given that as a matter of law the NDA was not superseded or terminated by either the GOA or the handwritten document, and given the Jury's finding that the handwritten

---

[5] Plaintiff objected to the *in pari delicto* instruction and asked to dismiss the defense as a matter of law. *See* TRIAL TRANSCRIPT NOV. 15, 2021, at pp. 62-65; TRIAL TRANSCRIPT NOV. 16, 2021, at pp. 29-30.
[6] *See Wilson v. Aliceville*, 779 F.2d 631, 635-636 (11th Cir. 1986)

document did not serve as a modification of the GOA, the only possible way the Jury could find that AMI and Primo participated in the same wrongdoing concerning the NDA is if Primo violated the NDA. Indeed, not only did Defendants not offer a scintilla of proof showing that Primo breached the NDA, Defendants did not make such as claim. As such, it is impossible for the Jury to have found that AMI and Primo participated "in the same wrongdoing" under the NDA which was the prohibited disclosure and use of confidential information.

### C. AS A MATTER OF LAW PRIMO COULD NOT STAND IN PARI DELICTO REGARDING THE NDA

Defendants next falsely and illogically claim that Plaintiff stands *in pari delicto* with Defendants as to Defendants' breach of the NDA because Primo allegedly stole the Primo genetics from Feedmix or that Neil Gervais' suggestion to have Dr. Perez do a genetic analysis for another company that Pearl and Neil were discussing to form (Elite Shrimp) in order to create founding stocks if and when Neil got the rights to the Primo genetics. First, Defendants' Feedmix claim, which the Jury rejected as demonstrated by its findings on the trade secret claims, has nothing to do whatsoever with the duties and obligations under the NDA. Second, Defendants' claim that Neil's suggestion to test the genetics when and if he gets the rights to the Primo animals, cannot equate to equal wrongdoing under the NDA. Indeed, Defendants' defense was premised on their claim that they did not receive any confidential information from anyone including Neil as both Neil and Pearl denied that Neil ever gave Pearl confidential information.[7] Moreover, as the undisputed documentary evidence and Neil's trial testimony shows, Neil's suggestion was conditioned on his getting the rights to the Primo animals (so much so that Neil had to sue Ken to

---

[7] See Trial Exhibits 28, 199, 299, 397; TRIAL TRANSCRIPT NOV. 2, 2021, at pp. 122-127, 135; TRIAL TRANSCRIPT NOV. 3, 2021, at pp. 42-43, 79, 129, 132; TRIAL TRANSCRIPT NOV. 8, 2021, at pp. 58-59.

try to get the rights which he never did).[8]  As the Florida Supreme Court requires that the parties must both participate "in the same wrongdoing" and be "[e]qually at fault" the Court should find as a matter of law Plaintiff could not stand *in pari delicto* with Defendants as to Defendants' breach of the NDA.

### D. INDIRECT COMPETITORS ARE COMPETITORS UNDER FLORIDA LAW

In their Opposition, Defendants apparently turn a blind eye to the Eleventh Circuit's rule of law that "[t]he success of [a plaintiff's] state-law unfair competition and FDUTPA claims is tied to the federal Lanham Act claims for infringement and false advertising." *Glob. Tech LED, Ltd. Liab. Co. v. Hilumz Int'l Corp.*, No. 2:15-cv-553-FtM-29CM, 2016 U.S. Dist. LEXIS 70584, at *10 (M.D. Fla. 2016) (J. Steele) (internal citations omitted).  As the factual predicate is the same for Plaintiff's claims for false advertising under both the Lanham Act and Florida law, the Jury should have also found for Plaintiff as to the false advertising claims under Florida law.  The reason the Jury did not was because being a competitor is an element of Plaintiff's false advertising claim under Florida law. Indeed, given that the only material difference in the Jury Instructions between Plaintiff's federal and Florida false advertising claims is that under the latter the parties must be competitors, this is the only plausible explanation for the Jury finding for Plaintiff on the Lanham Act claim but not on the Florida unfair competition claims.[9]

As such, because Defendants, despite Plaintiff's objections, did everything they could to confuse the Jury as to what constitutes a competitor under Florida unfair competition law, the inclusion in the Jury Instructions of *Lexmark*'s rule of law which under the Eleventh Circuit applies to Florida unfair competition claims[10] was necessitated to remediate the confusion Defendants

---

[8] *See id.*
[9] *Compare* Final Jury Instructions [Doc. # 456] at pp. 41 and 47.
[10] *See Spiral Direct, Inc. v. Basic Sports Apparel, Inc.,* 151 F. Supp. 3d 1268, 2015 WL 9450575, at *5 (M.D. Fla. 2015) (applying *Lexmark* analysis to Florida unfair competition and FDUPTA claims).

6

caused. Thus, despite the Jury's misapprehension of what constituted a competitor under Florida law, under *Lexmark*'s zone of interest test, the Court should find as a matter of law that TB sustained an injury to a commercial interest in sales or business reputation and does not have to be a direct competitor under Florida unfair competition law. Consequentially, the Court should find that Plaintiff is entitled to judgment as a matter of law on its Florida unfair competition claims against all Defendants.

## **CONCLUSION**

For the reasons set forth above, TB prays that the Court grant its motion for judgement as a matter of law and issue an order consistent with the relief requested along with any other relief that is just and proper.

Dated: January 31, 2022

Respectfully submitted,

By: /s/ *Brian M. Gargano*
    Brian M. Gargano (admitted *pro hac vice*)
    BOGC LEGAL PLLC
    3040 Post Oak Blvd.
    Suite 1800-150
    Houston, TX 77056
    Phone: 713-970-1066
    Brian.Gargano@bogclegal.com

and

Chené M. Thompson / FB# 541540
PAVESE LAW FIRM
Post Office Box 1507
Fort Myers, Florida 33902-1507
Telephone No.: (239) 334-2195
Primary: CheneThompson@paveselaw.com
Secondary: KellyGermanis@paveselaw.com

*Counsel for Plaintiff TB Food USA, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 31st day of January 2022 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

*/s/ Brian M. Gargano*
Brian M. Gargano