# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware
limited liability company,

Plaintiff,

v.                                                    CASE NO. 2:17-cv-00009-FtM-JES-UAM

AMERICAN MARICULTURE, INC., a
Florida corporation, AMERICAN PENAEID,
INC., a Florida corporation, and ROBIN
PEARL,

Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida corporation,

Counter Plaintiff,

v.

PB LEGACY, INC., a Texas
corporation.

Counter and Third-Party Defendant.
_____/

**SUPPLEMENT TO PLAINTIFF TB FOOD USA, LLC'S FRCP 59(e) MOTION**

Plaintiff TB Food USA, LLC ("TB" or "Plaintiff") files this Supplement to its Motion for Enhanced/Exemplary Damages, Pre and Post Judgment Interest, and Disgorgement with incorporated Memorandum of Law under 18 U.S.C. §§ 1836(b)(3)(B)-(C), Fla. Stat. § 688.004(2), 15 U.S.C. § 1117(a), 28 U.S.C. § 1961, Florida law, and FRCP 59(e) [Doc. # 488]. Accordingly, TB shall respectfully show its entitlement to the requested relief as follows:

**ARGUMENT**

A. **LEGAL STANDARD**

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Motions to amend or alter the judgment should be granted when there exists "a manifest error of law or fact, so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Meghani v. Shell Oil Co.,* 2000 U.S. Dis. LEXIS 17402 *2, (S.D. Tex. Aug. 24, 2000) (citing *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999) (internal citations omitted)). Notably, a district court may alter or amend a judgment *sua sponte* for any reason that would justify granting relief under FRCP 59(e). *See Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984).

Here, this supplement is filed to correct clear error (typographical as it misstates facts) in the Judgment. Moreover, this supplement is filed to correct manifest error in law and fact in the Judgment regarding the Jury's verdict pertaining to Defendant American Mariculture Inc.'s ("AMI") *in pari delicto* defense as to Plaintiff's breach of contract claim pertaining to the Non-Disclosure Agreement ("NDA") because as demonstrated in Plaintiff's post-trial filings and motions, Plaintiff, as a matter of law, did not and cannot stand *in pari delicto* with AMI as to the AMI's breach of the NDA. [*See* Doc. #s 485, at pp. 17-20; 486, at pp. 11-16; 528, at pp. 4-6]. Additionally, the Jury's verdict on the *in pari delicto* issue was merely advisory and clearly against the weight of the evidence. [*See id.*].

B. **THE COURT SHOULD CORRECT THE TYPOGRAPHICAL ERRORS IN THE JUDGMENT**

The Judgment misstates the Court's determination of claims, which presumptively are inadvertent typographical errors which can easily be remedied to avoid manifest error and injustice. Specifically, the typographical errors are highlighted in Exhibit "1" which is attached

hereto and is a copy of the filed Judgment with the typographical errors highlighted. Plaintiff proposes correction to these errors as set forth in Exhibit "2" which is attached hereto and contains proposed changes in track correcting the typographical errors in the Judgment. As these corrections are necessary to accurately reflect the Jury and Court's findings, the Court should alter or amend the Judgment accordingly so as to prevent manifest injustice and error.

C. **THE JUDGMENT MUST BE ALTERED AND AMENDED TO PREVENT MANIFEST INJUSTICE AND LEGAL ERROR WHERE AMI IS THE ALTER-EGO OF API AND USED API AS A MERE INSTRUMENTALITY FOR ITS WILLFULL AND MALICIOUS MISAPPROPRIATION OF PLAINTIFF'S TRADE SECRETS**

For the reasons set forth in Plaintiff's posttrial filings including Plaintiff's motion for injunction and renewed motion for judgment as a matter of law, the Court, should alter or amend the Judgment to include judgment against AMI under Counts I, III, IV, V, VI, VII, and VIII so as to prevent manifest error and injustice to Plaintiff because as a matter of law AMI is the alter-ego of API, and Plaintiff did not and cannot stand *in pari delicto* with AMI as to Plaintiff's claims for breach of the NDA.[1]

## CONCLUSION

For the reasons set forth above, TB prays that the Court grant the requested relief in its Rule 59 motion [Doc. # 488] including the relief requested in this supplement in its entirety and grant Plaintiff all other relief that is just and proper.

Dated: February 3, 2021

>Respectfully submitted,
>
>By: /s/ *Brian M. Gargano*
>    Brian M. Gargano (admitted *pro hac vice*)
>    BOGC LEGAL PLLC
>    3040 Post Oak Blvd.
>    Suite 1800-150

---

[1] [*See* Doc. #s 485, 486, 489, 528].

        Houston, TX 77056
        Phone: 713-970-1066
        Brian.Gargano@bogclegal.com

and

        Chené M. Thompson / FB# 541540
        PAVESE LAW FIRM
        Post Office Box 1507
        Fort Myers, Florida 33902-1507
        Telephone No.: (239) 334-2195
        Primary: CheneThompson@paveselaw.com
        Secondary: KellyGermanis@paveselaw.com

*Counsel for Plaintiff TB Food USA, LLC*

## LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Local Rule 3.01(g) Plaintiff's counsel, Brian M. Gargano certifies that he has conferred with Defendants' counsel Patrick O'Connor via multiple email correspondences on in a good faith effort to resolve the issues raised by supplement. Defendants oppose the relief sought. However, the Parties are still working on an agreement as to some of the necessary corrections to the Judgment.

                                            */s/ Brian M. Gargano*
                                            Brian M. Gargano

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with the Federal and Local rules the foregoing document is being filed on this 3rd day of February, 2022 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

                                            */s/ Brian M. Gargano*
                                            Brian M. Gargano