IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TB FOOD USA, LLC, a Delaware Limited
Liability Company, et al.,

   Plaintiff,

v.

CASE NO.: 2: 17-cv-9-FtM-29CM

AMERICAN MARICULTURE, INC., a
Florida Corporation, et al.,

   Defendants.
_____/

AMERICAN MARICULTURE, INC., a
Florida Corporation,

   Counter-Plaintiff,

v

PB LEGACY, INC., a Texas Corporation, et al.,

   Counter- and Third-Party Defendants.
_____/

## DEFENDANTS', AMERICAN MARICULTURE, INC., AMERICAN PENAEID, INC., AND ROBIN PEARL, REPLY TO PLAINTIFF AND THIRD-PARTY DEFENDANT PB LEGACY, INC.'S JOINT RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR SANCTIONS

COME NOW the Defendants AMERICAN MARICULTURE, INC. ("AMI") AMERICAN PENAEID, INC. ("API"), and ROBIN PEARL ("Pearl") hereby reply to Plaintiff and Third-Party Defendant PB LEGACY, INC.'s Joint Response in Opposition to Defendants' "Renewed" Motion for Sanctions (Doc. #504) and would say:

1.    In the Plaintiff's and Third Party Defendant's response, they argue that the Court should consider the Defendants' Renewed Motion for Sanctions (Doc. #487), as a motion for reconsideration. A motion for reconsideration, typically, involves a request that the Court reconsider a motion which has been previously addressed by the Court. This standard is not applicable to the Defendants' Renewed Motion for Sanctions.

{00074788.DOCX}

Case 2:17-cv-00009-JES-NPM   Document 534   Filed 02/07/22   Page 2 of 6 PageID 14618

TB Food v. AMI, et al.
CASE NO.: 2: 17-cv-9-FtM-29CM
Defendants Reply to Plaintiff/Third Party Defendant's Response to Defendants' Renewed Motion for Sanctions
Page 2

2. As is discussed in Defendants' Renewed Motion for Sanctions, the issues supporting sanctions against the Plaintiff and Third Party Defendant are based upon information that came to the Defendants' attention during the three-week jury trial in this action, to the effect that when Primo's founders, Kenneth Gervais and Neil Gervais, went into Ecuador to select, clean, and import Ecuador white shrimp into the United States, they were in fact doing so because they had been hired to do so by a company based in the Philippines named Feedmix. The purpose of their trip was to bring these shrimp into the United States and then to export them to Feedmix's operations in the Philippines. Feedmix paid all of their expenses and paid Neil Gervais a Stipend for the purposes of doing this work. Feedmix and Henry Uy had never been disclosed at any point prior to the contact between Mr. Uy and ROBIN PEARL, which occurred during trial as is set forth in the Defendants' Renewed Motion for Sanctions (Doc. #487).

3. When this information was brought to the Court's attention on November 15, 2021, discussion ensued. The Court noted that the Defendants had the right to recall Kenneth Gervais as a witness, as a part of their presentation of their case to the jury. *See* Transcript of Jury Trial Proceedings, November 15, 2021, pp. 22:15-19. The Court noted it was not prepared to dismiss the case at that point. *See* Transcript of Jury Trial Proceedings, November 15, 2021, pp. 24:4-8. At no point during this colloquy did the Court assess any sanction against the Plaintiff or the Third Party Defendant, although the misconduct of Kenneth Gervais and Neil Gervais was certainly sanctionable based upon the initial information provided to the Court the

{00074788.DOCX}

Case 2:17-cv-00009-JES-NPM   Document 534   Filed 02/07/22   Page 3 of 6 PageID 14619

TB Food v. AMI, et al.
CASE NO.: 2: 17-cv-9-FtM-29CM
Defendants Reply to Plaintiff/Third Party Defendant's Response to Defendants' Renewed Motion for Sanctions
Page 3

morning of November 15, 2021.

4. More to the point, when Kenneth Gervais testified, subsequent to the statements cited above by the Court, he provided <u>further</u> bases for sanctions to be assessed by the Court. Specifically, he claimed that in fact the trip to Ecuador and the work of selecting, cleaning, and exporting to the shrimp to the United States was as part of a joint venture with Feedmix. He also testified that in fact Primo had not paid for all of the expenses in Ecuador. *See* Transcript of Jury Trial Proceedings November 15, 2021, pp. 67:9-25, 68:1-6.

5. During the course of the Trial, the Defendants twice attempted, unsuccessfully, to cross-examine Kenneth Gervais on the prior judgment for fraud against him in California. This testimony by Kenneth Gervais can only be characterized in one of two ways. If the Court views this testimony as untruthful it is a further act of perjury by Kenneth Gervais in open court while testifying before the jury. Further, this clearly indicates Kenneth Gervais had knowledge of Feedmix and Henry Uy and therefore obligations of disclosure as discussed in Defendants' Renewed Motion for Sanctions (Doc. #487).[1]

6. If the Court considers this testimony to be truthful, or at least possibly truthful, then this reveals a joint venture with Feedmix never disclosed during discovery, in which case Feedmix should have been disclosed as an interested party in the Plaintiff's Certificate of

---

[1] At trial, the court twice denied Defendants the opportunity to cross examine Kenneth Gervais on the prior judgment for fraud against Mr. Gervais in California. Trial Tr., Day 4, 104:2-109:4. Consistent with Mr. Gervais' established character for untruthfulness, he continued to make false representations to the Court and the jury on relevant matters. *See* Fed.R.Evid 609.

