```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

TB FOOD USA, LLC, a
Delaware Limited Liability
Company,

     Plaintiff,

v.                                    CASE NO. 2:17-cv-9-FtM-29NPM

AMERICAN MARICULTURE, INC.,
a Florida Corporation,
AMERICAN PENAEID, INC., a
Florida Corporation, and
ROBIN PEARL,

     Defendants.
_____

AMERICAN MARICULTURE, INC.,
a Florida Corporation,

     Third-Party Plaintiff,
v.

PB LEGACY, INC. a Texas
Corporation,

     Third-Party Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on review of defendants' Motion to Stay Execution of Judgment Pending Appeal (Doc. #587) filed on December 22, 2022. Plaintiff filed a Response in Opposition (Doc. #591) on January 18, 2023. For the reasons set forth below, the motion is denied.

**I.**

After several years of litigation, a 14-day jury trial culminated in a verdict on November 19, 2021. (Doc. #465.) No party prevailed on all of its claims, and all parties prevailed on some claims. In due course an Amended Judgment (Doc. #554) was filed which, in relevant part, awarded plaintiff TB Food USA, LLC (Plaintiff or TB Food) $10,500,000.00 in damages against defendants American Penaeid, Inc. (API) and Robin Pearl (Pearl) for defamation, trade secret misappropriation, and unfair competition; was in favor of defendant American Mariculture, Inc. (AMI) as to TB Food's breach of contract claim; and was in favor of all defendants as to TB Food's unfair competition claims under Florida law. (Id., p. 4.)

On August 31, 2022, defendants AMI, API, and Mr. Pearl (collectively Defendants) filed a Notice of Appeal as to the Amended Judgment. (Doc. #560.) On the same day, TB Food filed a Notice of Appeal. (Doc. #561.)

TB Food has begun post-judgment efforts to execute on the Amended Judgment. This includes engaging in discovery related to Defendants' assets after being informed that API and Mr. Pearl have no assets to satisfy the Amended Judgment. (Doc. #591-1.)

Defendants now request that the Court stay execution on the Amended Judgment, without requiring the posting of a supersedeas bond, until the disposition of Plaintiff's appeal is complete.

2

(Doc. #587, p. 2.) Defendants argue in essence that there is an automatic stay of execution when a prevailing party files an appeal of its underlying judgment. Defendants also rely upon the "acceptance of benefits doctrine," arguing that TB Food should not be allowed to accept the benefits of the Amended Judgment by attempting to collect on it, while at the same time challenging the Amended Judgment on appeal. (Id., pp. 5-10.)

TB Food responds that there is no automatic stay just because a prevailing party filed an appeal, and that its particular appeal does not conflict with the enforcement of the Amended Judgment. TB Food maintains that it is not seeking to invalidate any of the relief awarded to it in the Amended Judgment, but rather seeks additional damages, expanded equitable relief, and review of issues on which it did not prevail. TB Food further asserts that Defendants are not entitled to a stay of execution, and even if they were, have not met the heavy burden under Federal Rule of Civil Procedure 62(b) of showing they are entitled to the extraordinary remedy of waiver of the bond requirement. (Doc. #591, pp. 2-8.)

## II.

"The filing of a notice of appeal generally divests a district court of jurisdiction as to those issues involved in the appeal." U.S. Commodity Futures Trading Comm'n v. Escobio, 946 F.3d 1242, 1251 (11th Cir. 2020). A district court has jurisdiction, however,

to determine whether a stay of execution of a judgment should be granted, even after a notice of appeal has been filed. Federal Rule of Appellate Procedure 8 states,

> A party must ordinarily move first in the district court for the following relief:
>
>   (A) a stay of the judgment or order of a district court pending appeal;
>
>   (B) approval of a bond or other security provided to obtain a stay of judgment; or
>
>   (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. P. 8. A district court also retains the authority to aid in the execution of a judgment that has not been superseded. Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc., 895 F.2d 711, 713 (11th Cir. 1990). Similarly, "[a]bsent entry of a stay, a district court retains jurisdiction to enforce its judgment—via contempt or other means—during the pendency of an appeal." Escobio, 946 F.3d at 1251.

"[A]n appeal does not automatically stay the enforcement of a judgment." Escobio, 946 F.3d at 1251. Rather, "[a] party can move to have the judgment stayed upon appeal. Fed. R. Civ. P. 62; Fed. R. App. P. 8." Id. Federal Rule of Civil Procedure 62(b)[1] provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes

---

[1] Prior to 2018 amendments, the rule was found at Rule 62(d).

effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). "Without a stay, a judgment may be executed upon, even after an appeal is filed." United States v. Peters, 783 F.3d 1361, 1363 n.3 (11th Cir. 2015) (citing Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249-50 (11th Cir. 1982)).

The Eleventh Circuit has described the common scenario and the role of a supersedeas bond:

> When a judgment is appealed, both the winning and losing parties face risk in the period between the time judgment is entered and the time it is affirmed or reversed. The winning party seeks immediate satisfaction of the judgment because assets available at the time judgment is entered might disappear by the time it is affirmed. And the losing party seeks delayed satisfaction of judgment for a parallel reason: Assets available at the time judgment is entered might disappear by the time it is reversed. A supersedeas bond insures both parties against these respective risks. It permits a judgment debtor to "avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal" and "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

Alliant Tax Credit 31, Inc v. Murphy, 924 F.3d 1134, 1141 (11th Cir. 2019). "It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment

5

creditor and the judgment debtor." Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986). "Because of Rule 62[(b)]'s dual protective role, a full supersedeas bond should almost always be required." Hamlin v. Charter Twp. Of Flint, 181 F.R.D. 348, 352 (E.D. Mich. 1998)(citing Poplar Grove, 600 F.2d at 1190).