{00074788.DOCX}

Case 2:17-cv-00009-JES-NPM   Document 534   Filed 02/07/22   Page 4 of 6 PageID 14620

TB Food v. AMI, et al.
CASE NO.: 2: 17-cv-9-FtM-29CM
Defendants Reply to Plaintiff/Third Party Defendant's Response to Defendants' Renewed Motion for Sanctions
Page 4

Interested Parties and which should have been disclosed in the various other discovery obligations discussed in Defendants' Renewed Motion for Sanctions.

7. This sanctionable testimony had not even occurred when the Court made its initial inquiries regarding the Feedmix issue at the beginning of the day November 15, 2021.

8. It should be noted that a court "may entertain a motion for sanctions pursuant to its inherent powers, 28 U.S.C. § 1927, or Federal Rule of Civil Procedure 11, at any time in the proceedings, even after entry of Judgment". See *Carlson v. Bosem*, No. 04-61004-CIV, 2007 WL 1496693, at *2 (S.D. Fla. Apr. 9, 2007), aff'd, 298 F. App'x 861 (11th Cir. 2008).

9. There is a particular body of *juris prudence* addressing motions for sanctions which deals with violation of a discovery order by a litigant. In this particular incidence, the Court's Interested Persons Order is, in fact, an Order mandating disclosures as a form of discovery and this Order was clearly violated by the Plaintiff herein in its complete failure to disclose Henry Uy and Feedmix. Feedmix either arguably owned the shrimp claimed by Primo and paid for the extraction of those shrimp from Ecuador or, alternatively, as testified by to by Kenneth Gervais, was a joint venture partner with Primo certainly interested in this matter and certainly having information about this matter.

10. In this case, then, the Defendants' have presented *prima facie* evidence that the Plaintiff and Third Party Defendant violated the Court's Order, that is, the Interested Persons Order for Civil Cases, which shifts the burden to Plaintiff and Third Party Defendant to establish they reasonably complied with this Order. See *Capsmith, Inc v. Wysopal*, No. 607-

{00074788.DOCX}

Case 2:17-cv-00009-JES-NPM   Document 534   Filed 02/07/22   Page 5 of 6 PageID 14621

TB Food v. AMI, et al.
CASE NO.: 2: 17-cv-9-FtM-29CM
Defendants Reply to Plaintiff/Third Party Defendant's Response to Defendants' Renewed Motion for Sanctions
Page 5

*CV1572-ORL-22KRS*, 2009 WL 277078, at *5 (M.D. Fla. Feb. 5, 2009), objections overruled sub nom. *Capsmith, Inc. v. Wysopal*, No. 607CV1572ORL22KRS, 2009 WL 10671214 (M.D. Fla. Apr. 1, 2009) (citing *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir.1989)).

11. As an aside, the Plaintiff and Third Party Defendant somewhat incredibly also argue that there is no prejudice of the Defendants based upon their independent discovery of this information during trial in the absence of any disclosure whatsoever by the Plaintiff/Third Party Defendants.

12. The Defendants would strongly assert that they were highly prejudiced. They had no opportunity to take the deposition or discovery of Feedmix and Neil Gervais had apparently left the area by the time this information was discovered and could not be recalled in the very short period of trial time left available.

13. There is no way to know how the jury would have addressed a full and fair presentation of this information. Further, there is no way to know what further information inquiry into Feedmix records might have led to.

14. It should be noted, as well; that because this information was not discovered by Defendants until the second week of a three week trial the only sanctions available providing any meaningful relief to Defendants would be dismissal of this action, or granting of Defendants' Motion for New Trial (Doc. #483) with an award of attorney's fees to the Defendants.

WHEREFORE, Defendants ask this Honorable Court assess sanctions as appropriate against the Plaintiff/Third Party Defendant.

{00074788.DOCX}

TB Food v. AMI, et al.
CASE NO.: 2: 17-cv-9-FtM-29CM
Defendants Reply to Plaintiff/Third Party Defendant's Response to Defendants' Renewed Motion for Sanctions
Page 6

The undersigned hereby certifies that in accordance with the Federal and Local Rules, the foregoing document is being filed on this 7th of February 2022 via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

Melville G. Brinson Ill Florida Bar No. 494003
MELVILLE G. BRINSON Ill, P.A.
8359 Stringfellow Road
St. James City, Florida 33956 Telephone: 239.282.0551,
Facsimile 239.282.0515 Email: brinson@afblaw.com
Lead counsel

/s/ Patrick J. OConnor

Patrick J. O'Connor Florida Bar No. 0715778
O'Connor Hernandez & Associates
999 Brickell Avenue, Suite 740
Miami, Florida 33131
Telephone: 786.628.7541, Email: poconnor@oconnorhernandez.com,
litgroup@oconnorhernandez.com

{00074788.DOCX}