### III.

Defendants argue that a district court has discretion to stay execution of the Amended Judgment without requiring a supersedeas bond. (Doc. #587, p. 4.) While there is a split of authority as to whether a supersedeas bond is required, the Eleventh Circuit has held that the court has discretion "to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." Boyd, 781 F.2d at 1498. In theory, a "security arrangement" could include the absence of a bond. Indeed, district courts have found that a judge may depart from the general rule and allow the stay of execution without the posting of such a bond under special circumstances. See, e.g., St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, No. 8:06-cv-223-T-MSS, 2008 U.S. Dist. LEXIS 142452, at *5-6 (M.D. Fla. Sep. 18, 2008); Frasca v. NCL (Bahamas) Ltd., 2014 U.S. Dist. LEXIS 117859, 2014 WL 4206697, at *10 (S.D. Fla., Aug. 25, 2014); Chmielewski v. City of St. Pete Beach, 8:13-cv-3170-T-27MAP, 2016 WL 7438432, 2016 U.S. Dist. LEXIS 186168, at *2-3 (M.D. Fla. Sep. 16, 2016). Defendants, however, have not discussed Rule 62(b) or

any "security arrangement," therefore they can obtain no relief under that Rule.

Defendants' request to stay the execution of the judgment without making any security arrangement is premised on two related arguments. First, Defendants argue that TB Food's filing of a notice of appeal results in an automatic stay until its appeal is resolved. Second, Defendants argue that even if there is not an automatic stay, in this case TB Food cannot execute on the judgment under the acceptance of benefits theory. The Court rejects each argument.

First, relying upon Bronson v. La Crosse & M.R. Co., 68 U.S. 405, 409-10 (1863), Defendants contend in essence that where the prevailing party appeals the judgment in its favor, the appeal automatically suspends execution on the judgment. (Id., pp. 5, 15.) See also TVA v. Atlas Mach. & Iron Works, Inc., 803 F.2d 794, 797 (4th Cir. 1986)(interpreting Bronson to mean that "where the prevailing party is the first to take an appeal, no supersedeas bond can be required of the losing party when it subsequently files its own appeal, because the execution of the judgment has already been superseded by the prevailing party's appeal.").

The statement relied upon in Bronson was dicta, and was made long before the promulgation of the Federal Rules of Civil Procedure in general and Rule 62(b) in particular. Additionally, as noted above, the Eleventh Circuit has held that "an appeal does

not automatically stay the enforcement of a judgment." Escobio, 946 F.3d at 1251. This rule is no different where the notice of appeal was filed by the prevailing party, or as here, notices of appeal were filed by all parties. Additionally, unlike TVA, TB Food was not the first to take an appeal in this case. Thus, the Court concludes that the mere filing of a notice of appeal by a prevailing party does not result in an automatic stay of enforcement of a judgment. This is confirmed by the Eleventh Circuit's acceptance of benefits cases, discussed below.

Defendants argue that TB Food has done more than just appeal the Amended Judgment. Defendants argue that the issues TB Food will be raising are inconsistent with the validity of the Amended Judgment. Therefore, Defendants assert, TB Food should not be able to enforce the Amended Judgment as valid while attacking it on appeal without violating the federal common law acceptance of benefits rule.

The acceptance of benefits doctrine "provides that a party who voluntarily and knowingly accepts the benefits of judgment or decree cannot seek a reversal of the judgment or decree on appeal." Padurjan v. Aventura Limousine & Transp. Serv., No. 08-20128-CIV-HUCK/B, 2011 WL 13174298, 2011 U.S. Dist. LEXIS 161569, at *5-6 (S.D. Fla. June 3, 2011). Some courts have held that that a lower court judgment may be stayed without bond when the relief sought by the prevailing party on appeal is inconsistent with enforcement

8

of the lower court's judgment. See, e.g., Enserch Corp. v. Shand Morahan & Co., 918 F.2d 462 (5th Cir. 1990); BASF Corp. v. Old World Trading Co., 979 F.2d 615 (7th Cir. 1992); Trustmark Ins. Co. v. Gallucci, 193 F.3d 558, 559 (1st Cir. 1999). Defendants have cited no Eleventh Circuit case which has so held.

The Eleventh Circuit has been careful both in determining when there is an accepted benefit and when an appeal issue is inconsistent with a judgment. The Eleventh Circuit has "accepted the principle that when a court adjudicates separable or divisible controversies, the appealing party may accept the benefit of the divisible feature in his favor and challenge the portion adverse to him." Crawford v. Andrew Sys., Inc., 39 F.3d 1151, 1153 (11th Cir. 1994). Additionally, "[i]n the Eleventh Circuit, a party cannot be deemed to have accepted the benefits of a judgment unless his counterparty has offered a benefit for him to accept — generally in the form of payment in the judgment amount." Palmer Ranch Holdings Ltd. v. Comm'r, 812 F.3d 982, 995 (11th Cir. 2016). "It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." Crawford, 39 F.3d at 1153. Finally, Crawford suggests that if acceptance of the benefits is established, it is

9

the appeal which is barred, not the execution on the judgment. Id.

Defendants have not established that any of the issues which TB Food is anticipated to raise will be inconsistent with the Amended Judgment. Defendants have also not established that any benefits have been conferred on TB Food. Furthermore, Defendants have not cited any Eleventh Circuit authority establishing that the remedy is staying enforcement of the Amended Judgment, as opposed to forfeiture of an issue(s) on appeal. Defendants' motion is therefore denied.

Accordingly, it is hereby

**ORDERED:**

Defendants' Motion to Stay Execution of Judgment Pending Appeal (Doc. #587) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of February, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record